JUDGE KOELTL

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

12 CIV 5787

----------------------------------------------------------X

INDIAN HARBOR INSURANCE COMPANY,

    Plaintiff,

    -against-

THE CITY OF SAN DIEGO,

    Defendant.

----------------------------------------------------------X

Case No. _____

**COMPLAINT FOR**
**DECLARATORY RELIEF**

[RECEIVED JUL 27 2012 U.S.D.C. S.D.N.Y. CASHIERS stamp]

  Plaintiff, INDIAN HARBOR INSURANCE COMPANY, by and through its attorneys, Duane Morris LLP, as and for its Complaint against Defendant, THE CITY OF SAN DIEGO, hereby alleges as follows:

**NATURE OF ACTION**

  1. This is an action for declaratory judgment pursuant to 28 U.S.C. section 2201 and 28 U.S.C. section 2202, to determine the rights and duties, if any, between Indian Harbor Insurance Company and the City of San Diego, as set forth more fully below. Such relief is requested due to the existence of an actual controversy between the parties. Indian Harbor Insurance Company contends an actual controversy exists as to its obligations to defend and indemnify the City of San Diego. Specifically, Indian Harbor Insurance Company seeks a declaration that it has no duty to defend or indemnify the City of San Diego for claims made against the City of San Diego related to the following lawsuits: *The Grande North at Santa Fe Place Homeowners Assn. v. Bosa Development California, Inc., et al.*, Case No. 37-2009-00098057, San Diego Superior Court, California; *235 On Market Homeowners Assn. v. 235 Market LLC et al.*, Case No. 37-2011-00097434, San Diego Superior Court, California; and

*Element Owners Assn. v. Centex Homes et al.,* Case No. 37-2009-00087185, San Diego Superior Court, California.

## JURISDICTION AND VENUE

2. Plaintiff Indian Harbor Insurance Company ("Indian Harbor") is, and at all times mentioned herein was, a corporation incorporated under the laws of the State of North Dakota with its principal place of business located in Stamford, Connecticut.

3. Indian Harbor is informed and believes that Defendant, the City of San Diego (the "City"), is a chartered municipal corporation organized and existing by virtue of the laws of the State of California with its principal place of business located in San Diego, California.

4. Indian Harbor is not a citizen of the same state as the City, and the matter in controversy exceeds the sum of $75,000, exclusive of interest, attorney's fees, and costs. Therefore, this Court has jurisdiction pursuant to 28 U.S.C. section 1332.

5. This Court is a proper venue for this action under 28 U.S.C. section 1391 because the City is subject to personal jurisdiction in this District by agreement of the parties pursuant to the terms of the Policy. The Indian Harbor policy issued to the City contains the following provisions:

> **K.** **Jurisdiction and Venue** -- It is agreed that in the event of the failure of the Company to pay any amount claimed to be due hereunder, the Company and the INSURED will submit to the jurisdiction of the State of New York and will comply with all the requirements necessary to give such court jurisdiction. Nothing in this clause constitutes or should be understood to constitute a waiver of the Company's right to remove an action to the United States District Court.
>
> **L.** **Choice of Law** -- All matters arising hereunder including questions related to the validity interpretation, performance and enforcement of this Policy shall be determined in accordance with the law and practice of the State of New York (notwithstanding New York's conflicts of law rules.)

## GENERAL ALLEGATIONS

### The Policy

6.  Indian Harbor issued claims-made and reported pollution and remediation legal liability coverage to the California State Association of Counties pursuant to policy PEC002076401, effective July 1, 2009 to July 1, 2012 ("Policy"). (See Exhibit A attached.)

7.  The Policy contains limits of liability of $10,000,000 each POLLUTION CONDITION, $50,000,000 aggregate liability, and a $500,000 Self-Insured Retention applicable to each POLLUTION CONDITION. Per Endorsement #025, the Policy contains a sublimit of $10,000,000 each POLLUTION CONDITION, and a $10,000,000 total Aggregate Liability shall apply to each INSURED.

8.  Endorsement #005 to the Policy lists the City as an Additional Named Insured.

9.  Coverage A of the Policy for Pollution Legal Liability provides that:

The Company will pay on behalf of the INSURED for LOSS and related LEGAL EXPENSE resulting from any POLLUTION CONDITION on, at, under or migrating from any COVERED LOCATION, which the INSURED has or will become legally obligated to pay as a result of a CLAIM first made against the INSURED during the POLICY PERIOD and reported to the Company, in writing, by the INSURED, during the POLICY PERIOD or, where applicable, the EXTENDED REPORTING PERIOD.

10. The Policy's definition of LEGAL EXPENSE states in relevant part:

LEGAL EXPENSE does not include the time and expense incurred by the INSURED in assisting the investigation or resolution of a CLAIM or in connection with REMEDIATION EXPENSE, including but not limited to the costs of the INSURED'S in-house counsel, salary charges of regular employees or officials of the INSURED, and fees and expenses of supervisory counsel retained by the INSURED.

11. Section VI. of the Policy is entitled "LIMITS OF LIABILITY AND SELF-INSURED RETENTION" and provides in relevant part:

    **A.**    The Company will pay one hundred percent (100%) of all covered LOSS, REMEDIATION EXPENSE, LEGAL EXPENSE and any other coverages afforded by endorsement attached to this Policy in excess of the applicable Self-Insured Retention Amount stated in Item 4. of the Declarations and

3

        subject to the Limits of Liability stated in Item 3. of the Declarations and the other terms and conditions of this Policy.

   **B.**   The Self-Insured Retention Amount is borne by the INSURED and is not to be insured unless the Company has expressed its prior consent in writing to the FIRST NAMED INSURED. The applicable Self-Insured Retention Amount stated in Item 4. of the Declarations shall apply.

12.   Section VII. of the Policy is entitled "REPORTING, DEFENSE, SETTLEMENT AND COOPERATION." This Section provides in pertinent part:

   **A.**   As a condition precedent to the coverage hereunder, in the event any CLAIM is made against the INSURED for LOSS or REMEDIATION EXPENSE, or any POLLUTION CONDITION is first discovered by the INSURED that results in a LOSS or REMEDIATION EXPENSE:

        1.   The INSURED shall forward to the Company or to any of its authorized agents every demand, notice, summons, order or other process received by the INSURED or the INSURED's representative as soon as practicable; and

        2.   The INSURED shall provide to the Company, whether orally or in writing, notice of the particulars with respect to the time, place and circumstances thereof, along with the names and addresses of the injured and of available witnesses. In the event of oral notice, the INSURED agrees to furnish to the Company a written report as soon as practicable.

13.   Section IX. of the Policy is entitled "CONDITIONS" and provides in relevant part as follows:

   **K.**   **Jurisdiction and Venue** -- It is agreed that in the event of the failure of the Company to pay any amount claimed to be due hereunder, the Company and the INSURED will submit to the jurisdiction of the State of New York and will comply with all the requirements necessary to give such court jurisdiction. Nothing in this clause constitutes or should be understood to constitute a waiver of the Company's right to remove an action to the United States District Court.

   **L.**   **Choice of Law** -- All matters arising hereunder including questions related to the validity interpretation, performance and enforcement of this Policy shall be determined in accordance with the law and practice of the State of New York (notwithstanding New York's conflicts of law rules.)

## The Grande North Claim

14. Indian Harbor is informed and believes that The Grande North at Santa Fe Place Homeowners Association ("Grande North") alleges that piping throughout its 38-story condominium building has been eroded by hydrogen sulfide gas (a natural byproduct of sewage) emanating from the City's 36" sewer main (the "Grande North Claim"). The erosion of the pipes has allegedly caused numerous plumbing and other problems through the building, which Grande North alleges requires replacement of the pipes.

15. Indian Harbor is informed and believes that, on August 13, 2009, the City received notice of the Grande North Claim in a form filed by Grande North with the City entitled "Claim Against the City of San Diego." The City denied the Grande North Claim on August 24, 2009.

16. Subsequently, on or about September 9, 2009, Grande North filed the lawsuit on the Grande North Claim entitled *The Grande North at Santa Fe Place Homeowners Association v. Bosa Development California, Inc., et al.*, Case No. 37-2009-00098057, San Diego Superior Court, California, against the City and the building's developer, Bosa Development California, Inc. ("*Grande North* lawsuit"). As against the City, the complaint contains causes of action for Inverse Condemnation, Dangerous Condition, Nuisance, Trespass, and Injunctive Relief. The lawsuit seeks costs for correction of the alleged problems, damages for diminution in value, relocation costs, and certain repairs.

17. Indian Harbor is informed and believes that the City is defending itself against the *Grande North* lawsuit through the City counsel's office.

18. On March 26, 2012, two years and seven months after Grande North submitted the "Claim Against the City of San Diego," first notice of the Grande North Claim was provided to Indian Harbor.

19. On April 4, 2012, Indian Harbor sent a letter to the City, acknowledging receipt of notice of the Grande North Claim, reserving rights on a variety of bases, and requesting information.

20. After investigating the Grande North Claim and on July 27, 2012, Indian Harbor disclaimed coverage for the Grande North Claim, citing late notice of the claim, and Indian Harbor reserved the right to disclaim coverage based on other relevant Policy provisions.

### The 235 On Market Claim

21. Indian Harbor is informed and believes that, on or about May 19, 2011, the 235 On Market Homeowners Association ("235 On Market") submitted a "Claim Against the City of San Diego," which alleged a significant odor and corrosion problem in its building's waste and vent system directly attributable to sewer gases containing hydrogen sulfide (among other things) originating in the City sewer main (the "235 On Market Claim"). The City denied the 235 On Market Claim on June 23, 2011. On or about September 2, 2011, 235 On Market filed a lawsuit on the 235 On Market Claim against the City and developer in the case entitled *235 On Market Homeowners Assn. v. 235 Market LLC et al.*, Case No. 37-2011-00097434, San Diego Superior Court, California ("*235 On Market* lawsuit").

22. Indian Harbor is informed and believes that the City is defending itself against the *235 On Market* lawsuit through the City counsel's office.

23. On May 25, 2012, over one year after 235 On Market submitted the "Claim Against the City of San Diego," first notice of the 235 On Market Claim was provided to Indian Harbor.

24. On June 7, 2012, Indian Harbor sent a letter to the City, acknowledging receipt of notice of the 235 On Market Claim, reserving rights on a variety of bases, and requesting information.

25. After investigating the 235 On Market Claim and on July 27, 2012, Indian Harbor disclaimed coverage for the 235 On Market Claim, citing late notice of the claim, and Indian Harbor reserved the right to disclaim coverage based on other Policy provisions.

### The Centex Claim

26. Indian Harbor is informed and believes that, on or about April 17, 2009, Element Owners Association filed a lawsuit against Centex Homes, Centex Real Estate Corporation, Centex Construction Company, Inc. and Balfour Beatty Construction Company (collectively "Centex") and others, alleging various construction defects related to an eight-story condominium building. This lawsuit is entitled *Element Owners Assn. v. Centex Homes et al.*, Case No. 37-2009-00087185, San Diego Superior Court, California ("*Centex* lawsuit").

27. Indian Harbor is informed and believes that, pursuant to the *Centex* lawsuit, on March 28, 2012, Centex sent the City a letter that enclosed a "Claim Against the City of San Diego" and alleged that crystallization on the building's piping was caused by hydrochloric gas emanating from the City's sewer system (the "Centex Claim"). Indian Harbor is informed and believes that Centex meant "hydrogen sulfide gas" instead of "hydrochloric gas." The City formally denied the Centex Claim on May 11, 2012.

28. Indian Harbor is informed and believes that the City is defending itself against the Centex Claim through the City counsel's office.

29. On May 25, 2012, almost two months after Centex submitted the "Claim Against the City of San Diego," first notice of the Centex Claim was provided to Indian Harbor.

30. On June 7, 2012, Indian Harbor sent a letter to the City, acknowledging receipt of notice of the Centex Claim, reserving rights on a variety of bases, and requesting information.

31. After investigating the Centex Claim and on July 27, 2012, Indian Harbor disclaimed coverage for the Centex Claim, citing late notice of the claim, and Indian Harbor reserved the right to disclaim coverage based on other Policy provisions.

## FIRST COUNT

### (Declaratory Judgment – No Duty to Defend or Indemnify Due To Late Notice)

32. Indian Harbor refers to and incorporates herein by reference paragraphs 1 through 31 inclusive, as though set forth in full herein.

33. The Policy requires as a condition precedent to coverage that the City provide Indian Harbor with notice of a Claim as soon as practicable.

34. Indian Harbor contends that it is not obligated to defend or indemnify the City against the Grande North Claim, the 235 On Market Claim, or the Centex Claim (collectively "Underlying Claims") based on the City's failure to provide notice as soon as practicable.

35. An actual controversy exists between Indian Harbor, on the one hand, and the City, on the other hand, that involves the rights and obligations of Indian Harbor to any past, present or continuing duty to defend or indemnify the City against the Underlying Claims. This controversy is within the jurisdiction of this Court and can be resolved by a declaratory judgment of this Court and without the involvement of other suits.

36. Indian Harbor desires a judicial determination of its rights and duties with respect to Indian Harbor's duty, if any, to defend or indemnify the City against the Underlying Claims. Specifically, Indian Harbor desires a judicial declaration that Indian Harbor does not have a duty to defend or indemnify the City against the Underlying Claims due to the City's late notice.

## PRAYER

WHEREFORE, Indian Harbor prays for judgment as follows:

1.  That this Court determine and adjudicate the rights, duties and obligations of the parties with respect to the policy of insurance described in this Complaint and the Underlying Claims;

2.  On the First Count: for a judicial declaration that Indian Harbor does not have a duty to defend or indemnify the City against the Underlying Claims due to the City's late notice;

3.  For expenses and costs of suit incurred herein; and

4.  For such other and further relief as the Court deems just and proper under the circumstances.

Dated: July 27, 2012

**DUANE MORRIS LLP**

Attorneys for Plaintiff Indian Harbor Insurance Company

By: *(signature)*

Christine Megna Van Gelder
Jessica A. Bohl (admission pending)
DUANE MORRIS LLP
1540 Broadway
New York, NY 10036
Tel. (212) 692-1000
Fax. (212) 692-1020
cmvangelder@duanemorris.com
jabohl@duanemorris.com

**DUANE MORRIS LLP**
Attorneys for Plaintiff Indian Harbor Insurance Company

Max H. Stern (*pro hac vice* to be submitted)
Jessica E. La Londe (*pro hac vice* to be submitted)
DUANE MORRIS LLP
One Market, Spear Tower, Suite 2000
San Francisco, CA 94105-1104
Telephone: 415.957.3000
Facsimile: 415.957.3001
mhstern@duanemorris.com
jelalonde@duanemorris.com

## LOCAL CIV. RULE 1.6 CERTIFICATION

    I hereby certify that the matter in controversy is not, to my knowledge, the subject of any other pending action or arbitration proceeding. _____