**UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF NEW YORK**

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
INDIAN HARBOR INSURANCE                 :
COMPANY,                                :
                                        :
        Plaintiff,                      :
                                        :       Case No. 12cv-5787 (JGK –KNF)
        - against -                     :          ECF Case
                                        :
THE CITY OF SAN DIEGO,                  :
                                        :
        Defendant                       :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - --X
```

**MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION TO DISMISS FOR LACK OF**
**PERSONAL JURISDICTION AND FOR IMPROPER VENUE**

Jan I. Goldsmith, City Attorney
Christine Leone
Chief Deputy City Attorney
Land Use Litigation
Office of the San Diego
City Attorney
1200 Third Ave., Suite 1100
San Diego, CA 92101
Ph. (619) 533-6392
Fax (619) 533-5856
*PRO HAC VICE*

## Table of Contents

I.      Preliminary Statement.................................................................................................... 1

II.     Standard of Review......................................................................................................... 2

III.    Argument ........................................................................................................................ 3

    A.  The Insurance Policy's "Jurisdiction and Venue" Clause Does Not
       Confer On This Court Personal Jurisdiction Over The City...................................3

    B.  The Action Should Be Dismissed for Improper Venue..........................................7

IV.     Conclusion ...................................................................................................................... 8

## TABLE OF AUTHORITIES

<u>**Cases**</u>

*Animal Film, LLC v. D.E.J. Productions, Inc.*
193 Cal. App. 4th 466, 471-72 (2011) ................................................................................ 7

*BlueTarp Financial, Inc. v. Melloul Blamey Construction S.C., Ltd.*
846 F.Supp.2d 307, 313-314 (D. Maine 2012) ................................................................... 4

*Chloe v. Queen Bee of Beverly Hills, LLC*
616 F.3d 158, 163 (2d Cir. 2010) ........................................................................................ 2

*Credit Lyonnais Securities (USA), Inc. v. Alcantara*
183 F.3d 151, 153 (2d Cir. 1999) ........................................................................................ 3

*Dinallo v. Dunav Ins. Co.*, 672 F.Supp.2d 368, 370 (S.D.N.Y. 2009) ............................. 5

*Dornoch Ltd. v. PBM Holdings, Inc.*
666 F.Supp.2d 366, 368 (S.D.N.Y. 2009) .......................................................................... 6

*French Transit, Ltd. v. Modern Coupon Systems, Inc.*
858 F. Supp. 22, 25 (S.D.N.Y. 1994) .................................................................................. 2

*GMAC Commercial Mortgage Corp. v. LaSalle Bank Nat'l Ass'n*
242 F.Supp.2d 279, 281 (S.D.N.Y. 2002) .......................................................................... 6

*Heyco, Inc. v. Heyman*
636 F.Supp. 1545, 1547-48 (S.D.N.Y. 1986) ..................................................................... 7

*Illinois Union Ins. Co. v. NRG Energy, Inc.*
No. 10 Civ. 5743 (BJS)(DCF), 2010 U.S. Dist. LEXIS 130677, at *3-5, 2010 WL 5187749, at
*1-2 (S.D.N.Y. Dec. 6, 2010) .............................................................................................. 4

*LaSalle Bank Nat'l Ass'n v. Nomura Asset Capital Corp.*
424 F.3d 195, 206 (2d Cir. 2005) ........................................................................................ 4

*Lavan Petroleum Co. v. Underwriters at Lloyds*
334 F.Supp. 1069, 1073 (S.D.N.Y. 1971) .......................................................................... 5

*M/S Bremen v. Zapata Off-Shore Co.*
407 U.S. 1, 10-11, 92 S. Ct. 1907, 32 L. Ed. 2d 513 (1972) .............................................. 3

*National Equipment Rental, Ltd. v. Szukhent*
375 U.S. 311, 316, 84 S. Ct. 411, 11 L. Ed. 2d 354 (1964) ............................................... 3

*Penguin Group (USA) Inc. v. American Buddha*
609 F.3d 30, 34 (2d Cir. 2010)............................................................................ 2

*Perini Corp. v. Orion Ins. Co.*
331 F.Supp. 453, 454 (E.D. Cal. 1971)............................................................... 6

*Rabbi Jacob Joseph School v. Province of Mendoza*
342 F.Supp.2d 124, 130 (E.D.N.Y. 2004) .......................................................... 5

*Rogen v. Memry Corp.*
886 F.Supp. 393, 395 (S.D.N.Y. 1995)............................................................ 3, 4

*Safety Software Ltd. v. Rivo Software, Inc.*
No. 11 Civ. 7433 (KBF) , 2012 U.S. Dist. LEXIS 53209, at *17, 2012 WL 1267889, at *5
(S.D.N.Y. April 11, 2012)..................................................................................... 3

*Travelers Ins. Co. v. Keeling*
No. 91 Civ. 7753 (JFK), 1993 U.S. Dist. LEXIS 491 at *2-3 (S.D.N.Y. January
19, 1993) ............................................................................................................... 5

**Statutes**

28 U.S.C. § 1391(b) ................................................................................................. 7

28 U.S.C. § 1391(b)(1) ............................................................................................ 7

28 U.S.C. § 1391(c)(2) ............................................................................................ 7

Fed. R. Civ. P. 12(b)(2) ........................................................................................... 7

Fed. R. Civ. P. 12(b)(3) ........................................................................................ 2, 7

Defendant CITY OF SAN DIEGO (the "City") respectfully submits the following memorandum of law in support of its motion to dismiss for lack of personal jurisdiction and for improper venue:

## I.

## PRELIMINARY STATEMENT

Plaintiff Indian Harbor Insurance Company ("Indian Harbor"), a North Dakota corporation with its principal place of business in Connecticut, brings this action against the City of San Diego, a California municipality, for a declaration of its rights under an insurance policy. Indian Harbor seeks a judicial declaration that it does not have a duty to defend or indemnify the City against two lawsuits filed against the City in San Diego Superior Court and a third claim asserted against the City in San Diego. The only basis asserted by Indian Harbor for the exercise by this Court of personal jurisdiction over the City and for laying venue in this federal district court is the "agreement of the parties" expressed in two clauses in the policy, which provide as follows:

> K. **Jurisdiction and Venue** – It is agreed that in the event of the failure of the Company to pay any amount claimed to be due hereunder, the Company and the INSURED will submit to the jurisdiction of the State of New York and will comply with all the requirements necessary to give such court jurisdiction. Nothing in this clause constitutes or should be understood to constitute a waiver of the Company's right to remove an action to a United States District Court.

> L. **Choice of Law** – All matters arising hereunder including questions related to the validity interpretation, performance and enforcement of this Policy shall be determined in accordance with the law and practice of the State of New York (notwithstanding New York's conflicts of law rules).

(First Amended Complaint ("FAC"), ¶ 5; Exh. A, p. 13.)[1] (Underscore added.)

---

[1] References herein to "FAC" are to Indian Harbor's First Amended Complaint for Declaratory Relief filed herein on August 14, 2012 (Docket No. 9), and to Exhibit A attached thereto.

1

Necessarily therefore, the alleged basis for both personal jurisdiction and venue is "consent." However, as further discussed below, the City did not consent to personal jurisdiction or venue in this Court, but rather agreed to the non-exclusive jurisdiction of New York state courts. Under applicable law, the City's agreement to submit to non-exclusive jurisdiction in New York state courts does not confer personal jurisdiction over the City in this federal district court, nor make venue proper in this Court. Having alleged no other factual basis on which personal jurisdiction and venue in this Court can be premised, Indian Harbor has failed to make the requisite prima facie showing entitling it to maintain the action in this Court. As a necessary result, the First Amended Complaint should be dismissed for lack of personal jurisdiction and for improper venue.

## II.

## STANDARD OF REVIEW

A plaintiff bears the burden of demonstrating personal jurisdiction over an entity against whom it seeks to bring suit. *Penguin Group (USA) Inc. v. American Buddha*, 609 F.3d 30, 34 (2d Cir. 2010). To survive a motion to dismiss for lack of personal jurisdiction, the plaintiff must make a prima facie showing that jurisdiction exists. *Id*. at 34-35. Plaintiff's prima facie showing must include an averment of facts that, if credited by the trier of fact, would suffice to establish jurisdiction over the defendant. *Chloe v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 163 (2d Cir. 2010).

Similarly, once an objection to venue has been raised on a motion to dismiss under Fed. R. Civ. P. 12(b)(3), a plaintiff bears the burden of making a prima facie showing of proper venue. *French Transit, Ltd. v. Modern Coupon Systems, Inc.*, 858 F. Supp. 22, 25 (S.D.N.Y.

1994); *Safety Software Ltd. v. Rivo Software, Inc.,* No. 11 Civ. 7433 (KBF), 2012 U.S. Dist.

LEXIS 53209, at *17, 2012 WL 1267889, at *5 (S.D.N.Y. April 11, 2012).

## III.

## ARGUMENT

A.       **The Insurance Policy's "Jurisdiction and Venue" Clause Does Not**

**Confer On This Court Personal Jurisdiction Over The City**

A motion to dismiss under Fed. R. Civ. P. 12(b)(2) may test a plaintiff's "theory of

jurisdiction." *Credit Lyonnais Securities (USA), Inc. v. Alcantara,* 183 F.3d 151, 153 (2d Cir.

1999). In that regard, the *sole* basis asserted by Indian Harbor for this Court's exercise of

personal jurisdiction over the City is the "Jurisdiction and Venue" clause of the subject insurance

policy.[2] (FAC, ¶ 5; Exh. A, p. 13.) A contractual consent to jurisdiction clause can, of course,

provide a court with the basis to exercise personal jurisdiction over the defendant. *See National*

*Equipment Rental, Ltd. v. Szukhent,* 375 U.S. 311, 316, 84 S. Ct. 411, 11 L. Ed. 2d 354 (1964)

("parties to a contract may agree in advance to submit to the jurisdiction of a <u>given</u> court")

(underscore added); *M/S Bremen v. Zapata Off-Shore Co.,* 407 U.S. 1, 10-11, 92 S. Ct. 1907, 32

L. Ed. 2d 513 (1972); *Rogen v. Memry Corp.,* 886 F.Supp. 393, 395 (S.D.N.Y. 1995). However,

the City did not, by the Jurisdiction and Venue clause in the subject policy, submit to the

jurisdiction of this federal district court. Rather, the City agreed that it would, under the

circumstances specified therein, "submit to the jurisdiction <u>of the State of New York</u> and will

comply with all the requirements necessary to give <u>such court</u> jurisdiction." (Underscore added.)

---

[2] The facts as alleged in the First Amended Complaint clearly do not support and in fact belie the notion
that personal jurisdiction exists on any other traditional basis, *i.e.*, domicile or presence. In that regard, Indian
Harbor alleges facts demonstrating that the City is domiciled in California. (FAC, ¶ 3.) Further, service of the First
Amended Complaint was not effected in New York, but in California. (*See* Proof of Service dated 08/16/12, Docket
No. 10.) Moreover, Plaintiff has alleged no facts establishing minimum contacts of the City with New York under
the state's long-arm statute, N.Y. C.P.L.R. § 302.

3

Therefore, the City agreed to submit to the jurisdiction of New York state courts, and it is clear that contractual consent to the jurisdiction of a designated state's courts does not constitute consent to the jurisdiction of the federal district courts in that state. *See BlueTarp Financial, Inc. v. Melloul Blamey Construction S.C., Ltd.*, 846 F.Supp.2d 307, 313-314 (D. Maine 2012) (consent to the jurisdiction of the "courts of the State of Maine" was not consent to the jurisdiction of federal courts in Maine); *Illinois Union Ins. Co. v. NRG Energy, Inc.*, No. 10 Civ. 5743 (BJS)(DCF), 2010 U.S. Dist. LEXIS 130677, at *3-5, 2010 WL 5187749, at *1-2 (S.D.N.Y. Dec. 6, 2010) (forum selection clause providing, as herein, that parties "will submit to the jurisdiction of the State of New York" referred to New York state court and not the federal district court in New York); *see also Rogen v. Memry Corp.*, *supra*, 886 F.Supp. at 396 (forum selection clause designating "[t]he legal tribunals of the State of New York" rendered venue in the federal district court for the Southern District of New York improper).

The final sentence of the policy's Jurisdiction and Venue clause states that "[n]othing in this clause constitutes or should be understood to constitute a waiver of the Company's right to remove an action to a United States District Court." That sentence clearly confirms the conclusion reached by the court in *Illinois Union, supra*, that an agreement that the parties "will submit to the jurisdiction of the State of New York" refers to New York state court and not the United States District Court for the Southern District of New York. The inclusion of this anti-waiver provision clearly implies that the courts referred to in the preceding sentence are state courts of New York, rather than federal courts in New York. Moreover, if the reference in the preceding sentence to the "jurisdiction of the State of New York" included federal district courts in addition to New York state courts, the final sentence would be superfluous. *See LaSalle Bank Nat'l Ass'n v. Nomura Asset Capital Corp.*, 424 F.3d 195, 206 (2d Cir. 2005) (contract

4

interpretation "that has 'the effect of rendering at least one clause superfluous or meaningless . . . is not preferred and will be avoided if possible.'" (Citation omitted.)

Indian Harbor's purpose for including the final sentence in the clause appears to be self-evident in light of case law addressing the issue of waiver of the right of removal. Though entitled "Jurisdiction and Venue", the clause is worded substantially in the form of a "Service of Suit" clause typically appearing in other insurance policies. (*See, e.g.*, the substantially similar clauses described in *Dinallo v. Dunav Ins. Co.*, 672 F.Supp.2d 368, 370 (S.D.N.Y. 2009); *Travelers Ins. Co. v. Keeling*, No. 91 Civ. 7753 (JFK), 1993 U.S. Dist. LEXIS 491 at *2-3 (S.D.N.Y. January 19, 1993); *Lavan Petroleum Co. v. Underwriters at Lloyds*, 334 F.Supp. 1069, 1073 (S.D.N.Y. 1971)). The purpose of such service of suit clauses is to compel an insurer "'to submit to the forum of the insured's choice to recover proceeds under the policy.'" *Rabbi Jacob Joseph School v. Province of Mendoza*, 342 F.Supp.2d 124, 130 (E.D.N.Y. 2004) (citation omitted); *Perini Corp. v. Orion Ins. Co.*, 331 F.Supp. 453, 454 (E.D. Cal. 1971).[3] Such clauses "have long been held to waive unequivocally the defendant's right of removal." *Travelers Ins. Co. v. Keeling*, *supra*, at *12-13; *see also Dinallo*, *supra*, at 370. It seems likely, therefore, that the final sentence of the Jurisdiction and Venue clause was added by Indian Harbor to prevent any risk of waiver based upon long-standing precedent applicable to similarly-worded "Service of Suit" clauses. However, it does not follow that because Indian Harbor chose to add this final sentence, preserving *its* right to remove to federal court a case filed against it in New York state court, the City consented to being sued in New York federal district court.

---

[3] The Jurisdiction and Venue clause in Indian Harbor's policy commences with "[i]t is agreed that in the event of the failure of the Company to pay any amount claimed to be due hereunder . . ." Clearly the clause was written in contemplation of a suit by an insured.

5

Pursuant to the Jurisdiction and Venue clause, the City agreed to submit to the jurisdiction of "the State of New York." It did not consent to being sued by Indian Harbor in federal district court in New York. Indian Harbor should be held to the agreement that it drafted.[4]

Therefore, as permitted by the Jurisdiction and Venue clause, Indian Harbor could have filed this declaratory relief action in New York state court. Alternatively, because the clause is permissive, Indian Harbor could have filed the action in state court in San Diego, California, where the City "resides" and the underlying actions and claims that Indian Harbor seeks not to defend are pending. Or, in light of the alleged diversity between the parties and the amount in controversy, Indian Harbor could have initiated this action in the federal district court in San Diego. It did none of these things. Instead, on July 27, 2012, *the very same day it issued its coverage disclaimer letters to the City* (FAC, at ¶¶ 20, 25, 31), Indian Harbor filed an action in a court that the City had not consented to and which does not otherwise have personal jurisdiction over the City (See Complaint filed on July 27, 2012, Docket No. 1). *See BlueTarp Financial, Inc., supra.*

Indian Harbor has failed to make a prima facie showing that this Court has personal jurisdiction over the City. Because the City did not consent to personal jurisdiction in this Court and no other basis for personal jurisdiction has been alleged or exists, plaintiff's First Amended Complaint should be dismissed for lack of personal jurisdiction over this defendant.

---

[4] If Indian Harbor had intended the provision to apply to federal courts as well as state courts in New York, it could easily have said so. *See, e.g., GMAC Commercial Mortgage Corp. v. LaSalle Bank Nat'l Ass'n*, 242 F.Supp.2d 279, 281 (S.D.N.Y. 2002) (agreement's forum selection clause referred to "the courts of the State of New York sitting in the borough of Manhattan or of the United States District Court for the Southern District of New York") (underscore added); *Dornoch Ltd. v. PBM Holdings, Inc.*, 666 F.Supp.2d 366, 368 (S.D.N.Y. 2009) (policy stated that the insured and insurer "irrevocably consent to the jurisdiction of the United States District Court and the State courts of New York") (underscore added).

**B.**   <u>The Action Should Be Dismissed for Improper Venue[5]</u>

Pursuant to the general venue statute, 28 U.S.C. § 1391(b), a civil action may be brought

in:

> (1) a judicial district in which any defendant resides, if all defendants are residents
> of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving
> rise to the claim occurred, or a substantial part of property that is the subject of
> the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided
> in this section, any judicial district in which any defendant is subject to the court's
> personal jurisdiction with respect to such action.

Because the City, the sole defendant herein, is not subject to the personal jurisdiction of

this Court with respect to this action (*see* Section A, *supra*), it is not a resident[6] in this district,

such that venue in this district does not lie under 28 U.S.C. § 1391(b)(1).   With respect to §

1391(b)(2), Indian Harbor has failed to allege facts suggesting that *any*, let alone a substantial

part, of the events or omissions giving rise to its claim against the City occurred in this judicial

district, such that venue clearly does not lie in this district under subsection (b)(2).   Finally,

because the City is not subject to this Court's personal jurisdiction with respect to this action,

venue does not lie in this district under § 1391(b)(3).

---

[5] The City has heretofore filed an action against Indian Harbor in the Superior Court of the State of California for the County of San Diego, seeking to enforce the terms of the subject insurance policy. (*See* Request for Judicial Notice; Exh. B). Thus, dismissal, not transfer, is appropriate.  Although not relevant to the determination of this motion, the City would note that Indian Harbor cannot be heard to complain that the City has filed in California rather than New York state court.  The policy's Jurisdiction and Venue clause is permissive rather than mandatory, meaning it requires submission to the jurisdiction of the New York state courts but does not mandate jurisdiction solely in New York.  *See Animal Film, LLC v. D.E.J. Productions, Inc.*, 193 Cal. App. 4th 466, 471-72 (2011) (clause stating parties "submit and consent to the jurisdiction of the courts present in the state of Texas" was permissive rather than mandatory because it provided for "submission to jurisdiction in Texas and does not mandate litigation exclusively in Texas"); *Heyco, Inc. v. Heyman*, 636 F.Supp. 1545, 1547-48 (S.D.N.Y. 1986) (clause providing parties "hereby submit to the personal jurisdiction of the courts . . . of the State of New Jersey" empowered designated court to adjudicate dispute but did not designate it as the exclusive forum).

[6] 28 U.S.C. § 1391(c)(2) provides that, for venue purposes, an entity with the capacity to be sued in its common name under applicable law shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question.

7

For all of these reasons, venue in this federal district court is improper, and Indian Harbor's First Amended Complaint should therefore be dismissed.

## IV.

## CONCLUSION

For all of the foregoing reasons, the City respectfully requests that Indian Harbor's First Amended Complaint be dismissed, in its entirety.

DATED:  October 2, 2012                           CITY OF SAN DIEGO

Attorneys for Defendant
City of San Diego

By:      s/Christine Leone

Christine Leone
Chief Deputy City Attorney
Land Use Litigation
Office of the San Diego
City Attorney
1200 Third Ave., Suite 1100
San Diego, CA 92101
Ph. (619) 533-6392
Fax (619) 533-5856
E-mail: leonec@sandiego.gov
*PRO HAC VICE*