**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------X

INDIAN HARBOR INSURANCE COMPANY,

                           Plaintiff,

               -against-

THE CITY OF SAN DIEGO,

                       Defendant.

------------------------------------------------------------X

Case No. 12 CIV 5787 (JGK)
      ECF Case

**INDIAN HARBOR INSURANCE COMPANY'S MEMORANDUM OF LAW IN OPPOSITION TO THE CITY OF SAN DIEGO'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND FOR IMPROPER VENUE**

Courtroom:   12B
Judge:       Hon. John G. Koeltl

Complaint Filed:  July 27, 2012
F.A.C. Filed:     August 14, 2012

## INDIAN HARBOR INSURANCE COMPANY'S MEMORANDUM OF LAW IN OPPOSITION TO THE CITY OF SAN DIEGO'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND FOR IMPROPER VENUE

Dated: October 22, 2012

Max H. Stern (*pro hac vice*)
Jessica E. La Londe (*pro hac vice*)
DUANE MORRIS LLP
One Market, Spear Tower, Suite 2000
San Francisco, CA 94105-1104
Telephone: 415.957.3000
Facsimile: 415.957.3001
mhstern@duanemorris.com
jelalonde@duanemorris.com

Jessica A. Bohl
DUANE MORRIS LLP
1540 Broadway
New York, NY 10036
Tel. (212) 692-1000
Fax. (212) 692-1020
jabohl@duanemorris.com

Attorneys for Plaintiff Indian Harbor Insurance Company

# TABLE OF CONTENTS

**Page**

INTRODUCTION ................................................................................................................1

BACKGROUND ................................................................................................................2

I.      Insurance Policy .....................................................................................................2

II.     Claims Giving Rise to This Lawsuit ......................................................................3

III.    Procedural History .................................................................................................3

        A.      Indian Harbor Files This Lawsuit ............................................................. 3

        B.      The City Files a California Lawsuit .......................................................... 4

        C.      The City Files Motion to Dismiss This Lawsuit ...................................... 4

        D.      Indian Harbor Files New York State Lawsuit .......................................... 5

ARGUMENT ....................................................................................................................5

I.      This Case Should Not Be Dismissed Because There is Personal Jurisdiction Over
        the City Through the Forum Selection Clause of the Policy ..................................6

        A.      General Rules ............................................................................................ 6

        B.      The Forum Selection Clause Confers Jurisdiction Over the City in This
                Court .......................................................................................................... 7

        C.      The Removal Language in the Forum Selection Clause Is Not Superfluous ....... 11

II.     This Case Should Not Be Dismissed on the Grounds of Venue Because There is
        Personal Jurisdiction Over the City Through the Forum Selection Clause of the
        Policy ......................................................................................................................14

CONCLUSION ................................................................................................................16

# TABLE OF AUTHORITIES

**Cases**                                                                    **Page(s)**

*American Home Assurance Co. v. Republic Ins. Co.*,
    984 F.2d 76 (2d Cir. 1993)..................................................................................6

*Argo Corp. v. Greater N.Y. Mut. Ins. Co.*,
    4 N.Y.3d 332 (2005) .........................................................................................5

*Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*,
    305 F.3d 120 (2d Cir. 2002)..............................................................................8

*Brooke Group v. JCH Syndicate, 488*,
    87 N.Y.2d 530 (1996) ......................................................................................13

*In re Clarendon National Ins. Co.*,
    Case No. 00-9222, 2001 U.S. Dist. LEXIS 13736 (S.D.N.Y. Sept. 6, 2001).........10

*Coregis Ins. Co. v. American Health Found.*,
    241 F.3d 123 (2d Cir. 2001)..........................................................................7, 10

*Dinallo v. Dunav Ins. Co.*,
    672 F.Supp.2d 368 (S.D.N.Y. 2009)............................................................12-13

*Hugo Boss Fashions, Inc. v. Fed. Ins. Co.*,
    252 F.3d 608 (2d Cir. 2001)............................................................................7-8

*Illinois Union Insurance Company v. NRG Energy, Inc.*,
    Case No. 10-5743, 2010 U.S. Dist. LEXIS 130677 (S.D.N.Y. Dec. 4, 2010) ........10-11

*Indian Harbor Ins. Co. v. Factory Mut. Ins. Co.*,
    419 F.Supp.2d 395 (S.D.N.Y. 2005)...................................................................9

*Instead, Inc. v. ReProtect, Inc.*,
    349 Fed. Appx. 631 (2d Cir. N.Y. 2009) ............................................................7

*Karl Koch Erecting Co. v. New York Convention Center Dev. Corp.*,
    838 F.2d 656 (2d Cir. 1988)..............................................................................7

*Lavan Petroleum Co. v. Underwriters at Lloyds*,
    334 F.Supp.1069 (S.D.N.Y. 1971) ...................................................................13

*M/S Bremen v. Zapata Off-Shore Co.*,
    407 U.S. 1 (1972)...............................................................................................6

*Medical Dev. Mgmt. v. New You Publ'g, LLC*,
    Case No. 11-8438, 2012 U.S. Dist. LEXIS 139466 (S.D.N.Y. Sept. 25, 2012)........15

*Metro. Life Ins. Co. v. RJR Nabisco, Inc.,*
  906 F.2d 884 (2d Cir. 1990)..................................................................................7

*Nabutovsky v Burlington Ins. Co.,*
  81 A.D.3d 615 (N.Y. App. Div. 2d Dep't 2011) ....................................................6

*Nat'l Equip. Rental, Ltd. v. Szukhent,*
  375 U.S. 311 (1964)............................................................................................6

*Perini Corp. v. Orion Ins. Co.,*
  331 F.Supp.453 (E.D. Cal. 1971).........................................................................13

*Rabbi Jacob Joseph Sch. v. Province of Mendoza,*
  342 F.Supp.2d 124 (E.D.N.Y. 2004) ....................................................................13

*Reliance Insurance Company v. Six Star, Inc.,*
  155 F.Supp.2d 49 (S.D.N.Y. 2001) ..............................................................8-9, 11

*Rockland Exposition, Inc. v. Great Am. Assur. Co.,*
  445 Fed.Appx. 387 (2d Cir. 2011)........................................................................5

*Rogen v. Memry Corporation,*
  886 F.Supp. 393 (S.D.N.Y. 1995) .......................................................................11

*Stiefel v. Private Label Sourcing, LLC,*
  Civ. No. 10-2636, 2011 U.S. Dist. LEXIS 35619 (D.N.J. Mar. 31, 2011).............9

*The Forschner Group, Inc. v. B-Line A.G.,*
  943 F.Supp. 287 (S.D.N.Y. 1996) ...............................................................7, 10-11

*Travelers Ins. Co. v. Keeling,*
  Case No. 91-7753, 1993 U.S. Dist. LEXIS 491 (S.D.N.Y. Jan. 19, 1993)............13

*Travelers Ins. Co. v. Keeling,*
  996 F.2d 1485 (2d Cir. 1993)...............................................................................13

*U.S. Fidelity & Guar. Co. v. Annunziata,*
  67 N.Y.2d 229 (1986) ..........................................................................................7

*United Nat'l Ins. Co. v. Waterfront N.Y. Realty Corp.,*
  994 F.2d 105 (2d Cir. 1993).................................................................................7

**Statutes**

28 U.S.C. § 1391.................................................................................................14
28 U.S.C. §1391(c) .............................................................................................15
28 U.S.C. § 1391(c)(2).........................................................................................15
New York General Obligations Law § 5-1402........................................................8
New York Insurance Statute § 3420 .....................................................................5

Plaintiff Indian Harbor Insurance Company ("Indian Harbor") respectfully submits this memorandum of law in opposition to the Motion to Dismiss brought by Defendant City of San Diego ("City").

## INTRODUCTION

Indian Harbor filed this lawsuit in this Court based on the forum selection clause in the policy between Indian Harbor and the City, the diversity of the parties' citizenship, and the fact that New York law will apply to this dispute pursuant to the Choice of Law provision in the policy. Under New York law, this lawsuit presents a straight-forward legal issue: there is no coverage to the City as a matter of law because it first tendered the relevant claims to Indian Harbor late (in one case two years and seven months after notice to the City), in clear violation of the policy provisions. The City's motion to dismiss (in addition to its filing a lawsuit on the same issues in California after this lawsuit was filed) appears to be part of the City's strategy of trying to avoid the unambiguous terms of the contract that it entered into, as it presumably believes a California court will be less likely to apply the dispositive New York law applicable to this case.

The City's only argument for why this Court should dismiss its case is that the forum selection clause only gives jurisdiction over the City in New York state court and not in New York federal court. No published decision has ever so held under the same or similar language, and this result is not supported by the language of the policy or by New York law. The policy states that the parties agree to "submit to the jurisdiction of the State of New York . . . ." This language is broad, providing that if New York has jurisdiction over a defendant, a lawsuit can go forward in any court of this state; moreover, federal jurisdiction is co-extensive with state jurisdiction when the parties are diverse. Indeed, this Court has interpreted this and similar language in such a manner, and has held that when parties intend to limit a forum selection clause to state courts, they explicitly so provide. Agreeing to the broad jurisdiction of a particular state is different than agreeing to have a case go forward in a particular court, and the clause here is not limited in such a way.

This Court has personal jurisdiction over the City by virtue of the Jurisdiction and Venue clause, and the City's motion to dismiss should be denied.

## BACKGROUND

### I.   Insurance Policy

The insurance policy that is the subject of this action names the City as an Additional Named Insured. (See City's Request for Judicial Notice ("RJN"), Exh. A, Policy at End. #005.) That policy provides, in relevant part, as follows:

> **K.**   **Jurisdiction and Venue** -- It is agreed that in the event of the failure of the Company to pay any amount claimed to be due hereunder, the Company and the INSURED will submit to the jurisdiction of the State of New York and will comply with all the requirements necessary to give such court jurisdiction. Nothing in this clause constitutes or should be understood to constitute a waiver of the Company's right to remove an action to the United States District Court.
>
> **L.**   **Choice of Law** -- All matters arising hereunder including questions related to the validity interpretation, performance and enforcement of this Policy shall be determined in accordance with the law and practice of the State of New York (notwithstanding New York's conflicts of law rules.)

(RJN, Exh. A, at Policy p. 13.)

The policy also provides:

> A.   As a condition precedent to the coverage hereunder, in the event any CLAIM is made against the INSURED for LOSS or REMEDIATION EXPENSE, or any POLLUTION CONDITION is first discovered by the INSURED that results in a LOSS or REMEDIATION EXPENSE:
>
> 1.   The INSURED shall forward to the Company or to any of its authorized agents every demand, notice, summons, order or other process received by the INSURED or the INSURED's representative as soon as practicable; and
>
> 2.   The INSURED shall provide to the Company, whether orally or in writing, notice of the particulars with respect to the time, place and circumstances thereof, along with the names and addresses of the injured and of available witnesses. In the event of oral notice, the INSURED agrees to furnish to the Company a written report as soon as practicable.

2

(RJN, Exh. A, at Policy p. 9.)

II.   **Claims Giving Rise to This Lawsuit**

This lawsuit arises out of three claims against the City, all of which the City tendered to Indian Harbor late – in one instance, two years and seven months after a claim was first made against the City – in violation of the notice provision of the policy. (RJN, Exh. A, at Complaint pp. 14-20.) The City received notice of a claim by The Grande North at Santa Fe Place Homeowners Association on August 13, 2009 ("Grande North claim"), which was not tendered to Indian Harbor until March 26, 2012 – two years and seven months later. The City received notice of a claim by 235 On Market Homeowners Association on May 19, 2011 ("235 On Market claim") and did not tender that to Indian Harbor until over one year later, on May 25, 2012. (RJN, Exh. A, at Complaint pp. 21-25.) Finally, Centex Home, Centex Real Estate Corporation, Centex Construction Company, Inc., and Balfour Beatty Construction Company made a claim against the City on March 28, 2012 ("Centex claim"), which was not tendered to Indian Harbor until May 25, 2012, almost two months later. (RJN, Exh. A, at Complaint pp. 26-31.) The City has stated that these claims seek almost $40 million from the City. (See City Letter, at Docket, Doc. No. 5.)

Indian Harbor has denied coverage to the City for these claims on the ground of late notice. (RJN, Exh. A, at Complaint pp. 20, 25, 31.)

III.   **Procedural History**

A.   **Indian Harbor Files This Lawsuit**

On July 27, 2012, after sending its denial letter to the City, Indian Harbor promptly filed a lawsuit against the City, which was served on the City that same day, so that the parties could obtain a timely judicial ruling regarding the dispositive late notice issue. (See Docket, Doc. No. 1 (Complaint) and Doc. No. 4 (Proof of Service).) Indian Harbor filed a First Amended Complaint on August 14, 2012, which is identical to the original complaint with the exception of adding the policy as Exhibit A. (RJN, Exh. A, at Complaint.)

This lawsuit seeks a declaration that Indian Harbor has no duty to defend or indemnify the City for the Grande North claim, the 235 On Market claim, or the Centex claim. (Id.) The lawsuit alleges that Indian Harbor has no obligation with respect to these claims because the City violated the policy by tendering the claims late (respectively, two years and seven months, over one year, and almost two months after the City's first notice of the claims). (Id.)

The City appeared in this lawsuit on August 3, 2012, with the filing of Christine Leone's Pro Hac Vice motion. (See Docket, Doc. No. 2.) On August 9, the City wrote the Court to request an extension of time to respond to the Complaint, stating that good cause existed for such an extension because "the City Attorney's Office will need to hire counsel from New York." (See Docket, Doc. No. 5.) The Court ordered that the City's time to respond to the Complaint was extended to September 28, 2012. (Id.)

### B.    The City Files a California Lawsuit

The City filed a lawsuit in California state court for the County of San Diego against Indian Harbor on September 21, 2012, which was served on Indian Harbor on September 25, 2012. (See RJN, Exh. B.) The City's lawsuit pertains to the identical three claims at issue in this lawsuit: the Grand North claim, the 235 On Market claim, and the Centex claim. (Id.) The City's lawsuit seeks a declaration that Indian Harbor is obligated to defend and indemnify the City in these three matters, citing Indian Harbor's contention that it has no obligations because of the City's late notice of these matters. (Id.) The City's lawsuit also contains a cause of action for breach of contract and "tortious breach of the implied covenant of good faith and fair dealing." (Id.)

### C.    The City Files Motion to Dismiss This Lawsuit

On September 21, 2012, the same day it filed its California lawsuit, the City requested a conference with this Court. On September 27, 2012, a conference was held among the parties and Court, during which the City advised of its intention to file a motion to dismiss this lawsuit based on a lack of personal jurisdiction. That motion was filed on October 3, 2012. (See

4

Docket, Doc. Nos. 16-17.)  In that motion, the City states that the form selection clause of the policy gives New York state courts – but not New York federal courts – jurisdiction over the City.  (Id.)

### D.   Indian Harbor Files New York State Lawsuit

In an abundance of caution, and after learning that the City was taking the position that only New York state courts (but not New York federal courts) have jurisdiction over the City, Indian Harbor filed a lawsuit against the City in New York state court that is substantively identical to the complaint filed in this lawsuit (Case No. 157014/2012).

By filing the New York state court lawsuit, Indian Harbor explicitly is not waiving its right to be in this Court.  Indian Harbor believes that this Court has jurisdiction over the City, this Court is the appropriate forum for resolution of this dispute, and that this lawsuit should proceed as the lawsuit filed first in time.  Accordingly, once this Court's jurisdiction over the City is established, Indian Harbor will dismiss its New York state lawsuit.

## ARGUMENT

Through its motion to dismiss (and the filing of its California lawsuit), the City is attempting to avoid the jurisdiction of New York to which it agreed to submit, presumably in an effort to also avoid application of the New York choice of law provision in the policy.  This case presents a clear cut legal issue: under New York law, late notice precludes coverage, without regard to prejudice to the insurer.[1]  *See, e.g., Argo Corp. v. Greater N.Y. Mut. Ins. Co.*, 4 N.Y.3d 332, 339 (2005) (holding that the New York rule is that where an insurance policy provides that notice of an occurrence must be given "as soon as practicable," "the absence of timely notice of an occurrence is a failure to comply with a condition precedent which, as a matter of law, vitiates

---

[1] We note that the fairly recent changes to New York Insurance Statute § 3420 require prejudice to be shown in certain circumstances to avoid coverage for late notice when the policy is "issued or delivered" in New York after January 1, 2009. This statute does not apply here, as the policy was not "issued or delivered" in New York. *See, e.g., Rockland Exposition, Inc. v. Great Am. Assur. Co.*, 445 Fed.Appx. 387 (2d Cir. 2011) (applying New York common law rule (no showing of prejudice required) because the statute was not applicable to that policy).

the contract . . . . No showing of prejudice is required. . . ."). In the circumstances here, where notice was provided two years and seven months (Grande North claim), over one year (235 On Market claim), and almost two months (Centex claim) late, coverage is precluded. *See, e.g.,* *American Home Assurance Co. v. Republic Ins. Co.*, 984 F.2d 76, 78 (2d Cir. 1993) (precluding coverage because of a 36-day delay in notifying the insurer; citing multiple cases, including those where delays of 10 and 53 days have been held to preclude coverage); *Nabutovsky v Burlington Ins. Co.*, 81 A.D.3d 615 (N.Y. App. Div. 2d Dep't 2011) (3-month delay precludes coverage).

Indian Harbor presumes that the City believes that a California court would be less likely to apply this dispositive New York law that the City agreed in the contract should apply and would instead apply California law, which generally requires a showing of prejudice to the insurer to preclude coverage, and so would involve the litigation of a host of factual issues. However, the City agreed to "submit to the jurisdiction of the State of New York," which allows this lawsuit to be filed in this Court, pursuant to the plain meaning of this phrase and applicable case law. The clause, therefore, mandates denial of the City's motion to dismiss.

## I.   This Case Should Not Be Dismissed Because There is Personal Jurisdiction Over the City Through the Forum Selection Clause of the Policy

### A.   General Rules

It is widely accepted that forum selection clauses are generally enforceable. *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 9, 15 (1972) (forum selection clauses are "prima facie valid and should be enforced"). As stated by the United States Supreme Court (and as recognized by the City itself in its brief), a forum selection clause such as the one here confers personal jurisdiction over the parties to a contract. *See, e.g., Nat'l Equip. Rental, Ltd. v. Szukhent*, 375 U.S. 311, 315-16 (1964) ("And it is settled . . . that parties to a contract may agree in advance to submit to the jurisdiction of a given court . . . ."); *The Forschner Group, Inc. v. B-Line A.G.*, 943 F.Supp. 287 (S.D.N.Y. 1996).

In interpreting forum selection clauses, ordinary rules of contract construction apply. *See, e.g., Karl Koch Erecting Co. v. New York Convention Center Dev. Corp.*, 838 F.2d 656, 657 (2d Cir. 1988). Accordingly, a court must give such clause its plain and ordinary meaning. *U.S. Fidelity & Guar. Co. v. Annunziata*, 67 N.Y.2d 229 (1986) ("Where the provisions of the policy 'are clear and unambiguous, they must be given their plain and ordinary meaning, and courts should refrain from rewriting the agreement.'").

Under New York law, a contractual term is not ambiguous "simply because the parties urge different interpretations." *Instead, Inc. v. ReProtect, Inc.*, 349 Fed. Appx. 631, 633 (2d Cir. N.Y. 2009) (quoting *Hugo Boss Fashions, Inc. v. Fed. Ins. Co.*, 252 F.3d 608, 616 (2d Cir. 2001)). "The court should not find the language ambiguous on the basis of the interpretation urged by one party, where that interpretation would strain the contract language beyond its reasonable and ordinary meaning." *Metro. Life Ins. Co. v. RJR Nabisco, Inc.*, 906 F.2d 884, 889 (2d Cir. 1990) (quotation marks and citation omitted). In addition, "[c]ourts may not create an ambiguity where none exists," (*United Nat'l Ins. Co. v. Waterfront N.Y. Realty Corp.*, 994 F.2d 105 (2d Cir. 1993)) and "if the pertinent case law is ultimately read as defining the term with sufficient clarity, then the parties' use of that term in an agreement will not be deemed to create an ambiguity" (*Hugo Boss Fashions, Inc.*, 252 F.3d at 618). Notably, "the fact that a term is broad in scope does not necessarily make it ambiguous." *Coregis Ins. Co. v. American Health Found.*, 241 F.3d 123, 129 (2d Cir. 2001).

## B.    The Forum Selection Clause Confers Jurisdiction Over the City in This Court

The City does not dispute that forum selection clauses are generally enforceable or the fact that the forum selection clause in this policy is enforceable as to it. Instead, the City disputes only the *scope* of the forum selection clause, contending that the clause only allows Indian Harbor to sue the City in New York state courts and not New York federal courts. However, this interpretation is not supported by the forum selection clause itself, and the City

has not cited to a single published case anywhere – let alone in this Circuit – that has reached this result in interpreting language that is the same or similar to the language at issue here.

The policy provides that the parties "submit to the jurisdiction of the State of New York." The plain meaning of this is that New York State has jurisdiction over the City such that a lawsuit can be brought in any court within that jurisdiction – state or federal. The clause is not limited to a particular court – although many such forum selection clauses are so restricted, this one is not. The clause simply states that the City submits to New York jurisdiction. After all, a district court's ability to exercise jurisdiction over a defendant is nothing more than the jurisdiction the state holds over that defendant: "[A] district court sitting in a diversity action such as this may exercise personal jurisdiction to the same extent as the courts of general jurisdiction of the state in which it sits." *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 305 F.3d 120, 124 (2d Cir. 2002) (citing Fed. R. Civ. P. 4(k)(1)(A), which states that "serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant: (A) who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located.").[2]

This construction is precisely how this Court previously has interpreted this identical wording.[3] In *Reliance Insurance Company v. Six Star, Inc.*, 155 F.Supp.2d 49 (S.D.N.Y. 2001), this Court was faced with defendants' motion to dismiss or transfer venue to the United States District Court for the Middle District of Florida under a forum selection clause that contained an identical first sentence to the first sentence in the insurance policy at issue here: "It is agreed that in the event of the failure of the Company to pay any amount claimed to be due hereunder the Company and the INSURED will submit to the jurisdiction of the State of New York and will comply with all the requirements necessary to give such court jurisdiction." *Id.* at 53.

---

[2] *See also*, New York General Obligations Law § 5-1402 relating to choice of forum, which provides that an action may be maintained against a non-resident in cases involving $1 million or more, where there is a choice of New York law, and the non-resident "agrees to submit to the jurisdiction of the courts of" New York.

[3] *See Hugo Boss Fashions, Inc.*, 252 F.3d at 618 (holding that parties can rely on courts' interpretation of policy term).

This Court denied defendants' motion to dismiss or transfer venue and interpreted the forum selection clause as providing for jurisdiction in *any* New York court – not just a state court: "The Policy provides, however, that the parties 'will submit to the jurisdiction of the State of New York and will comply with all the requirements necessary to give such court jurisdiction.'. . . In light of the parties prior ***consent to the jurisdiction in the courts of New York***, Defendants' argument that the suit bears only a slight connection to this forum must fail" (*id.* at 55 (emphasis added)); "The forum selection clause in the Policy provides that the parties will ***submit to the jurisdiction of New York courts*** for suits arising from claims disputes" (*id.* at 58 (emphasis added)); "Because ***the parties agreed that New York courts would have jurisdiction*** of disputes arising from the denial of claims under the Policy, Defendants have no basis for challenging this forum on the basis that it is inconvenient to the parties. Although a permissive form selection clause is entitled to less weight than a mandatory one, the fact that ***both parties initially accepted the jurisdiction of the courts of New York*** must count" (*id.* at 58 (internally quotations omitted; emphasis added)). *See also Indian Harbor Ins. Co. v. Factory Mut. Ins. Co.*, 419 F.Supp.2d 395, 406, 408 (S.D.N.Y. 2005) (court declined to enforce forum selection clause with identical language (see Policy at Exhibit B to Complaint on PACER) because defendant was not a party to the policy, and in doing so did not state that New York federal court lacked jurisdiction: "Moreover, plaintiffs fail to explain why, outside of a forum selection clause irrelevant to the present litigation, the instant Court is the appropriate venue . . . ."); *Stiefel v. Private Label Sourcing, LLC*, Civ. No. 10-2636, 2011 U.S. Dist. LEXIS 35619 (D.N.J. Mar. 31, 2011) (contract clause stated that the parties "agree to submit to the jurisdiction of the State of New York"; court found that there was no personal jurisdiction in New Jersey and transferred the case to the Southern District of New York).

In addition, in *The Forschner Group, Inc. v. B-Line A.G.*, 943 F.Supp. 287 (S.D.N.Y. 1996), this Court interpreted similar language broadly and as encompassing both federal and state courts. In that case, the parties agreed that they would "submit to the jurisdiction of the courts of New York to resolve any dispute that may arise anywhere under [the] Agreement." *Id.*

at 289.  Defendant argued that there was no personal jurisdiction because the phrase "courts of New York" meant only state courts, not federal courts in New York.  *Id.* at 291.  This Court disagreed:

> ***When parties wish to restrict their choice of forum narrowly, they do so explicitly.***  See *Karl Koch Erecting Co. v. New York Convention Ctr. Dev. Corp.*, 838 F.2d 656, 659 (2d Cir. 1988) (parties vested jurisdiction in "the Supreme Court of the State of New York"); *Luce III v. Edelstein*, 802 F.2d 49, 57 (2d Cir. 1986) (parties conferred exclusive jurisdiction "upon the Supreme Court of the State of New York, County of New York").  Because Pointer did not insist on such specificity, it has consented, as its right, to this Court's jurisdiction by signing the agreement. See *Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 703-704, 72 L. Ed. 2d 492, 102 S. Ct. 2099 (1982) (holding that "personal jurisdiction represents . . . an individual right . . . [and can], like such other rights, be waived" or consented to).

(*Id.* at 291 (emphasis added).); *see also In re Clarendon National Ins. Co.*, Case No. 00-9222, 2001 U.S. Dist. LEXIS 13736 (S.D.N.Y. Sept. 6, 2001) (holding that a contract dispute arising out of an agreement that would be litigated "under the jurisdiction of the courts of New York State" did not have to be heard in New York State Court: "Courts in this Circuit also have held that where parties merely name 'New York state' as the selected jurisdiction, without any other limitation, either a state court or a federal court in New York is a proper forum.").  As has been stated by the Second Circuit, "the fact that a term is broad in scope does not necessarily make it ambiguous." *Coregis Ins. Co. v. American Health Found.*, 241 F.3d 123, 129 (2d Cir. 2001).

In support of its motion, the City cites the unpublished case *Illinois Union Insurance Company v. NRG Energy, Inc.*, Case No. 10-5743, 2010 U.S. Dist. LEXIS 130677 (S.D.N.Y. Dec. 4, 2010), which involved the same policy language at issue here.  Indian Harbor respectfully submits that this unpublished case is contrary to prior published precedent of this Court (*Reliance* and *Forschner Group*), did not address the critical jurisdiction issue at issue in this case, misconstrued the policy language, and, for all these reasons, should not be relied on.

*Illinois Union* did not address the issue of *jurisdiction* that is the crux of the forum selection clause here.  Indeed, aside from citing policy language, the court did not once mention the word "jurisdiction" in its decision.  That "jurisdiction" was not the issue the court was

concerned with is evident from the fact that the court ultimately did not dismiss the case (e.g., for lack of jurisdiction), but merely transferred it to another federal district court.

*Illinois Union*'s failure to focus on the key issue of jurisdiction is clear from an examination of the way in which it discusses the policy language. The court several times repeats a mistaken version of the policy language, which reads "will submit to the jurisdiction of the State of New York," but which that court refers to as: "any suit will be brought in a court 'of the State of New York'" – with no reference to the *jurisdiction* of the state. *Id.* at \*4. The court appears to do so so it can rely on the very different case of *Rogen v. Memry Corporation*, 886 F.Supp. 393 (S.D.N.Y. 1995), which interpreted wholly distinguishable policy language: "The legal tribunals of the State of New York shall be the sole forum for resolving any claim . . . ." *Id.* at 394. *Rogen*, too, was not a case about *jurisdiction* but about *courts*. After incorrectly framing the issue, *Illinois Union* then wrongly concludes that *Reliance* had not addressed the language of the policy, ignoring the multiple instances where this Court interpreted the forum selection clause as allowing for venue in any New York court – state or federal.

This underscores a very important distinction – submitting to the jurisdiction of a particular *state* (as in the clause here) is distinct from – and much broader than – submitting to have a claim heard in a particular *court*. *See, e.g.,* the cases cited by the City: *BlueTarp Financial, Inc. v. Melloul Blamey Construction S.C.*, Ltd., 846 F.Supp.2d 307, 313-314 (D. Maine 2012) (language stated: "BlueTarp Financial may institute suit against you in the courts of the State of Maine"); *Rogen*, 886 F.Supp. at 396 (language stated: "The legal tribunals of the State of New York shall be the sole forum for resolving any claim.").

The clause here broadly and unambiguously provides that the City "submits to the jurisdiction of the State of New York," which confers jurisdiction in New York, whether that be state or federal courts. This Court therefore has personal jurisdiction over the City.

### C.    The Removal Language in the Forum Selection Clause Is Not Superfluous

The forum selection clause also provides: "Nothing in this clause constitutes or should be understood to constitute a waiver of the Company's right to remove an action to a United States

11

District Court." The City argues that this second sentence of the forum selection clause would be "superfluous" if the first sentence gave personal jurisdiction over the City in this Court. The City has cited to no authority for this proposition, and it does not hold up under a logical reading of the policy.

Some courts, including courts in this Circuit, have found that language whereby *only* the *insurer* agrees to "submit to the jurisdiction" of a particular court, gives the insured the exclusive right to choose the forum. For example, in *Dinallo v. Dunav Ins. Co.*, 672 F.Supp.2d 368, 370 (S.D.N.Y. 2009), the court found that language that the insurer "will submit to the jurisdiction of any Court of competent jurisdiction within the United States and will comply with all requirements necessary to give such Court jurisdiction" "makes clear that the policyholder shall enjoy the right to choose the forum in which any dispute will be heard." Therefore, pursuant to these types of provisions, because the insured's choice of forum absolutely governs, the insurer waives the right to remove the case to district court if the insured has first filed in state court.

The second sentence of the forum selection clause in the policy here therefore makes clear that *if* the City chose New York state court in the first instance, Indian Harbor would have been free to remove the case to federal court. In other words, unlike the provisions in cases like *Dinallo*, Indian Harbor is not bound by the City's choice of New York state court. This does not mean, however, that the City or Indian Harbor cannot file in New York federal court in the first instance.

The City's effort to analogize the forum selection clause in this policy to a Service of Suit clause in order to bootstrap an argument regarding jurisdiction is confusing and does not hold up under scrutiny. In the first instance, the forum selection clause in the policy is not a Service of Suit clause. Service of Suit clauses typically give the *insured* the exclusive right to choose a forum in the United States: these clauses typically provide that the insurer agrees to "submit to the jurisdiction of any Court of competent jurisdiction within the United States." *See, e.g., Travelers Ins. Co. v. Keeling*, 996 F.2d 1485 (2d Cir. 1993). They are most commonly found in Lloyd's of London policies "to assure potential policyholders that Lloyd's and its underwriters

would be amenable to service of process in the United States." *Brooke Group v. JCH Syndicate 488*, 87 N.Y.2d 530, 534 (1996). In contrast, here, *both parties* agree to submit to the jurisdiction of the State of *New York* and Indian Harbor explicitly does not waive the right to remove to federal court should the City's first choice of forum be New York state court. The clause here is therefore different than a Service of Suit clause.

Moreover, the cases that the City cites contain completely distinguishable language. Each of these cases specifically provide that the insurer submits to a court in the United States that the insured chooses: *Dinallo v. Dunav Ins. Co.*, 672 F.Supp.2d 368, 370 (S.D.N.Y. 2009) ("the Reinsurer hereon, at the request of the Company, will submit to the jurisdiction of any Court of competent jurisdiction within the United States and will comply with all requirements necessary to give such Court jurisdiction . . . ."); *Travelers Ins. Co. v. Keeling*, Case No. 91-7753, 1993 U.S. Dist. LEXIS 491 (S.D.N.Y. Jan. 19, 1993) ("Underwriters hereon, at the request of the Company, will submit to the jurisdiction of any court of competent jurisdiction within the United States of America and will comply with all the requirements necessary to give such Court jurisdiction . . . ."); *Lavan Petroleum Co. v. Underwriters at Lloyds*, 334 F.Supp.1069, 1073 (S.D.N.Y. 1971) ("Underwriters herein, at the request of the Assured, will submit to the jurisdiction of any court of competent jurisdiction within the United States and will comply with all requirements necessary to give such Court jurisdiction"); *Rabbi Jacob Joseph Sch. v. Province of Mendoza*, 342 F.Supp.2d 124, 125-126 (E.D.N.Y. 2004) ("The Province hereby irrevocably submits to the non-exclusive jurisdiction of any New York State or United States federal court sitting in The City of New York, and any appellate court from any thereof and the Supreme Court of Argentina or any other Argentine federal court, in any action or proceeding arising out of or relating to this Indenture, and the Province hereby irrevocably agrees that all claims in respect of such action or proceeding may be heard and determined in such New York State or United States Federal Court and the Supreme Court of Argentina or any other Argentine federal court."); *Perini Corp. v. Orion Ins. Co.*, 331 F.Supp.453, 454 (E.D. Cal. 1971) ("the Insurers hereon, at the request of the Assured, will submit to the jurisdiction of any Court of

competent jurisdiction within the United States of America and will comply with all the requirements necessary to give such Court jurisdiction").

These clauses are not "substantially similar" to the forum selection clause in the policy here, as contended by the City. As set forth above, both Indian Harbor and the City agreed to submit to the jurisdiction of New York, and Indian Harbor has not waived its right to remove in the event the City chooses to first file in New York state court.

To the extent that this Court finds that the first sentence of the forum selection clause is limited to New York state courts, then this second sentence confers personal jurisdiction in New York federal court. Through this clause, the City has consented to be in federal court in New York.

## II.   This Case Should Not Be Dismissed on the Grounds of Venue Because There is Personal Jurisdiction Over the City Through the Forum Selection Clause of the Policy

The City further contends that this Court is an improper venue, arguing that no basis for venue under the federal statute applies to this Court. However, the City has omitted the relevant definition that establishes proper venue here. As of its amendment on January 6, 2012, 28 U.S.C. § 1391 provides, in pertinent part, as follows:

> (b) Venue in general. A civil action may be brought in—
>
> (1) **a judicial district in which any defendant resides**, if all defendants are residents of the State in which the district is located;
>
> *       *       *
>
> (c) Residency. For all venue purposes—
>
> *       *       *
>
> (2) an entity with the capacity to sue and be sued in its common name under applicable law, whether or not incorporated, **shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question** and, if a plaintiff, only in the judicial district in which it maintains its principal place of business . . . .

*Id.* (emphasis added).

      The City submitted to the jurisdiction of the judicial districts that are within the state of New York through the forum selection clause and, as explained above, is therefore subject to this Court's personal jurisdiction. Therefore, the city is deemed to reside in this judicial district pursuant to 28 U.S.C. § 1391(c)(2). Pursuant to section 1391(b)(1), venue is proper in "a judicial district in which any defendant resides . . . ." Therefore, venue is proper in this district. *See, e.g., Medical Dev. Mgmt. v. New You Publ'g, LLC*, Case No. 11-8438, 2012 U.S. Dist. LEXIS 139466, 11-12 (S.D.N.Y. Sept. 25, 2012) ("Defendant subjected itself to personal jurisdiction here by entering into, and allegedly breaching, the Loan Agreement, which mandates that disputes between the parties arising out of that agreement be adjudicated here. Defendant has not disputed that this Court has personal jurisdiction over it. Thus, pursuant to 28 U.S.C. §1391(c), Defendant is deemed a resident of this district and venue is proper here.").

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

## CONCLUSION

For the foregoing reasons, Indian Harbor respectfully requests that the City's motion to dismiss be denied.

Dated: October 22, 2012          Respectfully submitted,

**DUANE MORRIS LLP**

Attorneys for Plaintiff Indian Harbor Insurance Company

By:       /s/ Max H. Stern

Max H. Stern (*pro hac vice*)
Jessica E. La Londe (*pro hac vice*)
DUANE MORRIS LLP
One Market, Spear Tower, Suite 2000
San Francisco, CA 94105-1104
Telephone: 415.957.3000
Facsimile: 415.957.3001
mhstern@duanemorris.com
jelalonde@duanemorris.com

**DUANE MORRIS LLP**
Attorneys for Plaintiff Indian Harbor Insurance Company

Jessica A. Bohl
DUANE MORRIS LLP
1540 Broadway
New York, NY 10036
Tel. (212) 692-1000
Fax. (212) 692-1020
jabohl@duanemorris.com

DM1/3553021