**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------X
                              :

INDIAN HARBOR INSURANCE COMPANY,   :   Case No. 12 CIV 5787 (JGK)
                              :         ECF Case

         Plaintiff,              :

         -against-             :   **ORAL ARGUMENT REQUESTED**

                              :

THE CITY OF SAN DIEGO,           :   Courtroom:    12B
                              :   Judge:       Hon. John G. Koeltl

         Defendant.           :   Complaint Filed:   July 27, 2012
                              :   F.A.C. Filed:     August 14, 2012
                              :
------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF INDIAN HARBOR INSURANCE COMPANY'S MOTION TO ENJOIN


Dated: October 26, 2012

Max H. Stern (*pro hac vice*)
Jessica E. La Londe (*pro hac vice*)
DUANE MORRIS LLP
One Market, Spear Tower, Suite 2000
San Francisco, CA 94105-1104
Telephone: 415.957.3000
Facsimile: 415.957.3001
mhstern@duanemorris.com
jelalonde@duanemorris.com

Jessica A. Bohl
Sheila Raftery Wiggins
DUANE MORRIS LLP
1540 Broadway
New York, NY 10036
Tel. (212) 692-1000
Fax. (212) 692-1020
jabohl@duanemorris.com
srwiggins@duanemorrs.com


Attorneys for Plaintiff Indian Harbor Insurance
Company

# TABLE OF CONTENTS

**Page**

INTRODUCTION ..................................................................................................1

BACKGROUND ..................................................................................................2

I.      Insurance Policy ......................................................................................2

II.     Claims Giving Rise to This Lawsuit .......................................................3

III.    Procedural History ..................................................................................3

      A.      Indian Harbor's First-Filed New York Federal Court Lawsuit ..............3

      B.      The City's Second-Filed California Lawsuit (Now in Federal Court) is
      Based on the Identical Matters as the First-Filed New York Federal Court ..........3

      C.      The City Files Motion to Dismiss This Lawsuit ...................................5

      D.      Indian Harbor Files New York State Court Lawsuit ............................5

ARGUMENT ......................................................................................................5

I.      This Court Should Enjoin the City From Prosecuting the California
      Action Pursuant to the First-Filed Rule .................................................5

      A.      The First-Filed Rule Gives Priority to the Case that Was Filed First ..................6

      B.      Pursuant the First-Filed Rule, This Court Should Enjoin
      Prosecution of the Second-Filed Lawsuit ..............................................6

II.     There Are No Factors Here That Warrant Deviation From the First-Filed Rule...............8

      A.      There Are No Special Circumstances That Apply to This Case............8

      B.      The Balance of Convenience Does Not Overcome the Presumption
      of the First-Filed Lawsuit...................................................................10

            1.      Convenience of the Parties Lawsuit.............................................12

            2.      Forum's Familiarity With the Governing Law.............................12

            3.      Weight Accorded a Plaintiff's Choice of Forum.........................13

            4.      Convenience of Witnesses and Availability of Process to Compel
            Attendance of Unwilling Witnesses.............................................14

            5.      Location of Relevant Documents and the Relative Ease
            of Access to Sources of Proof.....................................................15

6.   Locus of the Operative Facts ........................................................................... 16

7.   Relative Means of the Parties ......................................................................... 16

8.   Trial Efficiency and Interests of Justice Based on the
     Totality of the Circumstances ....................................................................... 16

CONCLUSION...................................................................................................................16

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*800-Flowers, Inc. v. Intercontinental Florist, Inc.*
   860 F.Supp. 128 (S.D.N.Y. 1994)................................................................................ 8-10

*Adam v. Jacobs*
   950 F.2d 89 (2d Cir. 1991).........................................................................................6, 8

*Aerotel, Ltd. v. Sprint Corp.*
   100 F.Supp.2d 189 (S.D.N.Y. 2000)............................................................................15

*American Home Assurance Co. v. Republic Ins. Co.*
   984 F.2d 76 (2d Cir. 1993).........................................................................................11

*Argo Corp. v. Greater N.Y. Mut. Ins. Co.*
   4 N.Y.3d 332 (2005) ..................................................................................................11

*Citigroup, Inc. v. City Holding Co.*
   97 F.Supp.2d 549 (S.D.N.Y. 2000)......................................................................Passim

*Gulf Oil Corp. v. Gilbert*
   330 U.S. 501 (1947)...................................................................................................12

*Kidd v. Andrews*
   340 F.Supp.2d 333 (W.D.N.Y. 2004) ...........................................................................7

*MSK Ins. LTD. v. Employers Reinsurance Corp.*
   212 F.Supp.2d 266 (S.D.N.Y. 2002)..............................................................................6

*Nabutovsky v. Burlington Ins. Co.*
   81 A.D.3d 615 (N.Y. App. Div. 2d Dep't 2011) ...........................................................11

*New York v. Exxon Corp.*
   932 F.2d 1020 (2d Cir. 1991)................................................................................... 7-8

*Ontel Products, Inc. v. Project Strategies Corp.*
   899 F.Supp. 1144 (S.D.N.Y. 1995)...............................................................................8

*Orb Factory, Ltd. v. Design Science Toys, Ltd.*
   6 F.Supp.2d 203 (S.D.N.Y. 1998).......................................................................... 13-14

*Reliance Insurance Company v. Six Star, Inc.*
   155 F.Supp.2d 49 (S.D.N.Y. 2001)......................................................................Passim

*Rockland Exposition, Inc. v. Great Am. Assur. Co.*
   445 Fed.Appx. 387 (2d Cir. 2011) ...................................................................11

*Schnabel v. Ramsey Quantitative Sys.*
   322 F.Supp.2d 505 (S.D.N.Y. 2004)..................................................................6

*Sphere Drake Ins. PLC v. J. Shree Corp.*
   184 F.R.D. 258 (S.D.N.Y. 1999) ........................................................................7

*Tosapratt, LLC v. Sunset Props., Inc.*
   86 A.D.3d 768 (N.Y. App. Div. 3d Dep't 2011) ...............................................12

*Toy Biz, Inc. v. Centuri Corp.*
   990 F.Supp. 328 (S.D.N.Y. 1998).............................................................7, 9-10

**Statutes**

28 U.S.C. § 1404(a) .............................................................................................10, 14

New York Insurance Statute § 3420 ...........................................................................11

N.Y. GOL §  5-1401 ...................................................................................................12

**Other Authorities**

Fed. R. Civ. P. 13(a) ....................................................................................................7

Plaintiff Indian Harbor Insurance Company ("Indian Harbor") respectfully submits this memorandum of law in support of its motion for an order enjoining Defendant City of San Diego ("City") from prosecuting a duplicative second-filed action in California.

## INTRODUCTION

The City filed a lawsuit in California against Indian Harbor almost two months *after* Indian Harbor filed this lawsuit, involving the identical parties and issues as this lawsuit. Pursuant to the first-filed rule, this Court has authority to – and should – enjoin the City from prosecuting its later-filed action.

There are no special circumstances that warrant deviation from this clear rule. This lawsuit is not an improper anticipatory filing by Indian Harbor because it was not filed in the face of a direct threat of litigation. Rather, Indian Harbor filed this action after issuing a denial of coverage to the City in order to obtain a prompt judicial order regarding its coverage position. Moreover, Indian Harbor filed this lawsuit based on the New York forum selection clause in the policy between Indian Harbor and the City, the diversity of the parties' citizenship, and the fact that New York law will apply to this dispute pursuant to the Choice of Law clause in the policy. Indian Harbor filed the lawsuit in the jurisdiction to which the parties agreed and cannot be said to have forum shopped.

Rather, the City is attempting to forum shop here. Under New York law, this lawsuit presents a straight-forward legal issue: there is no coverage to the City as a matter of law because it first tendered the relevant claims to Indian Harbor late (in one case two years and seven months after notice to the City), in clear violation of the policy provisions. The City filing its California lawsuit after this lawsuit was filed (and its filing a motion to dismiss this lawsuit) appears to be part of the City's strategy of trying to avoid the unambiguous terms of the contract that it entered into, as it presumably believes a California court will be less likely to apply the dispositive New York law applicable to this case.

In addition, the balance of conveniences does not strongly favor litigating this dispute in California, overturning Indian Harbor's choice of forum, and deviating from the first-filed rule.

The forum selection clause is determinative of the convenience of the parties, and the choice of law clause dictates application of New York law to this dispute.  In addition, this lawsuit presents a clear-cut legal issue regarding late notice as a matter of law under New York law and so will involve limited documents already in the parties' possession and no witnesses.  Any counterclaims the City has can be brought in this lawsuit.  Therefore, the balance of conveniences does not weigh heavily in favor of litigating this case in California.

This Court should therefore grant Indian Harbor's motion and issue an order enjoining the City from prosecuting its later-filed California action.

## BACKGROUND

**I.      Insurance Policy**

The Indian Harbor insurance policy that is the subject of this action names the City as an Additional Named Insured.  (See Declaration of Jessica A. Bohl ("Bohl Dec."), Exh. A.)  That policy provides, in relevant part, as follows:

> **K.      Jurisdiction and Venue** -- It is agreed that in the event of the failure of the Company to pay any amount claimed to be due hereunder, the Company and the INSURED will submit to the jurisdiction of the State of New York and will comply with all the requirements necessary to give such court jurisdiction. Nothing in this clause constitutes or should be understood to constitute a waiver of the Company's right to remove an action to the United States District Court.

> **L.      Choice of Law** -- All matters arising hereunder including questions related to the validity interpretation, performance and enforcement of this Policy shall be determined in accordance with the law and practice of the State of New York (notwithstanding New York's conflicts of law rules.)

(Bohl Dec., Exh. A (Policy), p. 13.)

The policy also provides:

> A.      As a condition precedent to the coverage hereunder, in the event any CLAIM is made against the INSURED for LOSS or REMEDIATION EXPENSE, or any POLLUTION CONDITION is first discovered by the INSURED that results in a LOSS or REMEDIATION EXPENSE:

> 1.      The INSURED shall forward to the Company or to any of its authorized agents every demand, notice, summons, order or other process received by the INSURED or the INSURED's representative as soon as practicable; and

2

2.     The INSURED shall provide to the Company, whether orally or in writing, notice of the particulars with respect to the time, place and circumstances thereof, along with the names and addresses of the injured and of available witnesses.  In the event of oral notice, the INSURED agrees to furnish to the Company a written report as soon as practicable.

(Bohl Dec., Exh. A (Policy), p. 9.)

## II.     Claims Giving Rise to This Lawsuit

This lawsuit arises out of three claims against the City, all of which the City tendered to Indian Harbor late – in one instance, two years and seven months after a claim was first made against the City – in violation of the notice provision of the policy.  (Bohl Dec., Exh. B (First Amended Complaint, without Policy) ("Complaint"), pp. 14-20.)  The City received notice of a claim by The Grande North at Santa Fe Place Homeowners Association on August 13, 2009 ("Grande North claim"), which was not tendered to Indian Harbor until March 26, 2012 – two years and seven months later.  (Complaint, pp. 14-20.)  The City received notice of a claim by 235 On Market Homeowners Association on May 19, 2011 ("235 On Market claim") and did not tender that to Indian Harbor until over one year later, on May 25, 2012.  (Complaint, pp. 21-25.)  Finally, Centex Home, Centex Real Estate Corporation, Centex Construction Company, Inc., and Balfour Beatty Construction Company made a claim against the City on March 28, 2012 ("Centex claim"), which was not tendered to Indian Harbor until May 25, 2012, almost two months later.  (Complaint, pp. 26-31.)  The City has stated that these claims seek almost $40 million from the City.  (See City Letter, at Docket, Doc. No. 5.)

Indian Harbor has denied coverage to the City for these claims on the ground of late notice.  (Complaint pp. 20, 25, 31.)

## III.     Procedural History

### A.     Indian Harbor's First-Filed New York Federal Court Lawsuit

On July 27, 2012, after sending its denial letter to the City, Indian Harbor promptly filed a lawsuit against the City, which was served on the City that same day, so that the parties could obtain a timely judicial ruling regarding the dispositive late notice issue.  (See Docket, Doc. No. 1 (original Complaint) and Doc. No. 4 (Proof of Service).)  Indian Harbor filed a First Amended

Complaint on August 14, 2012, which is identical to the original complaint with the exception of adding the policy as Exhibit A.  (Complaint, generally.)

This lawsuit seeks a declaration that Indian Harbor has no duty to defend or indemnify the City for the Grande North claim, the 235 On Market claim, or the Centex claim.  (Id.)  The lawsuit alleges that Indian Harbor has no obligation with respect to these claims because the City violated the policy by tendering the claims late (respectively, two years and seven months, over one year, and almost two months after the City's first notice of the claims).  (Id.)

The City appeared in this lawsuit on August 3, 2012, with the filing of Christine Leone's Pro Hac Vice motion.  (See Docket, Doc. No. 2.)  On August 9, the City wrote the Court to request an extension of time to respond to the Complaint, stating that good cause existed for such an extension because "the City Attorney's Office will need to hire counsel from New York." (See Docket, Doc. No. 5.)  The Court ordered that the City's time to respond to the Complaint was extended to September 28, 2012.  (Id.)

### B.   The City's Second-Filed California Lawsuit (Now in Federal Court) is Based on the Identical Matters as the First-Filed New York Federal Court Lawsuit

The City filed a lawsuit in California state court for the County of San Diego against Indian Harbor on September 21, 2012, which was served on Indian Harbor on September 25, 2012, and which Indian Harbor removed to the Southern District of California on October 25, 2012.  (See Bohl Dec., ¶ 4, Exh. C ("CA Lawsuit").)  The City's lawsuit pertains to the identical three claims at issue in this lawsuit: the Grand North claim, the 235 On Market claim, and the Centex claim.  (Id.)  The City's lawsuit seeks a declaration that Indian Harbor is obligated to defend and indemnify the City in these three matters, citing Indian Harbor's contention that it has no obligations because of the City's late notice of these matters.  (Id.)  The City's lawsuit also contains a cause of action for breach of contract and "tortious breach of the implied covenant of good faith and fair dealing."  (Id.)

### C.     The City Files Motion to Dismiss This Lawsuit

On September 21, 2012, the same day it filed its California lawsuit, the City requested a conference with this Court.  On September 27, 2012, a conference was held among the parties and Court, during which the City advised of its intention to file a motion to dismiss this lawsuit based on a lack of personal jurisdiction.  That motion was filed on October 3, 2012.  (See Docket, Doc. Nos. 16-17.)  In that motion, the City states that the forum selection clause of the policy gives New York state courts – but not New York federal courts – jurisdiction over the City.  (Id.)  Indian Harbor filed an Opposition on October 22.  (Docket, Doc. No. 19.)

### D.     Indian Harbor Files New York State Court Lawsuit

In an abundance of caution, and after learning that the City was taking the position that only New York state courts (but not New York federal courts) have jurisdiction over the City (see City's Motion at Docket, Doc. Nos. 16-17), Indian Harbor filed a lawsuit against the City in New York state court that is substantively identical to the complaint filed in this lawsuit (Case No. 157014/2012).

By filing the New York state court lawsuit, Indian Harbor explicitly is not waiving its right to be in this Court.  Indian Harbor believes that this Court has jurisdiction over the City, this Court is the appropriate forum for resolution of this dispute, and that this lawsuit should proceed as the lawsuit filed first in time.  Accordingly, once this Court's jurisdiction over the City is established, Indian Harbor will dismiss its New York state court lawsuit.

## <u>ARGUMENT</u>

### I.     <u>This Court Should Enjoin the City From Prosecuting the California Action Pursuant to the First-Filed Rule</u>

The law is clear that when there are two federal lawsuits arising out of the same transaction, the first-filed lawsuit should have priority.  Moreover, the court presiding over the first-filed lawsuit should enjoin the prosecution of the second-filed action.  Here, where this lawsuit was filed almost two months prior to the City filing the California lawsuit, and the

lawsuits involve the same parties and identical issues, the Court should enjoin the City from prosecuting the California lawsuit.

### A.      The First-Filed Rule Gives Priority to the Case that Was Filed First

It is a "well-settled principle" in the Second Circuit that "where proceedings involving the same parties and issues are pending simultaneously in different federal courts the first-filed of the two takes priority . . . ." *Citigroup, Inc. v. City Holding Co.*, 97 F.Supp.2d 549, 555 (S.D.N.Y. 2000) (quoting *First City Nat'l Bank & Trust Co. v. Simmons*, 878 F.2d 76, 79 (2d Cir. 1989)).  There is a "strong presumption" in favor of the forum of the first-filed suit. *Schnabel v. Ramsey Quantitative Sys.*, 322 F.Supp.2d 505, 510 (S.D.N.Y. 2004).

The first-filed rule "is based on principles of judicial economy and comity." *Citigroup*, 97 F.Supp.2d at 555.  Thus, the Second Circuit has repeatedly upheld injunctions against later-filed duplicative litigation, because it is "important there be a single determination of a controversy between the same litigants, and therefore, a party who first brings an issue into a court of competent jurisdiction should be free from the vexation of concurrent litigation over the same subject matter." *Adam v. Jacobs*, 950 F.2d 89, 93 (2d Cir. 1991) (quoting *Nat'l Equip. Rental, Ltd. v. Fowler*, 287 F.2d 43, 46 (2d Cir. 1961)).

In applying the first-filed rule, the court of the first filing is entitled to enjoin parties from proceeding in the later-filed action.  *Adam*, 950 F.2d at 93; *MSK Ins. LTD. v. Employers Reinsurance Corp.*, 212 F.Supp.2d 266, 267 (S.D.N.Y. 2002) ("This District has laid down a bright-line rule…[t]he court before which the first-filed action was brought determines which forum will hear the case.").  It is, therefore, within the province of this Court, as the court presiding over the first-filed action, to determine whether the later-filed California lawsuit may proceed.

### B.      Pursuant to the First-Filed Rule, This Court Should Enjoin Prosecution of the Second-Filed Lawsuit

The later-filed California lawsuit involves the same parties, the same legal issues and the identical factual issues as this first-filed lawsuit.  Specifically, Indian Harbor and the City are the

only parties to both this lawsuit and the California lawsuit.  In addition, both this lawsuit and the California lawsuit seek a determination of whether the City's late notice to Indian Harbor of the three underlying claims preclude coverage to the City under the Indian Harbor policy.

While the City's California lawsuit also contains a cause of action for breach of contract and "tortious breach of the implied covenant of good faith and fair dealing," these are compulsory counterclaims in this lawsuit, as they arise "out of the transaction or occurrence that is the subject matter" of the claims in this lawsuit.  Fed. R. Civ. P. 13(a); *see also Sphere Drake Ins. PLC v. J. Shree Corp.*, 184 F.R.D. 258, 259 (S.D.N.Y. 1999) (plaintiff insurer filed a declaratory judgment action against its insured and defendant's counterclaims for breach of contract and breach of implied covenant of good faith and fair dealing were identified by the court as "compulsory counterclaims" pursuant to Fed. R. Civ. P. 13(a)).  Therefore, the City can assert those claims in this lawsuit.

Regardless, application of the first-filed rule is not limited to those circumstances where the parties and issues in the two lawsuits are identical.  *See Toy Biz, Inc. v. Centuri Corp.*, 990 F.Supp. 328, 332 (S.D.N.Y. 1998) ("[C]omplete identity of parties and issues is not required for the first-filed rule to apply.").  Similarly, the presence of different forms of relief does not preclude application of the first-filed rule.  *Kidd v. Andrews*, 340 F.Supp.2d 333, 336 (W.D.N.Y. 2004) (holding that the first-filed rule applied where the plaintiff sought only declaratory and injunctive relief in the first case, but sought damages in the second).  Instead, the test is whether the second suit embraces the issues in the first action.  *Toy Biz*, 990 F.Supp. at 332 (enjoining the second-filed action because the actions involved the same witnesses and parties and arose out of the manufacturing and distribution of the same products).

Here, the City's claims could be brought in this lawsuit and, in any event, the California lawsuit embraces the issues in this lawsuit.  Therefore, the California lawsuit should be enjoined so as not to waste judicial resources and risk inconsistent results.  *See, e.g.*, *New York v. Exxon Corp.*, 932 F.2d 1020, 1025 (2d Cir. 1991) ("The 'first filed' rule states that where an action is brought in one federal district court and a later action embracing the same issue is brought in

7

another federal court, the first court has jurisdiction to enjoin the prosecution of the second action."); *Citigroup*, 97 F. Supp. 2d 549 (enjoining prosecution of second-filed action).

## II.   There Are No Factors Here That Warrant Deviation From the First-Filed Rule

To overcome the first-filed rule, the City must demonstrate that there are either "special circumstances" that militate against application of the first-filed rule or that the "balance of conveniences" strongly favors giving priority to the second action. *Adam*, 950 F.2d at 91. The party seeking to deviate from the first-filed rule has the burden on these issues. *See, e.g.*, *Citigroup*, 97 F.Supp.2d at 556. Absent such a showing, the court will adhere to the "strong presumption in favor of the forum of the first-filed suit," (*800-Flowers, Inc. v. Intercontinental Florist, Inc.*, 860 F.Supp. 128, 131-132 (S.D.N.Y. 1994)) and will enjoin the second action (*New York v. Exxon Corp.*, 932 F.2d at 1025; *Citigroup*, 97 F. Supp. 2d 549).

The City cannot demonstrate either of these factors, and so this Court should enjoin the City from prosecuting the second-filed California lawsuit.

### A.   There Are No Special Circumstances That Apply to This Case

Special circumstances exist only if the City can demonstrate that this action was an "improper anticipatory filing" or that Indian Harbor filed this action to forum shop. *Citigroup*, 97 F.Supp.2d at 556. The City cannot demonstrate either.

An "improper anticipatory filing" will only be found where a party filed a lawsuit in the face of a direct threat of litigation. *See 800-Flowers*, 860 F.Supp. at 132. A threat of litigation arises where there is an overt statement to that effect or where the parties have been engaged in negotiations which have broken down. *See id.* at 132-33; *Hanson PLC*, 932 F.Supp. at 107. Here, there was no threat of litigation by the City. (McMahon Dec. ¶ 9.) Rather, Indian Harbor denied coverage to the City with respect to the three underlying matters and promptly filed this declaratory relief action to obtain a timely judicial determination that Indian Harbor has no obligation under its policy with respect to these matters. *See also Ontel Products, Inc. v. Project Strategies Corp.*, 899 F.Supp. 1144, 1150 (S.D.N.Y. 1995) ("[T]he mere fact that an action is brought as one for a declaratory judgment 'does not necessarily [mean that it] constitute[s] an

8

anticipatory filing for purposes of an exception to the first-filed rule.'").  In addition, Indian Harbor did not engage in a "race to the courthouse."  *See*, *e.g.*, *800-Flowers*, 860 F.Supp. at 133. Indian Harbor filed this action almost two months before the City filed its lawsuit.  *See*, *e.g.*, *Toy Biz*, 990 F.Supp. at 332 (court held there was no anticipatory filing when the second action was brought three weeks after the first action).  Therefore, this lawsuit is not an improper anticipatory filing.

Indian Harbor also did not forum shop.  Indian Harbor appropriately filed a lawsuit in this Court, pursuant to the forum selection clause in the policy whereby the  parties agreed to submit to the jurisdiction of New York:

> **K.    Jurisdiction and Venue** -- It is agreed that in the event of the failure of the Company to pay any amount claimed to be due hereunder, the Company and the INSURED will submit to the jurisdiction of the State of New York and will comply with all the requirements necessary to give such court jurisdiction. Nothing in this clause constitutes or should be understood to constitute a waiver of the Company's right to remove an action to the United States District Court.

In *Reliance Insurance Company v. Six Star, Inc.*, 155 F.Supp.2d 49 (S.D.N.Y. 2001), pursuant to a provision of the policy identical to the first sentence of the forum selection clause here, the court held: "In light of the parties' prior consent to jurisdiction in the courts of New York, Defendant's argument that the suit bears only a slight connection to this forum must fail." *Id.* at 55.

Furthermore, the policy provides for application of New York law:

> **L**.    **Choice of Law** -- All matters arising hereunder including questions related to the validity interpretation, performance and enforcement of this Policy shall be determined in accordance with the law and practice of the State of New York (notwithstanding New York's conflicts of law rules.)

Indian Harbor simply filed its lawsuit in the jurisdiction called for by the policy and in the jurisdiction whose law will apply to this dispute; it has not engaged in forum shopping. Rather, it is the City – through filing its California action in direct response to Indian Harbor filing its lawsuit here – that has engaged in forum shopping.

Indian Harbor's lawsuit was not an improper anticipatory filing, and Indian Harbor did not engage in forum shopping.  Therefore, there are no special circumstances that apply to this case that justify straying from the first-filed rule.

### B.    The Balance of Convenience Does Not Overcome the Presumption of the First-Filed Lawsuit

If no special circumstances exist, a court will determine whether the balance of conveniences warrants deviation from the first-filed rule.  *See, e.g.*, *Citigroup*, 97 F.Supp.2d at 560.  The "balance of conveniences is an equitable task and an 'ample degree of discretion is afforded the district courts in determining a suitable forum.'"  *800-Flowers, Inc.*, 860 F.Supp. at 133 (quoting *First City National Bank and Trust Co. v. Simmons*, 878 F.2d at 80).

In determining the balance of conveniences,[1] the following factors are taken into account: (1) the convenience of witnesses; (2) the location of relevant documents and the relative ease of access to courses of proof; (3) the convenience of the parties; (4) the locus of the operative facts; (5) the availability of process to compel attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice based on the totality of the circumstances.  *Reliance*, 155 F.Supp.2d at 56-57 (citing *800-Flowers*, 860 F.Supp. at 133).

"There is no rigid formula for balancing these factors and no single one of them is determinative."  *Citigroup*, 97 F.Supp.2d at 561.  "In performing the analysis the Court must . . . give due deference to the plaintiff's choice of forum which 'should not be disturbed unless the balance of convenience and justice **weigh heavily** in favor of defendant's forum."  *Id.* (emphasis added); *see also Toy Biz*, 990 F.Supp. at 330 (the alternative forum urged by defendant must be "clearly more appropriate than the plaintiff's choice of forum.").

---

[1] We note that "weighing the balance of convenience under the first-filed rule involves consideration of the same factors that apply to the determination of whether transfer is appropriate under 28 U.S.C. § 1404(a)."  *Reliance*, 155 F.Supp.2d at 56.  Therefore, some of the cases cited herein are transfer cases.

The sole issue to be resolved in this case (and the second-filed California case) is whether coverage to the City under the policy is precluded because of the City's late notice to Indian Harbor of the underlying matters.  New York law applies to this determination pursuant to the choice of law clause of the policy.  This case presents a clear cut legal issue: under New York law, late notice precludes coverage, without regard to prejudice to the insurer.[2]  *See, e.g., Argo Corp. v. Greater N.Y. Mut. Ins. Co.*, 4 N.Y.3d 332, 339 (2005) (holding that the New York rule is that where an insurance policy provides that notice of an occurrence must be given "as soon as practicable," "the absence of timely notice of an occurrence is a failure to comply with a condition precedent which, as a matter of law, vitiates the contract . . . . No showing of prejudice is required. . . .").  In the circumstances here, where notice was provided two years and seven months (Grande North claim), over one year (235 On Market claim), and almost two months (Centex claim) late, coverage is precluded as a matter of New York law.  *See, e.g., American Home Assurance Co. v. Republic Ins. Co.*, 984 F.2d 76, 78 (2d Cir. 1993) (precluding coverage because of a 36-day delay in notifying the insurer; citing multiple cases, including those where delays of 10 and 53 days have been held to preclude coverage); *Nabutovsky v. Burlington Ins. Co.*, 81 A.D.3d 615 (N.Y. App. Div. 2d Dep't 2011) (3-month delay precludes coverage).

Because this is a straight-forward legal issue that can be decided under New York law as a matter of law, discovery will be extremely limited, no witness testimony will be required, and trial is not expected.  Indian Harbor discusses these issues and the other pertinent factors below in more detail.

///

///

---

[2] We note that the fairly recent changes to New York Insurance Statute § 3420 require prejudice to be shown in certain circumstances to avoid coverage for late notice when the policy is "issued or delivered" in New York after January 1, 2009.  This statute does not apply here, as the policy was not "issued or delivered" in New York.  (McMahon Dec. ¶ 6); *see, e.g., Rockland Exposition, Inc. v. Great Am. Assur. Co.*, 445 Fed.Appx. 387 (2d Cir. 2011) (applying New York common law rule (no showing of prejudice required) because the statute was not applicable to that policy).

### 1.   Convenience of the Parties

The forum selection clause in the Indian Harbor policy provides that the parties "will submit to the jurisdiction of the State of New York." (Policy, at 13.)  Pursuant to identical language, this Court held in *Reliance*:

> Because the parties agreed that New York courts would have jurisdiction of disputes arising from the denial of claims under the Policy, Defendants have no basis for challenging this forum on the basis that it is inconvenient to the parties. "Although a permissive forum selection clause is entitled to less weight than a mandatory one, the fact that both parties initially accepted the jurisdiction of the courts of New York must count. ***A forum selection clause is determinative of the convenience of the parties***." *Orix Credit Alliance, Inc. v. Mid-South Materials Corporation*, 816 F.Supp. 230, 234 (citations omitted).  Accordingly, this factor weighs in favor of a New York forum.

155 F.Supp.2d at 58 (emphasis added).

As in *Reliance*, the forum selection clause is determinative of the convenience of the parties: the City agreed to litigate disputes under the policy in New York.  The City cannot now assert that it is inconvenient for it to do so.

### 2.   Forum's Familiarity With the Governing Law

An important consideration in a diversity case is which forum will be at home with the state law that must govern the action.  *See Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508-509 (1947).  Here, pursuant to the Choice of Law clause in the policy, New York law will govern the coverage dispute between Indian Harbor and the City.[3]  Therefore, the choice of law weighs heavily in favor of having the lawsuit proceed here and weighs against this lawsuit being in California.  *See, e.g.*, *Reliance*, 155 F.Supp.2d at 59 ("In light of the Policy's provision that New York law generally governs the interpretation of the Policy, the Court finds that this factor does not weigh in favor of a Florida forum").

---

[3] For example, pursuant to GOL § 5-1401, choice of law clauses will be automatically enforced without regard to the existence of a "reasonable relation" between the contract and New York when the "transaction cover[s]" more than $250,000.  Here, the transaction certainly covers more than $250,000: the limits of the Indian Harbor policy are $10,000,000 per INSURED; the value of the claims at issue in this lawsuit may be more than $40 million; and the premium of the policy was $756,947.  GOL § 5-1401; *see also Tosapratt, LLC v. Sunset Props., Inc.*, 86 A.D.3d 768, 770-771 (N.Y. App. Div. 3d Dep't 2011) (enforcing choice of law clause based on statute).

### 3.    Weight Accorded a Plaintiff's Choice of Forum

The forum selection clause of the policy provides that the parties agree to "submit to the jurisdiction of the State of New York."  Based on this language, the diversity of the parties, and the application of New York law to this dispute, Indian Harbor filed suit here.  "Generally, plaintiff's choice of forum is entitled considerable weight, and should not be disturbed unless the balance of the several factors is ***strongly*** in favor of the defendant."  *Orb Factory, Ltd. v. Design Science Toys, Ltd.*, 6 F.Supp.2d 203, 210 (S.D.N.Y. 1998) (emphasis added).

Moreover, Indian Harbor at all relevant times has had significant contacts with New York.  XL Group plc, through its subsidiaries, is a global insurance and reinsurance company providing property, casualty and specialty products to industrial, commercial and professional firms, insurance companies, and other enterprises on a worldwide basis.  (McMahon Dec. ¶¶ 10-11.)  XL Group plc is organized into three operating segments: Insurance, Reinsurance, and Life Operations.  (Id. ¶ 11.)  XL Group plc's Insurance segment is called XL Insurance, which includes Indian Harbor.  (Id.)

Indian Harbor is a subsidiary of XL Specialty Insurance Company (which is responsible for handling claims for Pollution and Remediation Legal Liability policies issued by Indian Harbor).  (Id. ¶ 12.)  XL Specialty Insurance Company is in turn a subsidiary of XL Reinsurance America Inc., which is incorporated in New York.  (Id.)  Although Indian Harbor is a North Dakota company with a principal place of business in Stamford, Connecticut, Indian Harbor conducts the business of insurance out of multiple locations in the U.S., including an office in New York: One World Financial Center, 200 Liberty Street, 22nd Floor, New York, NY 10281.  (Id. ¶ 13.)

Many of Indian Harbor's directors, officers, and employees are located in this New York office: the CEO/President/Chairman of Indian Harbor; the General Counsel for Indian Harbor; and four of Indian Harbor's eight corporate directors.  (Id. ¶¶ 14-16.)  Moreover, the Global Head of Claims for XL Insurance, the ultimate head of the claims department and reporting chain responsible for handling the claims at issue in this action, is located in this New York office.  (Id.

¶ 17.)  In addition, XL Environmental, the XL Insurance business unit that underwrote this policy, has underwriters located in this New York office.  (Id. ¶ 18.)

Based on these contacts, and others over time, Indian Harbor has elected to include a New York choice of law clause in its Pollution and Remediation Legal Liability policies.  (Id. ¶ 19.)  Indian Harbor has chosen the law of New York in an attempt to maintain uniformity, clarity, and consistency in the application of its policies, for the benefit of itself and its policyholders.  (Id.)

For all these reasons, Indian Harbor's choice of this forum should be afforded considerable deference.

### 4.    Convenience of Witnesses and Availability of Process to Compel Attendance of Unwilling Witnesses

As set forth above, the issue of late notice under New York law can be decided as a matter of law.  Therefore, it is not expected that witnesses will be necessary.  Any witnesses' testimony that must be obtained can easily be done through declarations or deposition transcripts or videos, if necessary.

Moreover, even if there was a need for any live testimony, Indian Harbor's witnesses are in Pennsylvania – not California.  (McMahon Dec. ¶ 8.); *see Reliance*, 155 F.Supp.2d at 58 ("The Court finds that availability of witnesses who could testify as the validity of documents, the existence of the pollution condition and the terms of the Policy is equally divided between the parties.  It is well settled that such a 'balanced inconvenience alone [does] not justify a § 1404(a) transfer.").

Moreover, this Court has held: "This consideration is generally relevant only with respect to third-party witnesses, since employees of the parties will as a practical matter be available in any venue by virtue of the employment relationship."  *Citigroup*, 97 F. Supp. 2d at 561.  Here, there are no third party witnesses that appear to be necessary to the resolution of the dispositive issues.  Moreover, "the unavailability of process over third-party witnesses does not compel

transfer when the practical alternative of offering videotaped or deposition testimony of a given witness exists." *Id.*

**5.  Location of Relevant Documents and the Relative Ease of Access to Sources of Proof**

As set forth above, this case involves a single legal determination: the City is not entitled to coverage under the Indian Harbor policy as a matter of law because the City provided notice of the underlying claims late, in violation of the plain terms of the policy.  The key documents relative to this determination are: the policy; the dated form entitled "Claim Against the City of San Diego" the claimants submitted to the City (and the City received) in each of the three underlying matters; copies of the City's dated denial of those claims; the pleadings from the underlying matters; and the City's notice to Indian Harbor of these claims, all of which were received by email.  (McMahon Dec. ¶ 7.)  These documents will demonstrate the lapse in time between the City's notice of the underlying claims and the City's notice to Indian Harbor of same – two years and seven months (Grande North claim), over one year (235 On Market claim), and almost two months (Centex claim) apart.

These documents will therefore establish that the City is not entitled to coverage under the Indian Harbor policy as a matter of law.  In addition, these documents are already in both parties' possession.  To the extent further documents must be exchanged, they can easily be exchanged electronically.  *Aerotel, Ltd. v. Sprint Corp.*, 100 F.Supp.2d 189, 197 n.9 (S.D.N.Y. 2000) ("The location of documents factor is neutral in today's era of photocopying, fax machines and Federal Express.").  Moreover, the Indian Harbor documents are located in Pennsylvania (McMahon Dec. ¶ 8); at best, the burden on the parties would be equally balanced and does not weigh in favor of a California forum.  *See, e.g., Reliance*, 155 F.Supp.2d at 57 ("It appears that relative expense and access to documentary proof are equally balance between the parties, given that each would be required to ship documents to either New York or Florida.  Accordingly, this factor does not favor either forum and thus weighs against transfer.").

15

6.       **Locus of the Operative Facts**

While the underlying matters arise out of facts that took place in San Diego, California, these are not the facts that are relevant to this coverage dispute.  *See*, *e.g.*, *Reliance*, 155 F.Supp.2d at 59 ("The fact that the insured property is located in Florida, however, is not decisive.").  What is relevant to this coverage dispute is the timing of the City's tender to Indian Harbor (in Pennsylvania), which correspondence occurred by email.  *See Reliance*, 155 F.Supp.2d at 59 ("[T]he focus of the dispute is the interpretation of the Policy, not the specifics of the pollution condition.").  Therefore, this factor does not weigh significantly towards a California forum.

7.       **Relative Means of the Parties**

Here, where the sole issue in this case is a legal one that can be resolved summarily through the filing of electronic documents, the relative means of the parties is inconsequential. The costs the parties will spend in litigating this case in either New York or California will be similar.

8.       **Trial Efficiency and Interests of Justice Based on the Totality of the Circumstances**

In considering trial efficiency, courts will look at whether counterclaims could have been filed in the first-filed lawsuit.  Here, as discussed above, such counterclaims are compulsory in this lawsuit and, therefore, could have been filed here.  "Trial and efficiency and the interests of justice do not favor transfer under these circumstances."  *Reliance*, 155 F.Supp.2d  at 60.

## CONCLUSION

The City's California lawsuit was filed almost two months after Indian Harbor filed this lawsuit pursuant to the forum selection clause in its policy, the diversity of the parties, and the fact that New York law will apply to this coverage dispute.  Based on the well-recognized first-filed rule, this Court should enjoin the City from prosecuting the second-filed California lawsuit. There are no special circumstances that justify departure from this bright-line rule, and the balance of conveniences does not strongly weigh in favor of having this case litigated in

16

California.

For these and the foregoing reasons, Indian Harbor respectfully requests that this Court issue an order enjoining the City from prosecuting its later-filed California action.

Dated: October 26, 2012                    Respectfully submitted,

                                           **DUANE MORRIS LLP**

                                           Attorneys for Plaintiff Indian Harbor Insurance Company

                           By:         /s/ Jessica A. Bohl_____

                                           Jessica A. Bohl
                                           Sheila Raftery Wiggins
                                           DUANE MORRIS LLP
                                           1540 Broadway
                                           New York, NY 10036
                                           Tel. (212) 692-1000
                                           Fax. (212) 692-1020
                                           jabohl@duanemorris.com
                                           srwiggins@duanemorris.com

                                           **DUANE MORRIS LLP**
                                           Attorneys for Plaintiff Indian Harbor Insurance Company

                                           Max H. Stern (*pro hac vice*)
                                           Jessica E. La Londe (*pro hac vice*)
                                           DUANE MORRIS LLP
                                           One Market, Spear Tower, Suite 2000
                                           San Francisco, CA 94105-1104
                                           Telephone: 415.957.3000
                                           Facsimile: 415.957.3001
                                           mhstern@duanemorris.com
                                           jelalonde@duanemorris.com

DM1\3538057

17