UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

INDIAN HARBOR INSURANCE COMPANY,

      Plaintiff,

-against-

THE CITY OF SAN DIEGO,

      Defendant.

------------------------------------------------------------X

Case No. 12 CIV 5787 (JGK)
ECF Case

**DECLARATION OF J. ROBERT MCMAHON IN SUPPORT OF MOTION TO ENJOIN**

Courtroom: 12B
Judge: Hon. John G. Koeltl

Complaint Filed: July 27, 2012
F.A.C. Filed: August 14, 2012

   I, J. Robert McMahon, of full age, hereby affirm under the penalties of perjury as follows:

   1. I am an individual over eighteen years of age. Except for those matters set forth on information and belief, I have personal knowledge of all facts set forth herein and if called to testify could and would competently testify thereto.

   2. I am an Assistant Vice President & Line of Business Manager of XL Specialty Insurance Company (working in the XL Environmental unit). XL Specialty Insurance Company ("XL") is responsible for handling claims under Pollution and Remediation Legal Liability policies issued by Indian Harbor Insurance Company ("Indian Harbor"), the Plaintiff in this action. I presently am one of the individuals within XL Specialty Insurance Company that has responsibility for the handling of the claims at issue in the *Indian Harbor Insurance Company v. City of San Diego* lawsuit.

   3. The copy of the Indian Harbor policy attached as Exhibit A to the Declaration of Jessica A. Bohl (filed concurrently herewith) is a true and correct copy of the Indian Harbor

policy under which the City of San Diego is named as an Additional Named Insured and pursuant to which the claims at issue in this lawsuit are being handled.

4. As is clear from a review of the face of the policy, the Indian Harbor policy contains limits of liability of $10,000,000 each POLLUTION CONDITION, $50,000,000 aggregate liability, and a $500,000 Self-Insured Retention applicable to each POLLUTION CONDITION. (Exhibit A, p. 3.) Per Endorsement #025, the Policy contains a sublimit of $10,000,000 each POLLUTION CONDITION, and a $10,000,000 total Aggregate Liability shall apply to each INSURED. (Exhibit A, Endorsement #025.)

5. Also as is clear from a review of the face of the policy, the policy premium was $756,947. (Exhibit A, p. 3.)

6. Finally, the policy was issued from Exton, Pennsylvania and delivered in Newport Beach, California. (Exhibit A., pp. 1, 3.) The policy was not issued or delivered in New York.

7. The facts alleged in Paragraphs 14 through 31 of Indian Harbor's First Amended Complaint (filed August 14, 2012) are true and correct. As to the underlying claims (collectively referred to herein as "the Claims,") the underlying facts are relevant to this lawsuit:

    a. On August 13, 2009, The Grande North at Santa Fe Place Homeowners Association made a claim against the City by submitting City form RM-9, which is entitled "Claim Against the City of San Diego." That claim was denied by the City by letter dated August 24, 2009. The City did not tender that claim to Indian Harbor until March 26, 2012, two years and seven months after the claim was made against the City. This tender to Indian Harbor was sent by email.

    b. On May 19, 2011, 235 On Market Homeowners Association made a claim against the City by submitting City form RM-9, which is entitled "Claim Against the City of San Diego." That claim was denied by the City by letter dated June 23, 2011. The City did not

tender that claim to Indian Harbor until May 25, 2012, over one year after the claim was made against the City. This tender to Indian Harbor was sent by email.

        c.      On March 28, 2012, Centex Home, Centex Real Estate Corporation, Centex Construction Company, Inc., and Balfour Beatty Construction Company made a claim against the City by submitting City form RM-9, which is entitled "Claim Against the City of San Diego." The City rejected the claim by letter on April 9, 2012. The City did not tender that claim to Indian Harbor until May 25, 2012, almost two months after the claim was made against the City. This tender to Indian Harbor was sent by email.

        8.      At all times, Indian Harbor has handled the City's tenders of the Claims and all insurance coverage issues arising out of the Claims from its office in Exton, Pennsylvania, where I (and all other employees that have at any time worked on this matter) am located. All documents in Indian Harbor's possession related to these tenders and Claims are maintained from the Exton, Pennsylvania office. Moreover, the employees responsible for underwriting the policy are in the Exton, Pennsylvania office and all underwriting documents in Indian Harbor's possession are maintained from the Exton, Pennsylvania office.

        9.      Prior to Indian Harbor filing this lawsuit in New York federal court, Indian Harbor had received no indication that the City of San Diego was contemplating a lawsuit against Indian Harbor arising from the Claims or related to the insurance coverage issues in this lawsuit. Specifically, the City never advised Indian Harbor that it was planning to sue Indian Harbor, and the City never threatened that it would file suit against Indian Harbor if Indian Harbor did not take certain actions. In addition, at the time Indian Harbor filed this lawsuit, the parties were not engaged in settlement negotiations with respect to the Claims or the insurance coverage issues at issue in this lawsuit. Indian Harbor denied coverage to the City with respect

to the Claims and promptly filed this declaratory relief action to obtain a timely judicial determination that Indian Harbor has no obligation under its policy with respect to the Claims.

10. At all relevant times, Indian Harbor has had significant contacts with New York.

11. XL Group plc, through its subsidiaries, is a global insurance and reinsurance company providing property, casualty and specialty products to industrial, commercial and professional firms, insurance companies, and other enterprises on a worldwide basis. XL Group plc is organized into three operating segments: Insurance, Reinsurance, and Life Operations. XL Group plc's Insurance segment is called XL Insurance, which includes Indian Harbor.

12. Indian Harbor is a subsidiary of XL Specialty Insurance Company (which is responsible for handling claims for Pollution and Remediation Legal Liability policies issued by Indian Harbor). XL Specialty Insurance Company is in turn a subsidiary of XL Reinsurance America Inc., which is incorporated in New York.

13. Although Indian Harbor is a North Dakota company with a principal place of business in Stamford, Connecticut, Indian Harbor conducts the business of insurance out of multiple locations in the U.S., including an office in New York: One World Financial Center, 200 Liberty Street, 22nd Floor, New York, NY 10281.

14. The CEO/President/Chairman of Indian Harbor is located in this New York office.

15. The General Counsel for Indian Harbor is located in this New York office.

16. Four of Indian Harbor's eight corporate directors are located in this New York office.

17. The Global Head of Claims for XL Insurance, the ultimate head of the reporting chain I operate under, is located in this New York office.

18. XL Environmental, the XL Insurance business unit that underwrote this policy, has underwriters located in this New York office.

19. Based on these contacts, and others over time, Indian Harbor has elected to include a New York jurisdiction, venue, and choice of law clause in its Pollution and Remediation Legal Liability policies. Indian Harbor has done so in an attempt to maintain uniformity, clarity, and consistency in the application of its policies, for the benefit of itself and its policyholders.

I declare under penalty of perjury that the foregoing is true and correct.

Executed at Exton, Pennsylvania on October 26, 2012.

_____
J. Robert McMahon

DM1/3535979