UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

---------------------------------X
INDIAN HARBOR INSURANCE          :
COMPANY,                         :
                                 :
    Plaintiff,                  :   Case No. 12-cv-5787 (JGK-KNF)
                                 :           ECF Case
        - against -          :
                                 :
THE CITY OF SAN DIEGO,           :
                                 :
    Defendant.                  :
---------------------------------X

### REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISIDICTION AND FOR IMPROPER VENUE

Jan I. Goldsmith, City Attorney
Christine Leone
Chief Deputy City Attorney
Land Use Litigation
Office of the San Diego
City Attorney
1200 Third Ave., Suite 1100
San Diego, CA 92101
Ph. (619) 533-6392
Fax (619) 533-5856
*PRO HAC VICE*

Attorneys for Defendant
City of San Diego

# I.

## **DEFENDANT CITY OF SAN DIEGO DID NOT CONSENT TO THE JURISDICTION OF THE FEDERAL DISTRICT COURTS IN THE STATE OF NEW YORK**

Pursuant to the "Jurisdiction and Venue" clause of Indian Harbor's insurance policy, Indian Harbor and the insured agreed that they will "submit to the jurisdiction of the State of New York and will comply with all the requirements necessary to give such court jurisdiction." Only one case has been cited to this Court that has addressed whether a clause containing this precise language refers only to New York state courts, or also to federal district courts located in New York.[1] That one case is *Illinois Union Ins. Co. v. NRG Energy, Inc.*, 2010 U.S. Dist. LEXIS 130677 (S.D.N.Y. December 6, 2010), in which the court determined that Illinois Union, by filing its action in the United States District Court for the Southern District of New York, "did not file suit in the forum provided for in the policy." *Id.* at *3. In response to Illinois Union's argument that the forum selection clause imposed a geographical limitation, sanctioning suit in any New York court – federal or state, the court responded that the clause,

> by its clear terms, imposes a limitation on sovereignty—namely, that any suit will be brought in a court "of the State of New York." (Compl. Ex. A, at 10.) <u>While this Court sits in New York, it is not "of the State of New York."</u> (Id.)

*Id.* at *4 (underscore added).

Indian Harbor cites no case that has addressed the issue confronted by the court in *Illinois Union*, *i.e.*, whether the precise language contained in the subject policy's "Jurisdiction and Venue" clause refers only to New York state courts, or also to federal district courts located *in*

---

[1] The language of the "Jurisdiction and Venue" clause considered by the court in *Illinois Union* was nearly identical to the clause in the Indian Harbor policy and provided that the parties "will submit to the jurisdiction <u>of the State of New York</u> and will comply with all requirements necessary to give <u>such court</u> jurisdiction." (Underscore added.) (*See* City's Request for Judicial Notice filed concurrently herewith (page 14 of 45 of Exhibit A to the Complaint).)

New York. Instead, Indian Harbor simply concludes, contrary to the express determination made by the court in *Illinois Union*, that the "plain meaning" of the parties' agreement to submit to the jurisdiction of the State of New York "is that New York state has jurisdiction over the City such that a lawsuit can be brought in any court within that jurisdiction – state or federal." (Opposition at p. 8.) In support of that proposition, Indian Harbor cites, out of context, the statement made by the court in *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 305 F.3d 120, 124 (2d Cir. 2002), that "a district court sitting in a diversity action such as this may exercise personal jurisdiction to the same extent as the courts of general jurisdiction of the state in which it sits. Fed. R. Civ. P. 4(k)(1)(A)." However, it is quite clear from the case that this statement was made in the context of a "minimum contacts" jurisdictional analysis, and is reflective of the general rule that, subject to due process limitations, if a state's long-arm statute confers personal jurisdiction over a defendant in that state's courts of general jurisdiction, the federal courts in that state also have personal jurisdiction.[2]

The *Bank Brussels* case certainly does not, however, stand for the proposition that a defendant's *consent* to the jurisdiction of a particular state's courts operates to confer personal jurisdiction over the defendant in the federal district court(s) located in that state. To the contrary, a party who has only consented to the jurisdiction of a designated state court will not be deemed also to have consented to be sued in a federal district court located in that state. *See BlueTarp Financial, Inc. v. Melloul Blamey Construction S.C., Ltd.*, 846 F.Supp.2d 307, 318-319 (holding that absent some other ground for personal jurisdiction, the exercise of jurisdiction over

---

[2] Moreover, the advisory committee notes concerning the 1993 amendments to Fed. R. Civ. P. 4(k), the rule cited by the court at the conclusion of its quoted statement, state as follows:

> *Note to Subdivision (k)*. This subdivision replaces the former subdivision (f), with no change in the title. Paragraph (1) retains the substance of the former rule in explicitly authorizing the exercise of personal jurisdiction over persons who can be reached under state long-arm law, the "100-mile bulge" provision added in 1963, or the federal interpleader act.

3

a defendant who consented only to suit in Maine state courts would not comport with notions of "fair play and substantial justice").

Indian Harbor next reaches for support for its desired interpretation of the policy's clause in cases in which the court was neither asked to make nor made an express determination as to the issue of interpretation addressed by the court in *Illinois Union*, or in which the court addressed different policy language than is involved herein, and/or are otherwise distinguishable from the facts herein. In the first case cited by Indian Harbor, *Reliance Ins. Co. v. Six Star, Inc.*, 155 F.Supp.2d 49 (S.D.N.Y. 2001), the court addressed the policy's forum selection clause in the context of defendants' request for dismissal or transfer of the case on the grounds of forum non conveniens. *In that context*, the court determined that "[i]n light of the parties' prior consent to jurisdiction in the courts of New York, Defendant's argument that the suit bears only a slight connection to this forum must fail". *Id.* at 55. In that same context, the court went on to state that "[b]ecause the parties agreed that New York courts would have jurisdiction of disputes arising from the denial of claims under the Policy, Defendants have no basis for challenging this forum <u>on the basis that it is inconvenient to the parties</u>. Although a permissive forum selection clause is entitled to less weight than a mandatory one, the fact that both parties initially accepted the jurisdiction of the courts of New York must count." *Id.* at 58 (underscore added). The court in *Reliance* was neither asked to make nor did it make an express determination as to whether the parties' agreement to "submit to the jurisdiction of the State of New York" was an agreement to litigate in, and thus to submit to the jurisdiction of, both the state and federal courts of New York or the New York state courts only. As stated by the court in *Illinois Union* in its discussion of *Reliance*:

> Although the clause at issue in that case contained nearly the same operative language . . . nothing in that case indicates that the court considered whether the

4

>clause included a limitation regarding geography or sovereignty. Id. at 53, 55, 57-58 (citations omitted). And, even if it had, this Court would not find such an interpretation persuasive.

*Id.* at *5-6. Clearly, *Reliance* does not support Indian Harbor's contention that its desired construction of the clause "is precisely how this Court previously has interpreted this identical wording." (Opposition at p. 8.)

Similarly, in neither *Indian Harbor Ins. Co. v. Factory Mutual Ins. Co.*, 419 F.Supp.2d 395 (S.D.N.Y. 2005) nor *Stiefel v. Private Label Sourcing, LLC*, 2011 U.S. Dist. LEXIS 35619 (D.N.J. March 31, 2011), additional cases cited by Indian Harbor in its opposition, did the court make an express determination as to whether the forum selection clauses therein referred to federal district courts in New York, nor is there any indication that the parties asked the court to do so. Further, in both *The Forschner Group, Inc. v. B-Line A.G.*, 943 F.Supp. 287 (S.D.N.Y. 1996), and *In Re Clarendon National Ins. Co.*, 2001 U.S. Dist. LEXIS 13736 (S.D.N.Y. Sept. 6, 2001), the courts addressed forum selection clause language that was notably different than the provision at issue herein. In *Forschner*, the forum selection clause referred to "the jurisdiction of the courts of New York." In contrast, by the inclusion of the words "State of", the phrase "jurisdiction of the State of New York" in Indian Harbor's clause clearly reflects a limitation on sovereignty. Indian Harbor and the City agreed to "submit to the jurisdiction <u>of the State of New York</u>," and to "comply with all the requirements necessary to give <u>such court</u> jurisdiction," and thus sanctioned the bringing of a suit in New York state court, but not a federal district court in New York. That very point was made by the court in *Rogen v. Memry Corp.*, 886 F.Supp. 393 (S.D.N.Y. 1995), a case cited in the City's opening brief. In finding that a forum selection clause designating "[t]he legal tribunals of the State of New York" rendered venue in the federal district court for the Southern District of New York improper, the court stated as follows:

> The clause designates "the legal tribunals *of* the *State* of New York, not the courts "in" New York, as the agreed forum for adjudicating matters arising out of or pertaining to the Agreement. (emphasis added). The use of the word "of" and the phrase State of" [sic] is sufficiently specific and unambiguous to require that actions regarding the Agreement be litigated in New York State court. This holding is consistent with case law. In *TUC Electronics., Inc. v. Eagle Telephonics, Inc.*, 698 F.Supp. 35, 39-40 (D. Conn. 1988), the district court found that the phrase "a court of original jurisdiction of the State of New York" indicated with "reasonable clarity that the parties agreed to limit their dispute to the state courts," and, therefore, the federal court was not a proper venue. *Id*. (Noting that the forum selection clause used "of" as opposed to "in" the State of New York, and the limiting words "State of" in holding that New York state courts were the chosen forum).

*Id*. at 396. Likewise in *Clarendon*, the forum selection clause referred to "the jurisdiction of the courts of New York State, U.S.A.", a phrase which does not reflect a limitation on sovereignty as clearly as the subject policy's reference to "the jurisdiction of the State of New York." Moreover, the court in *Clarendon* analyzed the clause in the context of whether or not it was mandatory or permissive, and not in the context of whether the clause specifically conferred jurisdiction on the federal district court, such that its additional observation about the scope of the clause appears to be dicta. In that regard, the court concluded as follows:

> The forum selection clauses in the Melex contracts do not contain restrictive language and are, therefore, merely permissive. Although Clarendon could have brought this action in New York state court, the contracts did not require it to do so. Thus, this Court may hear this case as it has jurisdiction pursuant to both the Federal Arbitration Act ("FAA"), 9 U.S.C. § 4, and 28 U.S.C. § 1332.

*Id*. at *7. The court's observation appears not only to be dicta, but is directly at odds with the weight of authority. *See, e.g., Rogen, supra*, 886 F. Supp. at 396 (holding that "[t]he use of the word 'of' and the phrase 'State of'" in a forum selection clause designating "[t]he legal tribunals of the State of New York" is "sufficiently specific and unambiguous to require that actions regarding the Agreement be litigated in New York State court"); *Cronin v. Family Educ. Co.*, 105 F. Supp. 2d 136, 138 (E.D.N.Y. 2000) (concluding that forum selection clause phrases "in

the Courts of the Commonwealth of Pennsylvania" or "in 'the legal tribunals of the State of New York'" "clearly limit[] litigation to state courts") (citations omitted); *see also Illinois Union Ins. Co., supra*, 2010 U.S. Dist. LEXIS 130677, at *4; *BlueTarp, supra*, 846 F.Supp.2d at 313-314.

As the court in *Illinois Union* found, a forum selection clause providing that the parties "will submit to the jurisdiction of the State of New York" clearly imposes a limitation on sovereignty, namely, that any suit will be brought in a New York state court. *Id.* at *4. However, even if the clause was also susceptible to the meaning suggested by Indian Harbor, *i.e.*, that it allowed a lawsuit to be brought in any court in New York – state or federal – such that it was susceptible to two different meanings, the resulting ambiguity would have to be resolved against Indian Harbor as the drafter of the policy. *See City of New York v. Pullman Inc.*, 477 F.Supp. 438, 443 (S.D.N.Y. 1979) ("[w]here, as here the language [in a forum selection clause] is susceptible of both meanings, each equally plausible, it may be said to be ambiguous, in which circumstance, under normal rules of construction, the ambiguity is to be resolved in favor of [the non-drafting party]."); *see also Duane Reade, Inc. v. St. Paul Fire & Marine Ins. Co.*, 411 F.3d 384, 390 (2d Cir. 2005) (noting that under New York law, "a 'policy must . . . be construed in favor of the insured, and ambiguities, if any, are to be resolved in the insured's favor and against the insurer'") (quoting *U.S. Fid. & Guar. Co. v. Annunziata*, 67 N.Y.2d 229, 232 (1986)).

Finally, Indian Harbor concludes its argument on the jurisdictional issue with the unsupported contention that "[t]o the extent that this Court finds that the first sentence of the forum selection clause is limited to New York state courts, then this second sentence [stating that "[n]othing in this clause constitutes or should be understood to constitute a waiver of the Company's right to remove an action to a United States District Court"] confers personal jurisdiction in New York federal court. Through this clause, the City has consented to be in

federal court in New York." (Opposition at p. 14.) Indian Harbor cites no authority for the proposition that an express reservation by one party of a right to remove an action to federal court constitutes the consent by the other party that an action may be originally filed against it in federal court. Such a conclusion is, quite simply, not supported by the plain language of the policy.

As determined by the court in *Illinois Union*, the provision in the policy's "Jurisdiction and Venue" clause that the parties "will submit to the jurisdiction of the State of New York" refers to New York state court and not the federal district courts in New York. *Id.* at *4. Consent to the jurisdiction of a designated state's courts does not constitute consent to the jurisdiction of the federal district courts in that state. *See BlueTarp, supra*, 846 F.Supp.2d at 313-314. Because the City did not consent to personal jurisdiction in this Court, Indian Harbor's First Amended Complaint should be dismissed for lack of personal jurisdiction over the City.

## II.

## BECAUSE THE COURT LACKS PERSONAL JURISDICTION OVER THE CITY, PLAINTIFF'S ASSERTED BASIS FOR VENUE IN THIS COURT ALSO FAILS

Indian Harbor's only asserted basis for venue in this Court is 28 U.S.C. § 1391(b)(1), which allows an action to be brought in a judicial district in which any defendant "resides," with a defendant being deemed to reside, under § 1391(c)(2), in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question.[3] However, because the City is not subject to the personal jurisdiction of this Court with respect to this action (*see* Section I, *supra*), it is not a resident of this district, such that

---

[3] Indian Harbor states at page 14 of its opposition that "the City has omitted the relevant definition that establishes proper venue here", and then cites the "residency" definition set forth in §1391(c)(2). Indian Harbor is incorrect. The City cited the definition at footnote 6 on page 7 of its opening brief.

8

venue in this district does not lie under 28 U.S.C. § 1391((b)(1). Venue in this federal district court is therefore improper, and Indian Harbor's First Amended Complaint should be dismissed on that basis.

## III.

## CONCLUSION

For all of the reasons set forth herein and in the City's opening brief, the City respectfully requests that Indian Harbor's First Amended Complaint be dismissed, in its entirety.

DATED: November 1, 2012                          CITY OF SAN DIEGO

                                    By:    s/Christine Leone

                                           Christine Leone
                                           Chief Deputy City Attorney
                                           Land Use Litigation
                                           Office of the San Diego City
                                           Attorney
                                           1200 Third Ave., Suite 1100
                                           San Diego, CA 92101
                                           Ph. (619) 533-6392
                                           Fax (619) 533-5856
                                           E-mail: leonec@sandiego.gov
                                           *PRO HAC VICE*

                                           Attorneys for Defendant
                                           City of San Diego