**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| INDIAN HARBOR INSURANCE COMPANY, | |
| Plaintiff, | Case No. 12-cv-5787 (JGK-KNF) |
| | ECF Case |
| vs. | |
| THE CITY OF SAN DIEGO, | |
| Defendant | |

**MEMORANDUM OF LAW IN OPPOSITION TO**
**INDIAN HARBOR INSURANCE COMPANY'S MOTION TO ENJOIN**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| INDIAN HARBOR INSURANCE COMPANY,<br><br>                Plaintiff,<br><br><br>    vs.<br><br><br>THE CITY OF SAN DIEGO,<br>                Defendant | Case No. 12-cv-5787 (JGK-KNF)<br>ECF Case |

## MEMORANDUM OF LAW IN OPPOSITION TO
## INDIAN HARBOR INSURANCE COMPANY'S MOTION TO ENJOIN

## **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ..........................................................................1

STATEMENT OF FACTS ..............................................................................1

ARGUMENT ..................................................................................................3

I.    THE "FIRST-FILED" RULE CREATES A PRESUMPTION THAT
      CAN BE OVERCOME BASED ON THE CONVENIENCE OF THE
      PARTIES AND SPECIAL CIRCUMSTANCES ......................................................3

II.   THE BALANCE OF CONVENIENCE FAVORS CALIFORNIA AS
      THE APPROPRIATE VENUE ................................................................4

      A.    Convenience of the Witnesses ......................................................5

      B.    Plaintiff's Choice of Forum............................................................7

      C.    Location of Relevant Documents and Ease of Access to
            Sources of Proof.........................................................................8

      D.    Convenience of the Parties ..........................................................9

      E.    Locus of Operative Facts.............................................................9

      F.    Availability of Process to Compel Unwilling Witnesses ............................10

      G.    The Relative Means of the Parties ...............................................11

      H.    The Forum's Familiarity with the Governing Law.......................................11

      I.    Trial Efficiency and the Interests of Justice Under a Totality of
            the Circumstances......................................................................14

III.  SPECIAL CIRCUMSTANCES WEIGH AGAINST GIVING PRIORITY
      TO THE FIRST-FILED SUIT ..............................................................14

CONCLUSION............................................................................................16

i

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Allstate Ins. Co. v. Hague,*
  449 U.S. 302 (1981) ........................................................................................11, 12

*Amersham Pharmacia Biotech, Inc. v. Perkin-Elmer Corp.,*
  11 F. Supp. 2d 729 (S.D.N.Y. 1998).....................................................................4, 7

*Anadigics, Inc. v. Raytheon Co.,*
  903 F. Supp. 615 (S.D.N.Y. 1995).............................................................................7

*Arrow Electronics, Inc. v. Ducommun Inc.,*
  724 F.Supp. 264 (S.D.N.Y. 1989)....................................................................10, 14

*AVEMCO Ins. Co. v. GSF Holding Corp.,*
  No. 96 CIV. 8323 LAP, 1997 WL 566149 (S.D.N.Y. Sept. 11, 1997) .............. passim

*Berisford Capital Corp. v. Cent. States, Southeast and Southwest Areas Pension Fund,*
  677 F. Supp. 220 (S.D.N.Y. 1988)..............................................................................4

*Bionx Implants, Inc. v. Biomet, Inc.,*
  No. 99 CIV. 740(WHP), 1999 WL 342306 (S.D.N.Y. May 27, 1999) .........................9

*Coker v. Bank of Am.,*
  984 F. Supp. 757 (S.D. N.Y. 1997).............................................................4, 5, 7, 14

*Coloplast v. Amoena Corp.,*
  No. 92 Civ. 3432 (MBM), 1992 WL 346359, 25 U.S.P.Q.2D (BNA) 1549
  (S.D.N.Y. Nov. 18, 1992)............................................................................................8

*Continental Ins. Cos. v. Wickes Cos., Inc.,*
  No. 90 CIV. 8215 (KMW), 1991 WL 183771 (S.D.N.Y. Sept. 6, 1991) ..............14, 15

*Delta Air Lines, Inc. v. Assoc. of Flight Attendants, CWA,*
  720 F.Supp.2d 213 (E.D.N.Y. 2010)..........................................................................4

*Gotham Ins. Co. v. Plant Maintenance Serv. Co.,*
  No. 94 CIV. 1461 (WK), 1994 WL 714302 (S.D.N.Y. Dec. 22, 1994) ......................15

*Henderson v. Farmers Group, Inc.,*
  No. 13236529, 2012 WL 5246912 (Cal. App. Oct. 24, 2012) ...................................13

*Invivo Research, Inc. v. Magnetic Resonance Equipment Corp.,*
  119 F.Supp.2d 433 (S.D.N.Y. 2000)................................................................. passim

nydocs1-998439.4

## TABLE OF AUTHORITIES
### (continued)

**Page(s)**

*Lehman Bros. Commercial Corp. v. Minmetals Intern
Non-Ferrous Metals Trading Co.,*
179 F. Supp. 2d 118 (S.D.N.Y. 2000) .................................................................11, 12

*Matra et Manurhin v. Int'l Armament Co.,*
628 F. Supp. 1532 (S.D.N.Y. 1986) ...........................................................................8

*Motion Picture Lab. Technicians, Local 780 v. McGregor & Werner, Inc.,*
804 F.2d 16 (2d Cir. 1986) .........................................................................................3

*Palace Exploration Co. v. Petroleum Dev. Co.,*
41 F. Supp. 2d 427 (S.D.N.Y. 1998) ..........................................................................5

*Posven, C.A. v. Liberty Mut. Ins. Co.,*
303 F.Supp.2d 391 (S.D.N.Y. 2004) ........................................................................14

*Royal & Sunalliance v. British Airways,*
167 F. Supp. 2d 573, 577 (S.D.N.Y. 2001) ...............................................................9

*Royal Ins. Co. of Am. v. Tower Records, Inc.,*
No. 02-Civ. 2612(PKL), 2002 WL 31385815 (S.D.N.Y. Oct. 22, 2002)............5, 9, 10

*Royal Ins. Co. v. United States,*
998 F. Supp. 351 (S.D.N.Y. 1998) ...........................................................................10

*TM Claims Serv. v. KLM Royal Dutch Airlines,*
143 F. Supp.2d 402 (S.D.N.Y. 2001) .........................................................................9

*Transatlantic Reinsurance Co. v. Cont'l Ins. Co.,*
No. 03 Civ 3227(CBM), 2003 WL 22743829 (S.D.N.Y. Nov. 20, 2003)...................10

*William Gluckin & Co. v. Int'l Playtex Corp.,*
407 F.2d 177 (2d Cir. 1969) .......................................................................................3

**Statutes**

28 U.S.C. § 1404(a) ...............................................................................................4, 5

General Obligation Law Section 5-1401 ....................................................................11

## TABLE OF AUTHORITIES
### (continued)

**Page(s)**

**Other Authorities**

N.Y. Spons. Memo. 2008 A.B. 11541 ............................................................13

N.Y. Spons. Memo. 2008 S.B. 8610 .............................................................13

## PRELIMINARY STATEMENT

Plaintiff Indian Harbor Insurance Company ("Indian Harbor") has filed a

motion with this court to enjoin Defendant City of San Diego (the "City") from prosecuting

its declaratory judgment, breach of contract, and breach of the implied covenant of good

faith and fair dealing action against Indian Harbor now pending in the United States

District Court for the Southern District of California (Case No. 3:12-CV-02604-W-WVG)

(the "California Action").  The City, by its undersigned counsel, submits this memorandum

of law in opposition to that motion.  Indian Harbor's motion relies on the "first-filed"

presumption and the primacy of its declaratory judgment action filed in this Court on July

27, 2012.  Indian Harbor's motion must be denied because (1) The balance of

convenience and special circumstances warrant avoiding application of the first-filed

presumption, and California is the only appropriate venue for this action; (2) Important

witnesses and relevant documents are located in California; (3) The Choice of Law

provision in the Policy is unenforceable, and California law must apply to this dispute; and

(4) Judicial economy would be better served by allowing the California Action to proceed

because it involves resolution of the identical issues as the instant action.

## STATEMENT OF FACTS

The City of San Diego is a municipality organized and existing under the

laws of the State of California.  Castillo Del Muro Decl., ¶ 2;[1] see also Complaint, ¶ 3.

Indian Harbor, an insurance company, is a North Dakota corporation with its principal

place of business in Connecticut.  Complaint, ¶ 2.

---

[1]     "Castillo Del Muro Decl." refers to the Declaration of Claudia Castillo Del Muro, executed
on November 9, 2012.

On or about July 31, 2009, Indian Harbor issued and delivered its "Pollution and Remediation Legal Liability Policy" to the California State Association of Counties CSAC-2, designated as policy no. PEC002076401, for the policy period from July 1, 2009 to July 1, 2012 (the "Policy"). Castillo Del Muro Decl., ¶ 3; *see also* Complaint, ¶ 6. The City is an additional named insured under the Policy. Castillo Del Muro Decl., ¶ 3; *see also* Complaint, ¶ 8.

By the terms of the Policy, Indian Harbor promised to pay on behalf of the City for judgments or settlements of compensatory damages arising from property damage, and related defense costs, resulting from the discharge, dispersal, release, seepage, migration or escape from any covered location, including the City's sewer lines, of solid, liquid or gaseous pollutants, irritants, or contaminants, including but not limited to odors, toxic chemicals, hazardous substances and waste materials. *See* Castillo Del Muro Decl., Ex. A. Indian Harbor further promised to defend the City against any demand alleging liability or responsibility on the part of the City, including any lawsuit filed against the City. *Id.*

During the reporting period of the Policy, the City gave notice of and reported two lawsuits filed against the City in San Diego Superior Court and a third claim asserted against the City of San Diego (collectively, the "Underlying Actions"). Castillo Del Muro Decl., ¶ 6.

By three letters each dated July 27, 2012, Indian Harbor wrongfully disclaimed and denied coverage for the Underlying Actions, purportedly because the City provided late notice in violation of the notice provision of the Policy. Castillo Del Muro Decl., ¶ 7; *see also* Complaint, ¶¶ 20, 25, 31. On that same day, Indian Harbor brought this action seeking a judicial declaration that it does not have a duty to defend or

indemnify the City against the Underlying Actions.  Castillo Del Muro Decl., ¶ 7.  Indian Harbor filed its First Amended Complaint on August 14, 2012.

On September 21, 2012, the City filed a lawsuit in the Superior Court of California for the County of San Diego against Indian Harbor for declaratory relief, breach of contract, breach of the implied covenant of good faith and fair dealing, and punitive damages.  Castillo Del Muro Decl., ¶ 8.  The California Action was removed to the Southern District of California on October 25, 2012.  *Id.*

Indian Harbor's declaratory judgment action, filed on the day Indian Harbor issued its denial letters and less than two months prior to the California Action, should not take priority over the California Action.  The California Action should not be enjoined because the balance of convenience weighs in favor of California, and special circumstances exist warranting departure from the first-filed presumption.

## ARGUMENT

### I.   THE "FIRST-FILED" RULE CREATES A PRESUMPTION THAT CAN BE OVERCOME BASED ON THE CONVENIENCE OF THE PARTIES AND SPECIAL CIRCUMSTANCES

The Second Circuit generally follows the rule that as between two competing lawsuits involving substantially the same issue, "the first suit should have priority, absent the showing of balance of convenience in favor of the second action, or unless there are special circumstances which justify giving priority to the second."  *Motion Picture Lab. Technicians, Local 780 v. McGregor & Werner, Inc.*, 804 F.2d 16, 19 (2d Cir. 1986) (quoting *Fort Howard Paper Co. v. William D. Witter, Inc.*, 787 F.2d 784, 790 (2d Cir. 1986)); *William Gluckin & Co. v. Int'l Playtex Corp.*, 407 F.2d 177, 178 (2d Cir. 1969) (quoting *Remington Prods. Corp. v. Am. Aerovap, Inc.*, 192 F.2d 872 (2d Cir. 1951)). This rule merely creates a presumption, however, and is not applied in a mechanical way

that disregards other considerations. *Berisford Capital Corp. v. Cent. States, Southeast and Southwest Areas Pension Fund*, 677 F. Supp. 220, 222 (S.D.N.Y. 1988). Indeed, the court must still assess whether the balance of convenience or special circumstances warrant avoiding application of the first-filed presumption. *Invivo Research, Inc. v. Magnetic Resonance Equip. Corp.*, 119 F.Supp.2d 433, 440 (S.D.N.Y. 2000). As demonstrated below, the balance of convenience factors, as well as special circumstances, all weigh against awarding priority to Indian Harbor's earlier-filed declaratory judgment action.

## II.  THE BALANCE OF CONVENIENCE FAVORS CALIFORNIA AS THE APPROPRIATE VENUE

"Weighing the balance of conveniences in the context of a first-filed rule analysis requires consideration of the same factors that apply to the decision of whether transfer is appropriate under 28 U.S.C. § 1404(a)." *Invivo Research*, 119 F.Supp.2d at 440. Courts commonly consider such factors as (1) the convenience of witnesses, (2) the plaintiff's choice of forum, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, (7) the relative means of the parties, (8) the forum's familiarity with the governing law, and (9) trial efficiency and the interests of justice, based on the totality of the circumstances. *See Invivo Research*, 119 F.Supp.2d at 437; *see also Amersham Pharmacia Biotech, Inc. v. Perkin-Elmer Corp.*, 11 F. Supp. 2d 729, 730 (S.D.N.Y. 1998). There is no rigid formula for balancing these factors, and no single one of them is determinative, *Delta Air Lines, Inc. v. Assoc. of Flight Attendants, CWA*, 720 F.Supp.2d 213, 217 (E.D.N.Y. 2010); however, the convenience of witnesses may be the most important factor in the analysis. *See Invivo Research*, 119 F.Supp.2d at 437; *see also Coker v. Bank of Am.*, 984 F.

Supp. 757, 765 (S.D. N.Y. 1997).  Here, the balance of convenience clearly weighs in
favor of the California Action which should be allowed to proceed.

### A.    Convenience of the Witnesses

California is the most convenient forum for the witnesses.  The Southern
District of New York has recognized that the convenience of both party and non-party
witnesses is considered the single most important factor in the analysis of the § 1404
factors. *Coker*, 984 F. Supp. at 765 (citation omitted); *Invivo Research*, 119 F.Supp.2d at
437 (citing *Garrel v. NYLCare Health Plans, Inc.*, No. 98 Civ. 9077, 1999 WL 459925, at
*5 (S.D.N.Y. June 29, 1999)); *Palace Exploration Co. v. Petroleum Dev. Co.*, 41 F. Supp.
2d 427, 437 (S.D.N.Y. 1998) ("The core determination under section 1404(a) is the center
of gravity of the litigation, a key test of which is the convenience of . . . nonparty and party
witnesses.") (citation omitted).  Significantly, this District considers the convenience of the
witnesses to be a "crucial factor" under the § 1404 factors in cases involving insurance
contract disputes. *Royal Ins. Co. of Am. v. Tower Records, Inc.*, No. 02-Civ. 2612(PKL),
2002 WL 31385815, *5 (S.D.N.Y. Oct. 22, 2002) (granting §1404(a) transfer while noting
that "this Court follows other Courts in this District in considering the convenience of
witnesses to be a 'crucial factor' supporting the transfer of insurance contract
interpretation disputes"); *see also AVEMCO Ins. Co. v. GSF Holding Corp.*, No. 96 CIV.
8323 LAP, 1997 WL 566149, *7 (S.D.N.Y. Sept. 11, 1997) (considering the location,
outside of the transferor district, of a key party witness who was involved in the purchase
of the insurance policy to be "a crucial factor in determining whether to transfer a dispute
over contract interpretation").

Indian Harbor claims that no witnesses are necessary in this action
because the issue of late notice can be determined as a matter of law.  Mot. to Enjoin, p.

14. However, this argument is unavailing for two reasons. First, the parties will need witnesses to testify to facts surrounding the timing, means and provision of notice by the City to Indian Harbor. *See* Castillo Del Muro Decl., ¶ 9. Second, Indian Harbor's denial letters specifically reserve Indian Harbor's rights to deny the claims on bases other than late notice. Complaint, ¶¶ 20, 25, 31. Therefore, witness testimony will also be necessary on subjects such as the negotiation and sale of the policies and the Underlying Actions. *See* Castillo Del Muro Decl., ¶¶ 10-11.

In this case, most or all of the City's witnesses, both party and non-party, are located in California. The City's witnesses include City employees located in San Diego, California, including Jim Coldren and Janice Ellis, who would testify regarding the submission of notice of the Underlying Actions to Indian Harbor. Castillo Del Muro Decl., ¶ 9. Additional, non-party witnesses are also located in California. For example, the City would rely on non-party witnesses from the California State Association of Counties CSAC-2, including Michael Fleming, as well as current and past employees of Alliant Insurance Services, Inc., including Shawn Kraatz and Kevin Bibler, who were responsible for, and would testify regarding, the negotiation and purchase of the Policy. Castillo Del Muro Decl., ¶ 10. Further, additional witnesses with knowledge of the Underlying Actions and the damages alleged therein, including Roger Bailey and Ann Sasaki, would be necessary to establish the City's claim for coverage and damages in the coverage litigation. Castillo Del Muro Decl., ¶ 11. As the Underlying Actions are pending in California and are based on damages suffered in California, these non-party witnesses are also located in California. *Id.*

Indian Harbor has admitted that "even if there was a need for any live testimony, Indian Harbor's witnesses are in Pennsylvania," not New York. Mot. to Enjoin,

p. 14. Because "it is undisputed that none of the witnesses in this case are located in New York[,] . . . [the convenience of the witnesses] factor therefore strongly supports transfer." *Coker*, 984 F. Supp. at 765.

## B. Plaintiff's Choice of Forum

The weight normally accorded to the plaintiff's choice of forum is substantially diminished when the plaintiff has chosen a forum that is neither his home nor the place where the cause of action arose. *See Invivo Research*, 119 F.Supp.2d at 438 ("The plaintiff's choice of forum . . . is not entitled to the weight it is generally accorded when the forum chosen has no material connection to the action. This is particularly the case where, as here, the plaintiff has chosen a foreign forum."); *see also Amersham Pharmacia*, 11 F.Supp.2d at 730 ("Where . . . there is, as here, such a tenuous connection between plaintiff's claims and the Southern District of New York, the plaintiff's selection of this forum has an artificial quality that entitles a court to give it less weight."). Thus, when the connection between the forum and the facts and issues in the case is minimal, the "court need not give great weight to plaintiff's choice of forum." *Anadigics, Inc. v. Raytheon Co.*, 903 F. Supp. 615, 617 (S.D.N.Y. 1995).

While Indian Harbor attempts to materialize a connection to New York by focusing on separate corporate entities and the location of individual employees, Indian Harbor admits that it "is a North Dakota company with a principal place of business in in Stamford, Connecticut." Mot. to Enjoin, p. 13. Moreover, Indian Harbor cannot deny that this cause of action did not arise in New York because the Policy was negotiated and issued in California and the City's claims for coverage arise from the Underlying Actions pending in California. Castillo Del Muro Decl., ¶¶ 4-5; 11. Thus, this factor does not weigh in Indian Harbor's favor. *AVEMCO*, 1997 WL 566149, at *7 (finding that plaintiff's

choice of forum did not weigh in its favor where the plaintiff insurance company maintained its headquarters in Maryland and the insurance contract was executed by a New Jersey resident in New Jersey).

**C.   Location of Relevant Documents and Ease of Access to Sources of Proof**

The City's documents relevant to this litigation are located in California and include materials related to the negotiation and sale of the Policy and the City's provision of notice to Indian Harbor.  Castillo Del Muro Decl., ¶ 12.  Additionally, documents and proof concerning the value of the City's claim arise from the Underlying Actions which are pending in California.  *Id.*  These documents are potentially voluminous, and their number is growing during the pendency of the Underlying Actions.  *Id.*  Moreover, Indian Harbor admits that its documents are located in Pennsylvania, not New York.  Mot. to Enjoin, p. 15.  Thus, this factor weighs in favor of California and against New York.  *AVEMCO, supra,* 1997 WL 566149, at *8 (finding that the access of proof and trial efficiency weighed in favor of the defendant where the defendant's choice of forum was the location in which it was domiciled, the defendant kept its records relating to the dispute, and the insurance agreement was made through correspondence and telephone conversations); *Matra et Manurhin v. Int'l Armament Co.,* 628 F. Supp. 1532, 1534 (S.D.N.Y. 1986) (finding this factor tipped in favor of transferring action from New York to Virginia because defendants' documents were located in Virginia); *see also Coloplast v. Amoena Corp.,* No. 92 Civ. 3432 (MBM), 1992 WL 346359, 25 U.S.P.Q.2D (BNA) 1549, 1551 (S.D.N.Y. Nov. 18, 1992) (transferring patent infringement action to Georgia where all of defendant's business records pertaining to design, manufacture, and sale of its products were located in Georgia).

## D.   Convenience of the Parties

When weighing the convenience of the parties, the traditional starting point

under this factor is the residence of the parties. *See TM Claims Serv. v. KLM Royal*

*Dutch Airlines*, 143 F. Supp.2d 402, 405 (S.D.N.Y. 2001); *Royal & Sunalliance v. British*

Airways, 167 F. Supp. 2d 573, 577 (S.D.N.Y. 2001). "Courts in this District have favored

transferring venue in cases . . . where the plaintiff does not reside in the district where it

filed suit and the defendant is seeking transfer to the district in which it is headquartered,

because such a transfer does not generally increase the inconvenience to the plaintiff but

is much more convenient for the defendant." *Royal Ins. Co. v. Tower*, 2002 WL

31385815, at *6 (citation omitted); *see also Bionx Implants, Inc. v. Biomet, Inc.*, No. 99

CIV. 740(WHP), 1999 WL 342306, at *4 (S.D.N.Y. May 27, 1999) (holding that transfer

should be allowed where to do so "would aid one party and not disadvantage its

adversary"). Here, as a California municipality, the City is "headquartered" in California,

while Indian Harbor's principal place of business is in Connecticut. Castillo Del Muro

Decl., ¶ 2; Complaint, ¶ 2. The City's choice of forum in California should therefore be

favored because California is much more convenient than New York for the City, and no

less convenient than New York for Indian Harbor.[2]

## E.   Locus of Operative Facts

"To determine the locus of operative facts, a court must look to the 'site of

events from which the claim arises.'" *AVEMCO, supra,* 1997 WL 566149, at *6 (citing

*800- Flowers, Inc. v. Intercontinental Florist, Inc.* 860 F. Supp. 128, 134 (S.D.N.Y.

---

[2]    Indian Harbor's reliance on the "forum selection clause" is inappropriate because, as
discussed in the City's Motion to Dismiss, this clause provides for *permissive*, not
mandatory, jurisdiction in New York State court. *This* clause does not provide for
jurisdiction in the Southern District of New York.

1994)).  Specifically, when determining the locus of operative facts in a declaratory

judgment action concerning the interpretation of an insurance policy contract, this Court

has considered where the insurance contract was made.  *See Transatlantic Reinsurance*

*Co. v. Cont'l Ins. Co.*, No. 03 Civ. 3227(CBM), 2003 WL 22743829, *5 (S.D.N.Y. Nov. 20,

2003) (granting motion to transfer where "defendant has established that California was

the site of more of the events from which this claim arises than was New York"); *Royal*

*Ins. Co. v. Tower*, 2002 WL 31385815, at *2 (granting defendant's motion to transfer

where, among other things, transferee state was the place where the insurance policy

was "applied for, purchased, and delivered"); *AVEMCO*, 1997 WL 566149, at *6 (granting

the defendant's motion to transfer the declaratory judgment action to New Jersey since

the insurance policy at issue in the case arose as a result of telephone conversations

made in New Jersey and correspondence sent and received in New Jersey).  The Policy

was negotiated and sold in California on the basis of in-person meetings and telephone

communications in California, and numerous correspondence between the Alliant brokers

(in California) and the Indian Harbor underwriter.  Castillo Del Muro Decl., ¶¶ 4-5.

Therefore, this factor weighs in favor of California.

### F.   **Availability of Process to Compel Unwilling Witnesses**

The availability of compulsory process over material non-party witnesses is

an important factor in venue analysis.  *Arrow Elecs., Inc. v. Ducommun Inc.*, 724 F. Supp.

264, 265 (S.D.N.Y. 1989).  As discussed above, all of the non-party witnesses are

located in California and are subject to the subpoena power of the California court but not

that of this Court.  While it would be possible to introduce at trial the depositions of non-

party witnesses, perhaps taken by videotape, such a procedure is a poor substitute for

live testimony.  *Royal Ins. Co. v. United States*, 998 F. Supp. 351, 354 (S.D.N.Y. 1998)

(citing *In re E. Dist. Repetitive Stress Injury Litig.* 850 F. Supp. 188, 194 (E.D.N.Y. 1994)). Because there are several non-party witnesses in California, including Michael Fleming, Shawn Kraatz, Kevin Bibler, Roger Bailey and Ann Sasaki, whose testimony may be necessary to prove the City's case, this factor weighs in favor of California.  Castillo Del Muro Decl., ¶¶ 10-11.

## G.    The Relative Means of the Parties

As a corporation, Indian Harbor clearly has superior means than the City, a California municipality.  It is unseemly for Indian Harbor, with far superior means, to force the City to litigate an action in New York.  This is particularly true because, among other reasons, the City's witnesses reside in San Diego, and would be forced to travel 3,000 miles to testify in this action.  *See* Castillo Del Muro Decl., ¶¶ 9-11.  The City should not be forced to expend precious resources when the same action can be litigated in California, and actually is being litigated in California.  Moreover, Indian Harbor has already shown its willingness to litigate this matter in a foreign forum.  Complaint, ¶ 2. Thus, this factor supports litigating this dispute in the City's home state of California.

## H.    The Forum's Familiarity with the Governing Law

While General Obligation Law Section 5-1401 ("Section 5-1401") provides for the general enforceability of choice of law clauses which select New York, the statute must still remain within constitutional bounds.  *Lehman Bros. Commercial Corp. v. Minmetals Intern Non-Ferrous Metals Trading Co.*, 179 F. Supp. 2d 118, 137 (S.D.N.Y. 2000).  "A court's power to apply its own state's law in a case that affects another U.S. state is limited by both due process and the Full Faith and Credit Clause."  *Id.  See also Allstate Ins. Co. v. Hague*, 449 U.S. 302 (1981).  In determining whether to apply a choice of law clause, the "key inquiry is whether a court's application of its own state's

law is arbitrary or fundamentally unfair." *Lehman Bros.*, 179 F. Supp. 2d at 137. *See also Allstate Ins. Co.*, 447 U.S. at 312-13 (noting "for a State's substantive law to be selected in a constitutionally permissible manner, that State must have a significant contact or significant aggregation of contacts, creating state interest, such that the law is neither arbitrary or fundamentally unfair"). The *Lehman Bros.* court noted that "[i]t remains to be seen, however, whether a state with *no* connection to either the parties or the transactions could apply its own law, consonant with the Full Faith and Credit Clause, when doing so would violate an important public policy of a more interested state." *Lehman Bros.*, 179 F. Supp. at 137. Ultimately, the *Lehman Bros.* court could not resolve the issue of the scope of the Constitution's limits on the enforceability of a choice of law clause, because the party challenging the choice of law clause was a Chinese company, so principles of comity, rather than constitutional principles, prevailed. *See id.* at 137-38. However, if the Constitution is to place any meaningful limitations on the enforceability of a choice of law clause, those limitations would reach this case for two reasons: First, New York has *no contacts* to this dispute which justifies the application of New York law. Second, the application of New York law would lead to a violation of California's strong public policy against technical forfeitures.

The dispute between Indian Harbor and the City does not implicate *any* connection to the State of New York. Indian Harbor is a North Dakota corporation with its principal place of business located in Stamford, Connecticut. Complaint, ¶ 2. The City is a California municipality with its principal place of business located in San Diego, California. Complaint ¶ 3; Castillo Del Muro Decl., ¶ 2. The First Named Insured, and each Additional Insured, are located in California. Castillo Del Muro Decl., ¶ 3. The insurance broker for the Policy, Alliant Insurance Services, Inc. is located in California.

Castillo Del Muro Decl., ¶ 4.  The insurance policy at issue is a Pollution and
Remediation Legal Liability Policy covering risks only in the State of California.  *See*
Castillo Del Muro Decl., Ex. A.  The underlying lawsuits involve damage to property
located in California, and are pending in California.  Castillo Del Muro Decl., ¶ 6.  Try as
one might, there is simply no aggregation of contacts which supports the application of
New York law.  In other words, New York does not have any interest in resolving a
dispute between a North Dakota company and a California municipal corporation
regarding insurance for pollution located exclusively in California.

    Furthermore, the application of New York law would violate an important
public policy of the State of California.  California has a strong public policy against
technical forfeitures, particularly in insurance contracts.  *Henderson v. Farmers Group,
Inc.*, No. 13236529, 2012 WL 5246912, *8 (Cal. App. Oct. 24, 2012).  California has
applied that public policy in support of applying the notice-prejudice rule.  *Id.*  The New
York legislature has recognized that allowing an insurer to disclaim coverage on the
grounds of late notice, without showing prejudice, is a "technicality" and leads to "extreme
hardship."  N.Y. Spons. Memo. 2008 S.B. 8610; N.Y. Spons. Memo., 2008 A.B. 11541.
Accordingly, applying pre-Section 3420(a)(5) law in this case would result in a technical
forfeiture against the City – a result which is against California public policy.  Because
New York does not have any contacts with this matter, and because application of New
York law would violate important California public policy, the Due Process Clause and the
Full Faith and Credit Clause of the Constitution require that the New York choice of law
clause be set aside.

    Moreover, when assessing this factor "the 'fact that the law of another
jurisdiction governs the outcome of the case is a factor accorded little weight on a motion

to transfer . . . especially in an instance such as this where no complex questions of foreign law are involved.'" *Coker,* 984 F.Supp. at 766 (quoting *Vassallo v. Niedermeyer,* 495 F.Supp. 757, 760 (S.D.N.Y. 1980) (alteration in original); *see also Posven, C.A. v. Liberty Mut. Ins. Co.,* 303 F.Supp.2d 391, 405 (S.D.N.Y. 2004) ("A forum's familiarity with the governing law, however, is one of the least important factors . . . ."); *Arrow Electronics,* 724 F.Supp. at 267 (finding that the action should be transferred based on the convenience of the parties and the witnesses despite the existence of a New York choice of law clause because New York courts do not give choice of law clauses substantial weight "and a number of cases indicate specifically that choice of law should be given only minimal weight").

## I.       Trial Efficiency and the Interests of Justice Under a Totality of the Circumstances

The interests of justice would be served by declining to enjoin the California action where all of the above-referenced convenience factors weigh in favor of California. Further, as demonstrated below, the City is the "natural plaintiff" in this matter and special circumstances disfavor giving priority to the earlier-filed suit.

## III.     SPECIAL CIRCUMSTANCES WEIGH AGAINST GIVING PRIORITY TO THE FIRST-FILED SUIT

As noted above, the presumption that the first-filed action takes priority will not be applied where special circumstances exist. *Invivo Research,* 119 F.Supp.2d at 440. "The chief 'special circumstance' courts in this circuit have noted is the interest of the judicial system in discouraging forum shopping." *Continental Ins. Cos. v. Wickes Cos., Inc.,* No. 90 CIV. 8215 (KMW), 1991 WL 183771, at *5 (S.D.N.Y. Sept. 6, 1991); *see also Invivo Research,* 119 F.Supp.2d at 440 (finding a "hint of forum shopping" in the plaintiff's choice of a New York forum "given the lack of connection between the instant

action and [the New York] forum). "Indeed, numerous courts have held that the filing of an anticipatory declaratory judgment action constitutes 'special circumstances,' sufficient to warrant deviating from the general rule giving preference to the first-filed action." *Continental Ins. Cos.*, 1991 WL 183771, at *5. For example, in *Continental Ins. Cos. v. Wickes*, Continental initiated a declaratory judgment action just one day after it issued its denial letter. The Southern District of New York refused to apply the first-filed presumption because Continental "reversed the usual roles of plaintiff and defendant and deprived [the policyholder], the putative injured party, of its chance to have this dispute heard in the forum of its choice." *Id.*; *see also Gotham Ins. Co. v. Plant Maintenance Serv. Co.*, No. 94 CIV. 1461 (WK), 1994 WL 714302, at *3 (S.D.N.Y. Dec. 22, 1994). Like Continental, Indian Harbor swiftly initiated this action after issuing its denial of the City's claims, preventing the City from litigating the dispute in its home state of California. Castillo Del Muro Decl., ¶ 7. Such behavior constitutes forum shopping that prevents application of the first-filed presumption.

Additionally, "[a] lack of progress in either litigation may . . . warrant an exception to the first-filed rule." *Invivo Research*, 119 F.Supp.2d at 441 (refusing to apply the first-filed presumption where "no discovery and no hearings or conferences of any kind" had taken place in the first-filed litigation and "[i]n fact, the progress of [the first] case [was] essentially the same as the progress of its [second] sister action"). This action and the California Action were filed within a two month period. Castillo Del Muro Decl., ¶ 7-8. This constitutes a special circumstance, and "judicial economy would be better served by allowing the more convenient forum . . . to oversee the litigation of both actions." *Id.*

Because special circumstances exist, such as forum shopping and a lack of progress in both actions, the Court should deny Indian Harbor's Motion to Enjoin the California Action.

## CONCLUSION

For the foregoing reasons, the City of San Diego respectfully requests that the Court deny Indian Harbor's Motion to Enjoin.

November 12, 2012

By:  /s/ Kathleen F. Donovan
Finley T. Harckham
Kathleen F. Donovan
David P. Bender Jr.
   (pro hac vice admission pending)
Caroline R. Hurtado
   (pro hac vice admission pending)
Michael J. Stoner
   (pro hac vice admission pending)
Anderson Kill & Olick, P.C.
1251 Avenue of the Americas
New York, NY  10020
P:  (212) 278-1000
F:  (212) 278-1733

*Attorneys for the City of San Diego*

## CERTIFICATE OF SERVICE

I, Kathleen F. Donovan, HEREBY CERTIFY that a true and correct copy of the

foregoing has been served electronically via Pacer's Electronic Case Filing System

(ECF), on this 12th day of November, 2012 upon all counsel of record:

| | |
|---|---|
| Christine Megna Van Gelder  *(Pro Hac Vice)*<br>Jessica Arlauckas Bohl<br>Christine M. Megna<br>Duane Morris, LLP<br>1540 Broadway<br>New York, NY 10036<br>(212) 692-1000<br>Fax: (212) 692-1020 | Counsel for Indian Harbor<br>Insurance Company |
| Jessica E. Lalonde *(Pro Hac Vice)*<br>Max H. Stern *(Pro Hac Vice)*<br>Duane Morris, LLP<br>One Market Plaza, Spear Tower<br>San Francisco, CA 94105<br>(415) 957-2139<br>Fax: (415) 276-5887 | Counsel for Indian Harbor<br>Insurance Company |

/s/ Kathleen F. Donovan
KATHLEEN F. DONOVAN, ESQ.