UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
:
INDIAN HARBOR INSURANCE COMPANY,  :   Case No. 12 CIV 5787 (JGK)
: ECF Case
Plaintiff,  :
:
-against-  :   Date:      November 28, 2012
: Time:      4:30 p.m.
: Courtroom: 12B
THE CITY OF SAN DIEGO,  :   Judge:     Hon. John G. Koeltl
:
Defendant.  :   Complaint Filed: July 27, 2012
: F.A.C. Filed:    August 14, 2012
:
------------------------------------------------------------X

# REPLY MEMORANDUM OF LAW IN SUPPORT OF INDIAN HARBOR INSURANCE COMPANY'S MOTION TO ENJOIN

Dated: November 16, 2012

Sheila Raftery Wiggins
Jessica A. Bohl
DUANE MORRIS LLP
1540 Broadway
New York, NY 10036
Tel. (212) 692-1000
Fax. (212) 692-1020
jabohl@duanemorris.com
srwiggins@duanemorris.com

Max H. Stern (*pro hac vice*)
Jessica E. La Londe (*pro hac vice*)
DUANE MORRIS LLP
One Market, Spear Tower, Suite 2000
San Francisco, CA 94105-1104
Telephone: 415.957.3000
Facsimile: 415.957.3001
mhstern@duanemorris.com
jelalonde@duanemorris.com

Attorneys for Plaintiff Indian Harbor Insurance Company

## **TABLE OF CONTENTS**

**Page**

INTRODUCTION ..........................................................................................................................1

ARGUMENT ..................................................................................................................................1

I.  The Balance of Conveniences Does Not Weigh In Favor of a California Forum ...............2

    A.  Convenience of the Parties........................................................................................ 2

    B.  Forum's Familiarity With the Governing Law ......................................................... 3

    C.  Weight Accorded a Plaintiff's Choice of Forum ...................................................... 5

    D.  Conveniences of Witnesses and Availability of Process to Compel Attendance of Unwilling Witnesses.................................................................... 6

    E.  Location of Relevant Documents and the Relative Ease of Access to Sources of Proof......................................................................................................... 8

    F.  Locus of the Operative Facts .................................................................................... 9

    G.  Relative Means of the Parties ................................................................................... 9

    H.  Trial Efficiency and Interests of Justice................................................................... 9

II. There Are No Special Circumstances That Apply Here.....................................................10

CONCLUSION.............................................................................................................................10

# **TABLE OF AUTHORITIES**

**Cases** Page(s)

*800-Flowers, Inc. v. Intercontinental Florist, Inc.*
  860 F.Supp. 128 (S.D.N.Y. 1994) .................................................................................... 2

*Aerotel, Ltd. v. Sprint Corp.*
  100 F.Supp.2d 189 (S.D.N.Y. 2000) ................................................................................ 8

*Allstate Ins. Co. v. Hague*
  449 U.S. 302 (1981) .......................................................................................................... 3

*American Home Assurance Co. v. Republic Ins. Co.*
  984 F.2d 76 (2d Cir. N.Y. 1993) ...................................................................................... 7

*Arrow Electronics, Inc. v. Ducommun, Inc.*
  724 F. Supp. 264 (S.D.N.Y. 1989) ................................................................................... 6

*Breeden v. Tricom Bus. Sys.*
  244 F.Supp.2d 5 (N.D.N.Y 2003) .................................................................................... 5

*Citigroup, Inc. v. City Holding Co.*
  97 F.Supp.2d 549 (S.D.N.Y. 2000) ......................................................................... 2, 7, 10

*Ferens v. John Deere Co.*
  494 U.S. 516 (1990) .......................................................................................................... 5

*Lehman Bros. Comm. Corp. v. Minmetals*
  179 F.Supp.2d 118 (S.D.N.Y. 2000) .............................................................................. 3-5

*Lincolnshire Mgmt. v. Seneca Ins. Co.*
  2002 Cal. App. Unpub. LEXIS 8669 (Cal. App. 4th Dist. Sept. 16, 2002) ...................... 4

*Nabutovsky v. Burlington Ins. Co.*
  81 A.D.3d 615 (N.Y. App. Div. 2d Dep't 2011) .............................................................. 7

*New York v. Exxon Corp.*
  932 F.2d 1020 (2d Cir. N.Y. 1991) .................................................................................. 2

*Orix Credit Alliance, Inc. v. Mid-South Materials Corp.*
  816 F.Supp. 230 (S.D.N.Y. 1993) .................................................................................... 2

*Reliance Insurance Company v. Six Star, Inc.*
  155 F.Supp.2d 49 (S.D.N.Y. 2001) ......................................................................... 2, 7, 10

*Rosco, Inc. v. TIG Ins. Co.*
  1996 U.S. Dist. LEXIS 18697 (N.D. Cal. Dec. 5, 1996), *reversed by Rosco, Inc. v.*
  *TIG Ins. Co.*, 1998 U.S. App. LEXIS 2745 (9th Cir. Cal. Feb. 18, 1998) ........................ 4

*Schnabel v. Ramsey Quantitative Sys.*
  322 F. Supp. 2d 505 (S.D.N.Y. 2004) ............................................................................ 10

*Sun Forest Corp. v. Shvili*
    152 F.Supp.2d 367 (S.D.N.Y. 2001) ............................................................................... 4

*Supply & Building Co. v. Estee Lauder Int'l, Inc.*
    No. 95 Civ. 8136, 2000 U.S. Dist. LEXIS 2086 (S.D.N.Y. Feb. 25, 2000) .................... 4-5

*Tosapratt, LLC v. Sunset Properties, Inc.*
    86 A.D.3d 768, 926 N.Y.S.2d 760 (3d Dept. 2011) ....................................................... 4

*Toy Biz v. Centuri Corp.*
    990 F. Supp. 328 (S.D.N.Y. 1998) ............................................................................... 10

*Usach v. Tikhman*
    2011 U.S. Dist. LEXIS 141155 (S.D.N.Y. Dec. 7, 2011) ............................................... 4

**Statutes**

N.Y. GOL § 5-1401 ................................................................................................... 1, 3-4

Plaintiff Indian Harbor Insurance Company ("Indian Harbor") respectfully submits this reply memorandum of law in support of its Motion to Enjoin.

## INTRODUCTION

The City contractually agreed to have this dispute decided in New York court according to New York law.  Now, in an effort to avoid the clear terms of the insurance policy, the City argues that this case should be heard in a later-filed California lawsuit because the "balance of conveniences" allegedly justifies this Court ignoring the New York forum selection clause and the well-recognized presumption that the first-filed case should decide a dispute.  The City does so by citing to twenty-five cases – not one of which involves a forum selection clause.  The forum selection clause the parties agreed to weighs heavily in favor of keeping this case in this Court and is *determinative* of the parties' convenience.

No other factor tips the scales overwhelmingly in favor of California, justifying a deviation from the parties consent to jurisdiction in New York, the parties agreement to New York law, and the first-filed rule.  This case involves a bright-line legal issue under New York law that can be resolved with minimal (if any) discovery and on motions for summary judgment: the City provided notice of the underlying claims late, which precludes coverage as a matter of New York law – the law specified to control in the contract.  The City has failed to point to a single disputed fact going to this issue and has therefore failed to state how its purported witnesses and documents are relevant to the issue facing this Court.  Moreover, the City has not pointed to a single reason why New York law will not be applied to this case, given the choice of law clause in the policy and the clear mandate of General Obligation Law section 5-1401, or a single case that has refused to apply section 5-1401 in the circumstances we have here.

For these reasons, Indian Harbor respectfully requests that this Court grant Indian Harbor's motion to enjoin the City from prosecuting its later-filed California lawsuit.

## ARGUMENT

The City does not dispute that there is a presumption that this action should have priority pursuant to this Circuit's well-established first-filed rule and does not dispute that this Court has

1

the authority to enjoin the City from prosecuting the second-filed California lawsuit. Instead, the City unconvincingly argues that the "balance of conveniences" weighs in favor of disregarding this presumption and – despite the City's consent to jurisdiction here and agreement that New York law governs this dispute – urges this Court to decline jurisdiction in favor of a California lawsuit filed almost two months after this lawsuit was filed. In support of its "convenience" argument, the City cites to a host of cases, not one of which involve a contract with a New York forum selection clause.

There is a "strong presumption in favor of the forum of the first-filed suit." *800-Flowers, Inc. v. Intercontinental Florist, Inc.*, 860 F.Supp. 128, 131-132 (S.D.N.Y. 1994) (citing *New York v. Exxon Corp.*, 932 F.2d 1020, 1026 (2d Cir. N.Y. 1991)). The City has not met its burden of demonstrating that the balance of conveniences weighs heavily in favor of disregarding this presumption. *Citigroup, Inc. v. City Holding Co.*, 97 F.Supp.2d 549, 556 (S.D.N.Y. 2000).

I. **The Balance of Conveniences Does Not Weigh In Favor of a California Forum**

   A. **Convenience of the Parties**

The City completely ignores that the existence of a forum selection clause like the one here is *determinative* of the convenience of the parties. *Reliance Insurance Company v. Six Star, Inc.*, 155 F.Supp.2d 49 (S.D.N.Y. 2001). In *Reliance*, the court was faced with a permissive forum selection clause almost identical to the one at issue here and looked no further than the forum selection clause in the insurance policy to rule on the "convenience of the parties" issue: given the existence of the forum selection clause, "Defendants have no basis for challenging this forum on the basis that it is inconvenient to the parties." *Id.* at 58; *see also Orix Credit Alliance, Inc. v. Mid-South Materials Corp.*, 816 F.Supp. 230 (S.D.N.Y. 1993).

It is undisputed that there is a forum selection clause in the policy. Through the forum selection clause, the parties have agreed that this dispute may be resolved in New York. Under the foregoing authority, the clause disposes of any challenge that New York is inconvenient for the parties and, therefore, is a factor that weighs heavily in favor of this Court retaining jurisdiction over this first-filed case.

### B. Forum's Familiarity With the Governing Law

There is undisputedly a New York choice of law clause in the policy. Section 5-1401 of the General Obligation Law mandates application of New York law pursuant to the parties' choice. The City does not dispute that the prerequisites for application of section 5-1401 have been met. Instead, the City argues that constitutional concerns, in theory, could preclude application of this statute. However, the City cites to *no* case that has refused to apply 5-1401 on constitutional grounds and certainly no case that has refused to apply section 5-1401 in a situation where the parties have agreed to New York courts for resolution of their disputes; Indian Harbor knows of no such case. Indeed, the very case that the City cites to, *Lehman Bros. Comm. Corp. v. Minmetals*, 179 F.Supp.2d 118, 137 (S.D.N.Y. 2000), ultimately applied the New York choice of law clause, stating that there were no constitutional concerns in the case. (*Allstate Ins. Co. v. Hague*, 449 U.S. 302 (1981), also cited by the City, does not involve a choice of law clause and is thus completely inapposite.) Section 5-1401 clearly applies here and the New York choice of law clause will be enforced.

The City argues that a court might refuse to apply section 5-1401 in a situation where the parties and transaction have "no connection" to New York. Again, the City has failed to cite to a case that has ever declined to apply section 5-1401 based on a lack of contacts, and this argument is contrary to the clear terms of the statute and New York case law. *See* Section 5-1401 (stating that New York choice of law clause will be enforced "whether or not such contract, agreement or undertaking bears a reasonable relation to this state"); *see also Lehman Bros.*, 179 F.Supp.2d at 136 (Section 5-1401 is enforceable without regard to a reasonable relationship).

Furthermore, even if some contact between a party (or the transaction) and New York was required, it cannot seriously be disputed that such contacts exist here. The parties agreed in their contract to have this dispute resolved in New York – the transaction therefore bears an important relationship to New York.[1] Moreover, Indian Harbor itself has significant contacts

---

[1] The Declaration of Claudia Castillo Del Muro submitted in support of the City's opposition states that the policy was negotiated between the California State Association of Counties ("CSAC") and Alliant in California; as an employee of the City (not CSAC or Alliant), she lacks personal knowledge regarding where these parties negotiated the policy.

3

with New York: its Global Head of Claims, underwriters for the relevant unit, CEO/President/Chairman, General Counsel, and four of its eight directors are located in New York.  (McMahon Dec. ¶¶ 13-19.)  It certainly cannot be said that Indian Harbor has "no connection" with New York, as argued by the City.

The City also argues that a New York court might refuse to apply section 5-1401 when New York law is contrary to another state's public policy.  Once again, the City fails to cite to a single New York case that has declined to apply section 5-1401 in such a circumstance.  To the contrary, *Lehman Bros.*, cited by the City, noted that section 5-1401 "clearly does not include an exception for violations of another jurisdiction's public policy," that any purported public policy limitation to the statute has been rejected by New York courts, and that section 5-1401 itself "codifies New York's 'strong public policy interest' in enforcing parties' contractual selections of New York law."  *Lehman Bros.*, 179 F.Supp.2d at 137 (citing and quoting *Supply & Building Co. v. Estee Lauder Int'l, Inc.*, No. 95 Civ. 8136, 2000 U.S. Dist. LEXIS 2086 (S.D.N.Y. Feb. 25, 2000)); *see also Usach v. Tikhman*, 2011 U.S. Dist. LEXIS 141155 (S.D.N.Y. Dec. 7, 2011) ("For agreements governing transactions worth more than $250,000, the parties' New York choice of law clause is enforceable 'even if, under a traditional choice of law analysis, the application of the chosen law would violate a fundamental public policy of another, more interested jurisdiction.'  *Tosapratt, LLC v. Sunset Properties, Inc.*, 86 A.D.3d 768, 770, 926 N.Y.S.2d 760 (3d Dept. 2011); *see also Sun Forest Corp. v. Shvili*, 152 F.Supp.2d 367, 388 (S.D.N.Y. 2001) ('Section 5-1401 does not provide for any exceptions that would permit a court to decline to enforce a choice-of-law clause if the clause would infringe a fundamental public policy interest of the conflicting jurisdiction.').").

Moreover, those California cases that have faced a choice of law decision as to whether to apply New York's strict notice requirement have not found that California's interests override other factors.  *Lincolnshire Mgmt. v. Seneca Ins. Co.*, 2002 Cal. App. Unpub. LEXIS 8669 (Cal. App. 4th Dist. Sept. 16, 2002); *see also Rosco, Inc. v. TIG Ins. Co.*, 1996 U.S. Dist. LEXIS

4

18697 (N.D. Cal. Dec. 5, 1996), *reversed by Rosco, Inc. v. TIG Ins. Co.*, 1998 U.S. App. LEXIS 2745 (9th Cir. Cal. Feb. 18, 1998).

The City has cited no authority that holds that any purported California public policy on the late notice issue trumps the New York legislature's determination that New York has a strong public policy of enforcing New York choice of law clauses. Section 5-1401 is "a broad choice of law provision clearly written to leave ***no doubt*** that New York substantive law applies when it is provided for in certain contracts." *Lehman Bros.*, 179 F.Supp.2d at 136-137 (citing *Supply & Building Co.* at *3) (emphasis added). The parties chose New York law, and there is no basis not to enforce that choice.

That New York law applies to this dispute, pursuant to the parties' contractual agreement, weighs in favor of this Court retaining jurisdiction. *See*, *e.g.*, *Breeden v. Tricom Bus. Sys.*, 244 F.Supp.2d 5 (N.D.N.Y 2003) (citing *Ferens v. John Deere Co.*, 494 U.S. 516 (1990)) ("The forum selection clause also contains a choice of law provision which provides New York law is to govern the contract. The presence of this provision disfavors transfer.").

### C. Weight Accorded a Plaintiff's Choice of Forum

None of the cases cited by the City in support of its argument on the point of the plaintiff's choice of forum involve a choice of forum clause or a choice of law clause. Therefore, the cases cited by the City should be afforded no weight on this issue. Indian Harbor chose this forum based on the choice of New York courts and New York law in the policy, and its choice should not be disturbed.

Aside from the arguments raised in its Motion to Dismiss, the City has cited no reason the Court should not enforce the forum selection clause here. The City raises a vague argument that Indian Harbor has "materialized" a connection to New York in order to have this case proceed here. This argument wholly fails to recognize that the parties *agreed* to this forum. In addition, the City has not cited any authority stating that an analysis of "connections" is relevant to whether a forum selection clause is recognized. It is completely contrary to the facts to say that Indian Harbor has no connection to New York: Indian Harbor conducts the business of

insurance out of an office in New York; Indian Harbor has its Global Head of Claims in this New York office; underwriters for the relevant unit are located in this New York office; Indian Harbor's CEO/President/Chairman is in this New York office; the General Counsel for Indian Harbor is in this New York office; four of Indian Harbor's eight corporate directors are in this New York office. (McMahon Dec., ¶¶ 13-19.) In light of these strong connections to New York, it is specious for the City to argue that Indian Harbor is attempting to "materialize a connection to New York."

New York is the location the parties agreed to for resolution of disputes like this one, and New York is the law the parties selected. That Indian Harbor followed through with the parties' consent to jurisdiction here and chose this forum should be afforded substantial weight.

> **D.  Conveniences of Witnesses and Availability of Process to Compel Attendance of Unwilling Witnesses**

As fully discussed in Indian Harbor's moving papers, the late notice issue that is the topic of this litigation is a legal issue that can be resolved on motions for summary judgment: the City provided notice of the relevant claims to Indian Harbor late, in violation of the Indian Harbor policy, which precludes coverage as a matter of New York law. The City has not adequately explained why this issue is not a legal one, why witnesses are necessary in this case, and what purported facts the purported witnesses would testify to that are disputed in this case. Therefore, the unsurprising and expected fact that the City has employees in California – which it knew at the time of contracting the insurance policy – does not weigh significantly in favor of a California forum and should be disregarded.

Throughout its discussion, the City has not cited to a single instance of a disputed fact that would need to be resolved in this case. Both Indian Harbor's Complaint and the declaration in support of its Motion to Enjoin set forth in detail the few, simple facts necessary to resolve the late notice issue. In opposition to Indian Harbor's motion, the City has not identified a single one of these that is in dispute, has not articulated what additional facts it believes would be necessary to resolve this issue, and has not stated why the general topics it identifies are relevant to this case. *See*, *e.g.*, *Arrow Electronics, Inc. v. Ducommun, Inc.*, 724 F. Supp. 264, 267

(S.D.N.Y. 1989) (the party promoting a different forum must has to identify the witnesses and what their testimony will cover). This case involves very straight-forward facts subject to New York law regarding late notice that can be resolved on summary judgment. *See, e.g., American Home Assurance Co. v. Republic Ins. Co.*, 984 F.2d 76 (2d Cir. N.Y. 1993) (upholding district court's grant of insurers' summary judgment motion on late notice grounds); *Nabutovsky v. Burlington Ins. Co.*, 81 A.D.3d 615, 616 (N.Y. App. Div. 2d Dep't 2011) (court held that insurer's motion for summary judgment on untimely notice should have been granted by lower court). The City has cited no authority for its bald assertion that the no-prejudice rule in New York would not apply here.

The City also cites to the fact that Indian Harbor's witnesses are in Pennsylvania, not New York. However, in *Reliance*, 155 F.Supp.2d 49, this Court found that as between plaintiff insurer who had witnesses "nearby in Philadelphia" and defendant insured who had witnesses in Florida, the burden was "equally divided between the parties" and that such a "balanced inconvenience" does not weigh in favor of transfer. *Id.* at 58.

Significantly, none of the cases cited by the City involve a forum selection or choice of law clause. The parties agreed to have their disputes resolved in New York according to New York law. The location of the party witnesses therefore should not be a factor. *See, e.g., Citigroup*, 97 F.Supp.2d at 561 ("This consideration is generally relevant only with respect to third-party witnesses, since employees of the parties will as a practical matter be available in any venue by virtue of the employment relationship."). Even if the third-party witnesses could provide relevant testimony on disputed facts, Indian Harbor notes that many of the non-party witnesses identified by the City are employees of the First Named Insured of the Indian Harbor policy (CSAC) – they are the ones who initially purchased the policy with the New York forum selection clause, to which the City was added. Therefore, this factor should not carry any of the weight it could as in cases where the non-parties are third parties without any relationship to the contract. In addition, the City's opposition contains mere speculation that non-party witnesses

7

are not within the subpoena power of this Court or that testimony by videotaped deposition would be insufficient.

Witness testimony, or at least live witness testimony, will most likely not be necessary in this case. The City's claims regarding what witness testimony will be necessary are trumped up, and the City has failed to cite to a single disputed issue in this case. At best, any inconvenience of any witnesses is similarly divided between the parties and is not a factor that overcomes the parties' choice of forum and the first-filed rule.

### E.  Location of Relevant Documents and the Relative Ease of Access to Sources of Proof

The City has not adequately explained why the evidence that Indian Harbor cited in its moving papers – already in both parties' possession – will be insufficient to resolve the issues in this case. In addition, the City has cited to no documents that must be exchanged in this litigation for the Court to make its determination of the late notice issue. Nor has it cited to any reason why any documents could not be exchanged electronically. The City cites cases from the 1980s and 1990s that have used the location of documents as an element weighing in favor of transferring venue. However, these older cases no longer reflect the realities of litigation in 2012: all documents can be exchanged electronically. *See, e.g., Aerotel, Ltd. v. Sprint Corp.*, 100 F.Supp.2d 189, 197 n.9 (S.D.N.Y. 2000) ("The location of documents factor is neutral in today's era of photocopying, fax machines and Federal Express.").

In fact, the City has already provided Indian Harbor with tens of thousands of pages of documents by CD, and there is no reason why it could not do so again. Moreover, the law firms retained by both Indian Harbor and the City have offices in New York and California.[2] Therefore, this factor also does not materially weigh in favor of a California venue.

---

[2] The Declaration of Ms. Del Muro contains very vague and speculative statements that the documents are "potentially voluminous," but she does not provide any specific information regarding how many documents are at issue, does not state whether these documents are in paper or electronic format, and does not state whether it would be possible to provide these documents in an electronic format.

8

**F.     Locus of the Operative Facts**

The facts relevant to the late notice issue that is the topic of this lawsuit are partially electronically based (the giving of notice to an insurer by e-mail) and, therefore, do not have a "locus" in any particular jurisdiction.  And the facts relevant to Indian Harbor's receipt of notice are, if anything, based in Pennsylvania.  Where the relevant facts are located electronically and in both California and Pennsylvania, this factor does not weigh heavily in favor of or against a particular jurisdiction.  In addition, the locus of operative facts should be of diminished importance here, where the issue in this case can be resolved on a legal motion with citation to undisputed facts.

**G.     Relative Means of the Parties**

The City consented to jurisdiction in New York in the insurance policy and should not now be heard to complain that it does not have the means to litigate here.  The City has not cited to a single New York case that has found that the relative means of the parties weighs in favor of a jurisdiction other than the jurisdiction agreed to by the parties.  Moreover, the City, while a municipality, is a large one with considerable resources.  The City of San Diego is the eighth largest city in the United States and the second largest city in California.  *See* City of San Diego website, 2013 Budget, City Profile.[3]  The City's 2013 budget is $2.75 billion and the City's 2013 city attorney budget is $43 million.  *See* City of San Diego, 2013 Budget, Executive Summary section[4] and City Attorney section,[5] respectively.  Given that both parties have sufficient resources to litigate this case, this factor does not weigh in favor of disregarding the parties' choice of forum and the first-filed rule.

**H.     Trial Efficiency and Interests of Justice**

The City has not disputed Indian Harbor's point that any and all claims between the parties can be asserted in this lawsuit.  As set forth in Indian Harbor's moving papers, this fact is

---

[3] Available at: http://www.sandiego.gov/fm/annual/pdf/fy13/vol1/v1cityprofile.pdf.

[4] Available at: http://www.sandiego.gov/fm/annual/pdf/fy13/vol1/v1executivesummary.pdf.

[5] Available at: http://www.sandiego.gov/fm/annual/pdf/fy13/vol2/v2cityattorney.pdf.

9

determinative of this aspect of the test. *Reliance*, 155 F.Supp.2d at 60. The City agreed to New York forum and New York law; that should also be determinative of the trial concerns and interests of justice.

## II.     There Are No Special Circumstances That Apply Here

The City's argument for special circumstances turns the concept of forum-shopping on its head. It is not forum-shopping to file suit here where the parties consented to jurisdiction in New York. *See*, *e.g.*, *Reliance*, 155 F.Supp.2d at 55. In none of the cases cited by the City in support of its argument is there a forum selection clause. The City, not Indian Harbor, has forum-shopped here by bringing a second-filed lawsuit in California and trying to frustrate the contractual language of the insurance policy, including the New York forum selection clause, the New York choice of law clause, and the requirement for prompt notice.

In addition, this Court has found that what the City suggests is a short period of time, still warrants application of the first-filed rule. *See*, *e.g.*, *Toy Biz v. Centuri Corp.*, 990 F. Supp. 328 (S.D.N.Y. 1998) (three weeks); *Citigroup*, 97 F.Supp.2d 549 (five weeks); *Schnabel v. Ramsey Quantitative Sys.*, 322 F. Supp. 2d 505, 509 (S.D.N.Y. 2004) (six weeks). The City has not articulated any material reason why the bright-line first-filed rule should not apply here.

## CONCLUSION

This action was filed first, and the balance of conveniences do not heavily outweigh the first-filed presumption, the parties consent to jurisdiction in New York, and the parties' choice of New York law. This Court should grant Indian Harbor's motion to enjoin the City from prosecuting the second-filed California lawsuit.

Dated: November 16, 2012          Respectfully submitted,

**DUANE MORRIS LLP**

Attorneys for Plaintiff Indian Harbor Insurance Company

By:      /s/ Jessica A. Bohl
         Jessica A. Bohl

10