**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
                                                    :   Case No. 12 CIV 5787 (JGK)
INDIAN HARBOR INSURANCE COMPANY,    :         ECF Case
                                                    :
            Plaintiff,                              :   **INDIAN HARBOR INSURANCE**
                                                    :   **COMPANY'S ANSWER TO THE**
                                                    :   **CITY OF SAN DIEGO'S**
            -against-                               :   **COUNTERCLAIM**
                                                    :
THE CITY OF SAN DIEGO,                              :
                                                    :
            Defendant.                              :   Courtroom:   12B
                                                    :   Judge:       Hon. John G. Koeltl
                                                    :
                                                    :   Counterclaim Filed: July 27, 2012
                                                    :   F.A.C. Filed:      August 14, 2012
-------------------------------------------------------------X

COMES NOW Defendant INDIAN HARBOR INSURANCE COMPANY (hereinafter "Indian Harbor") by and through its undersigned counsel of record, Duane Morris LLP, and hereby responds to THE CITY OF SAN DIEGO'S (hereinafter "City") Counterclaim, on file herein, by admitting, denying, and alleging as follows:

1.-40.   Paragraphs 1-40 consist of the City's Answer to Indian Harbor's First Amended Complaint and do not require a response herein.

## THE PARTIES

41.      Indian Harbor has neither knowledge nor information sufficient to form a belief about the allegations contained in paragraph 41 of the Counterclaim, and therefore denies the allegations therein.

42.      Indian Harbor admits the allegations in paragraph 42 of the Counterclaim.

## NATURE OF THE ACTION

43.      Paragraph 43 of the Counterclaim consists of legal theory, argument, and conclusions that require no response herein.  To the extent that paragraph 43 contains any factual allegations, Indian Harbor admits that it contends it is not obligated to defend or indemnify the City in the Grande North Lawsuit, the 235 On Market Lawsuit, and the Centex claim and that the

City disagrees with this contention.  Indian Harbor denies each and every other allegation of paragraph 43 of the Counterclaim.

## GENERAL ALLEGATIONS

44.     Indian Harbor admits the allegations in paragraph 44 of the Counterclaim but clarifies that, per Endorsement #025, the Policy contains a limit of $10,000,000 each POLLUTION CONDITION, and a $10,000,000 total Aggregate Liability limit for each INSURED.  Indian Harbor denies the allegations in paragraph 44 to the extent inconsistent with this clarification.

45.     In response to paragraph 45 of the Counterclaim, Indian Harbor admits that it issued the policy set forth in paragraph 44, and that this policy's coverage, terms, conditions, and exclusions speak for themselves.  Indian Harbor denies each and every other allegation in paragraph 45 of the Counterclaim.

46.     In response to paragraph 46 of the Counterclaim, Indian Harbor admits that it issued the policy set forth in paragraph 44, and that this policy's coverage, terms, conditions, and exclusions speak for themselves.  Indian Harbor denies each and every other allegation in paragraph 46 of the Counterclaim.

47.     In response to paragraph 47 of the Counterclaim, Indian Harbor admits that it issued the policy set forth in paragraph 44, and that this policy's coverage, terms, conditions, and exclusions speak for themselves.  Indian Harbor denies each and every other allegation in paragraph 47 of the Counterclaim.

48.     In response to paragraph 48 of the Counterclaim, Indian Harbor admits that it issued the policy set forth in paragraph 44, and that this policy's coverage, terms, conditions, and exclusions speak for themselves.  Indian Harbor denies each and every other allegation in paragraph 48 of the Counterclaim.

49.     In response to paragraph 49 of the Counterclaim, Indian Harbor admits that it issued the policy set forth in paragraph 44, and that this policy's coverage, terms, conditions, and

exclusions speak for themselves.  Indian Harbor denies each and every other allegation in paragraph 49 of the Counterclaim.

50.     In response to paragraph 50 of the Counterclaim, Indian Harbor admits that it issued the policy set forth in paragraph 44, and that this policy's coverage, terms, conditions, and exclusions speak for themselves.  Indian Harbor denies each and every other allegation in paragraph 50 of the Counterclaim.

51.     In response to paragraph 51 of the Counterclaim, Indian Harbor admits that it issued the policy set forth in paragraph 44, and that this policy's coverage, terms, conditions, and exclusions speak for themselves.  Indian Harbor denies each and every other allegation in paragraph 51 of the Counterclaim.

52.     In response to paragraph 52 of the Counterclaim, Indian Harbor admits that on September 9, 2009 (not September 10, 2009), The Grande North at Santa Fe Place Homeowners Association filed a lawsuit in the San Diego County Superior Court that named the City as a defendant ("Grande North Lawsuit").  Indian Harbor admits that paragraph 52 of the Counterclaim is an accurate summary of some of the allegations against the City in the Grande North Lawsuit.  However, the pleadings in the Grande North Lawsuit speak for themselves, and Indian Harbor denies each and every allegation to the extent inconsistent with the pleadings in the Grande North Lawsuit.

53.     In response to paragraph 53 of the Counterclaim, Indian Harbor admits that on September 2, 2011, the 235 On Market Homeowners Association filed a lawsuit in the San Diego County Superior Court that named the City as a defendant ("235 On Market Lawsuit").  Indian Harbor admits that paragraph 53 of the Counterclaim is an accurate summary of some of the allegations the 235 On Market Homeowners Association made against the City in the 235 On Market Lawsuit.  However, the pleadings in the 235 On Market Lawsuit speak for themselves, and Indian Harbor denies each and every allegation to the extent inconsistent with the pleadings in the 235 On Market Lawsuit.  Indian Harbor additionally has neither knowledge nor

information sufficient to form a belief about the remaining allegations contained in paragraph 53 of the Counterclaim, and therefore denies the allegations therein.

54.     Indian Harbor admits that paragraph 54 of the Counterclaim is an accurate summary of some of the allegations of the Centex claim.  However, the Centex claim speaks for itself, and Indian Harbor denies each and every allegation to the extent inconsistent with the Centex claim.

55.     In response to paragraph 55 of the Counterclaim, Indian Harbor denies this allegation to the extent it alleges that any notice or reporting to Indian Harbor of any lawsuit or claim was proper or timely.  Indian Harbor admits that the City gave notice to Indian Harbor of the Grande North Lawsuit, 235 On Market Lawsuit, and Centex Claim within the policy period of the Indian Harbor policy.  Indian Harbor denies that the City has provided notice of all cross-complaints to Indian Harbor.

56.     In response to paragraph 56 of the Counterclaim, Indian Harbor admits that it denied coverage to the City for the Grande North Lawsuit, 235 On Market Lawsuit, and Centex claim in July 27, 2012 letters, on the ground that notice to Indian Harbor of these lawsuits and claim was late, in violation of the terms of the Indian Harbor policy.  Indian Harbor denies each and every other allegation of paragraph 56 of the Counterclaim, including the allegation that Indian Harbor's denial was "wrongful."

57.     Indian Harbor denies the allegations in paragraph 57.

58.     Indian Harbor admits the allegations of paragraph 58.

## COUNTERCLAIM 1

### Declaratory Judgment

59.     Indian Harbor incorporates by reference each of the responses to paragraphs 41 through 58 contained in this Answer as though fully set forth herein.

60.     Paragraph 60 of the Counterclaim consists of legal theory, argument, and conclusions that require no response herein.  To the extent that paragraph 60 contains any factual allegations, Indian Harbor admits that it contends it is not obligated to defend or indemnify the

4

City in the Grande North Lawsuit, the 235 On Market Lawsuit, and the Centex claim; Indian

Harbor denies each and every other allegation of paragraph 60 of the Counterclaim.

61.     Indian Harbor admits the allegations of paragraph 61 of the Counterclaim.

62.     Paragraph 62 of the Counterclaim consists of legal theory, argument, and

conclusions that require no response herein.  To the extent that paragraph 62 contains any factual

allegations, Indian Harbor denies such allegations.

## COUNTERCLAIM 2

### Breach of Contract

63.     Indian Harbor incorporates by reference each of the responses to paragraphs 41

through 62 contained in this Answer as though fully set forth herein.

64.     Indian Harbor denies the allegations in paragraph 64 of the Counterclaim.

65.     Indian Harbor denies the allegations in paragraph 65 of the Counterclaim.

66.     Indian Harbor denies the allegations in paragraph 66 of the Counterclaim.

67.     Indian Harbor denies the allegations in paragraph 67 of the Counterclaim.

## COUNTERCLAIM 3

### Breach of the Implied Covenant of Good Faith and Fair Dealing

68.     Indian Harbor incorporates by reference each of the responses to paragraphs 41

through 67 contained in this Answer as though fully set forth herein.

69.     Paragraph 69 of the Counterclaim consists of legal theory, argument, and

conclusions that require no response herein.  To the extent that paragraph 69 contains any factual

allegations, Indian Harbor denies such allegations.

70.     Indian Harbor denies the allegations in paragraph 70 of the Counterclaim.

71.     Indian Harbor denies the allegations in paragraph 71 of the Counterclaim.

72.     Indian Harbor denies the allegations in paragraph 72 of the Counterclaim.

73.-77. Paragraphs 73-77 consist of the City's Answer to Indian Harbor's First Amended

Complaint and do not require a response herein.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

**(New York Law)**

78.     The Counterclaim, and the purported claims asserted therein against Indian Harbor, is barred because New York law applies to this dispute by virtue of the Choice of Law clause in the insurance policy between Indian Harbor and the City, designating New York law to govern this dispute.

### SECOND AFFIRMATIVE DEFENSE

**(Failure to State Cause of Action)**

79.     The Counterclaim, and the purported claims asserted therein against Indian Harbor, is barred to the extent that it fails to state facts sufficient to constitute a cause of action upon which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE

**(Policy Terms, Definitions, Exclusions, Conditions and Limitations)**

80.     The City's claims against Indian Harbor are barred or limited to the extent they are barred by the terms, definitions, exclusions, conditions, and limitations contained in the policy of insurance allegedly issued by Indian Harbor to the City.

### FOURTH AFFIRMATIVE DEFENSE

**(No Duty Owed)**

81.     The City's claims against Indian Harbor are barred or limited because Indian Harbor has no duty to defend or indemnify the City under the policy.

### FIFTH AFFIRMATIVE DEFENSE

**(Failure to Give Timely Notice)**

82.     The City's claims against Indian Harbor are barred or limited because the City failed to provide Indian Harbor with timely notice of the relevant claims against the City, in violation of the terms of the insurance policy.

## SIXTH AFFIRMATIVE DEFENSE

### (No Notice)

83.     The City's claims against Indian Harbor are barred or limited to the extent the City failed to provide notice to Indian Harbor of all relevant claims against the City.

## SEVENTH AFFIRMATIVE DEFENSE

### (No Proper Reporting)

84.     The City's claims against Indian Harbor are barred or limited to the extent the City failed to properly report relevant claims against the City to Indian Harbor.

## EIGHTH AFFIRMATIVE DEFENSE

### (Failure to Cooperate)

85.     The City's claims against Indian Harbor are barred or limited to the extent the City failed or fails to cooperate with Indian Harbor with respect to the relevant claims against the City, as required under the Indian Harbor policy.

## NINTH AFFIRMATIVE DEFENSE

### (Failure to Perform Policy Obligations)

86.     The City's claims against Indian Harbor are barred or limited to the extent the City has failed or fails to perform policy obligations.

## TENTH AFFIRMATIVE DEFENSE

### (No "Loss" From "Pollution Condition")

87.     The City's claims against Indian Harbor may be barred or limited to the extent that any eventual liability of the City does not arise from a "loss" from "pollution conditions," as those terms are defined by the Indian Harbor policy.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Known Condition)

88.     The City's claims against Indian Harbor may be barred or limited to the extent any eventual liability of the City arises from a "known condition."

### TWELFTH AFFIRMATIVE DEFENSE

### (Claim First Made Before Policy Period)

89.     The City's claims against Indian Harbor are barred or limited to the extent that the claims were not "first made" against the City during the policy period of the insurance policy.

### THIRTEENTH AFFIRMATIVE DEFENSE

### (Prejudice to Rights)

90.     The City's claims against Indian Harbor are barred or limited to the extent that the City has in any way prejudiced or prejudices Indian Harbor's rights under the policy.

### FOURTEENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

91.     The City's claims against Indian Harbor are barred or limited to the extent the City has failed or fails to mitigate, minimize, or avoid some or all of the alleged injury, damage, loss, or costs referred to in the Counterclaim.

### FIFTEENTH AFFIRMATIVE DEFENSE

### (Unreasonable Settlement or Payments)

92.     The City's claims against Indian Harbor are barred or limited to the extent the City incurs or incurred unreasonable or inappropriate costs or obligations with respect to the subject claims.

### SIXTEENTH AFFIRMATIVE DEFENSE

### (Voluntary Settlement or Payments)

93.     The City's claims against Indian Harbor are barred or limited to the extent that the City voluntarily made or makes any payments, assumed or assumes any obligation, or incurred or incurs any expense, without the consent of Indian Harbor.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Concealment or Misrepresentation)

94.      The City's claims against Indian Harbor are barred or limited to the extent the facts discovered show the City concealed any information or made any misrepresentations in the application for insurance.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (No Bad Faith Because No Coverage)

95.      The City's claims against Indian Harbor are barred or limited because there is no coverage under the policy allegedly issued to the City by Indian Harbor and, as such, the City's bad faith claim against Indian Harbor necessarily fails.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Arguable Basis, Genuine Dispute, or Genuine Issue)

96.      The City's claims against Indian Harbor are barred or limited because the coverage issue in this case involves at least an arguable basis, a genuine dispute, and/or a genuine issue regarding Indian Harbor's coverage position.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Reasonableness and Good Faith)

97.      The City's claims against Indian Harbor are barred or limited because Indian Harbor's actions were neither unreasonable nor without proper cause, and at all relevant times Indian Harbor acted reasonably and in good faith.  Accordingly, the City's allegations of bad faith are barred, in whole or in part.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Self-Insured Retention)

98.      Indian Harbor has no obligation with respect to the City's claims until each and every applicable self-insured retention is appropriately satisfied.  Any amounts allegedly owed or damages awarded against Indian Harbor are subject to the self-insured retention(s) applicable under the policy.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Policy Limits)

99.     Any damages awarded against Indian Harbor are subject to the policy limits of the

Indian Harbor policy, including but not limited to the $10,000,000 aggregate limit for the City.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Other Insurance or Sources of Funds)

100.    Coverage under the insurance issued by Indian Harbor may be barred or limited,

in whole or in part, to the extent there is other insurance or other sources of funds available to the

City with respect to the claims against the City or to the extent other insurance or other sources

of funds actually paid or pay for the claims against the City.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Equitable Indemnity/Contribution/Subrogation)

101.    The City's claims may be barred or limited to the extent that it is not entitled to

any recovery from Indian Harbor because another entity is responsible for the claims under the

doctrines of equitable indemnity, contribution and/or subrogation.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Double Recovery/Offset/Setoff)

102.    The City's claims against Indian Harbor are barred or limited to the extent any

damages awarded to the City against Indian Harbor would constitute a double recovery to the

City and/or Indian Harbor is entitled to an offset or setoff of any damages awarded to the City by

amounts the City received from third parties that compensated it in part or whole for the amounts

claimed herein.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Equitable Defenses)

103.    The City's claims against Indian Harbor may be barred or limited by the equitable

doctrines of waiver, estoppel, and unclean hands.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Unconstitutionality of Punitive Damages)

104.    The City's claim for punitive damages may be barred as unconstitutional.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Reservation of Rights)

105.    Indian Harbor specifically reserves its rights to amend its answer and affirmative defenses and/or bring counter claims and/or third-party actions as may be determined by further investigation and discovery.

## PRAYER FOR RELIEF

WHEREFORE, Indian Harbor prays for entry of judgment in its favor and against the City as follows:

1.    A judicial determination and declaration that the City take nothing from Indian Harbor in this lawsuit;

2.    Attorneys' fees, expenses, and costs of suit incurred herein; and

3.    For such other and further relief as this Court may deem just, proper, and equitable.

Dated: January 14, 2013

**DUANE MORRIS LLP**

Attorneys for Plaintiff Indian Harbor Insurance Company

By:     /s/ Sheila Raftery Wiggins
        Sheila Raftery Wiggins

Sheila Raftery Wiggins
Jessica A. Bohl
DUANE MORRIS LLP
1540 Broadway
New York, NY 10036
Tel. (212) 692-1000
Fax. (212) 692-1020
srwiggins@duanemorrs.com
jabohl@duanemorris.com

11

**DUANE MORRIS LLP**
Attorneys for Plaintiff Indian Harbor Insurance
Company

Max H. Stern (*pro hac vice*)
Jessica E. La Londe (*pro hac vice*)
DUANE MORRIS LLP
One Market, Spear Tower, Suite 2000
San Francisco, CA 94105-1104
Telephone: 415.957.3000
Facsimile: 415.957.3001
mhstern@duanemorris.com
jelalonde@duanemorris.com

DM1/3665468