
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

| | |
|---|---|
| INDIAN HARBOR INSURANCE COMPANY, | Case No. 12 CIV 5787 (JGK)<br>ECF Case |
| Plaintiff, | **DECLARATION OF J. ROBERT MCMAHON IN SUPPORT OF INDIAN HARBOR INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT** |
| -against- | |
| THE CITY OF SAN DIEGO, | |
| Defendant. | Courtroom:  12B<br>Judge:  Hon. John G. Koeltl |
| | Complaint Filed: July 27, 2012<br>F.A.C. Filed: August 14, 2012 |

-----------------------------------------------------------X

## DECLARATION OF J. ROBERT MCMAHON IN SUPPORT OF INDIAN HARBOR INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT

I, J. Robert McMahon, of full age, hereby affirm under the penalties of perjury as follows:

1. I am an individual over eighteen years of age. Except for those matters set forth on information and belief, I have personal knowledge of all facts set forth herein and if called to testify could and would competently testify thereto.

2. I am an Assistant Vice President & Line of Business Manager of XL Specialty Insurance Company (working in the XL Environmental unit). XL Specialty Insurance Company ("XL") is responsible for handling claims under Pollution and Remediation Legal Liability policies issued by Indian Harbor Insurance Company ("Indian Harbor"), the Plaintiff in this action. I presently am one of the individuals within XL Specialty Insurance Company that has responsibility for the handling of the claims at issue in the *Indian Harbor Insurance Company v. City of San Diego* lawsuit.

3.      The copy of the Indian Harbor policy attached as Exhibit 1 to the Declaration of Max H. Stern (filed concurrently herewith, referred to herein as "Stern Declaration") is a true and correct copy of the Indian Harbor policy under which the City of San Diego is named as an Additional Named Insured and pursuant to which the claims at issue in this lawsuit are being handled.

4.      As is clear from a review of the face of the policy, the Indian Harbor policy contains limits of liability of $10,000,000 each POLLUTION CONDITION, $50,000,000 aggregate liability, and a $500,000 Self-Insured Retention applicable to each POLLUTION CONDITION. (Stern Declaration, Exhibit 1, p. 3.) Per Endorsement #025, the Policy contains a sublimit of $10,000,000 each POLLUTION CONDITION, and a $10,000,000 total Aggregate Liability shall apply to each INSURED. (Stern Declaration, Exhibit 1, Endorsement #025.) The policy premium was $756,947. (Stern Declaration, Exhibit 1, p. 3.)

5.      Finally, the policy was issued from Exton, Pennsylvania and delivered in Newport Beach, California. (Stern Declaration, Exhibit 1, pp. 1, 3.) The policy was not issued or delivered in New York.

6.      The City provided first notice to Indian Harbor of the Grande North Claim on March 26, 2012 in an email to Indian Harbor from the City's broker. A true and correct copy of this email is attached to the Stern Declaration as Exhibit 13. Indian Harbor acknowledged receipt of this notice in an April 4, 2012 letter, which also reserved Indian Harbor's rights to deny coverage based on the City's late notice of the claim and requested various information related to the claim. A true and correct copy of the April 4, 2012 letter is attached to the Stern Declaration as Exhibit 14.

7.      After completing its investigation of the Grande North Claim, Indian Harbor denied coverage to the City in a letter dated July 27, 2012 based on the City's late notice of the

2

Grande North Claim. A true and correct copy of this July 27, 2012 letter is attached to the Stern Declaration as Exhibit 15.

8. The City provided first notice to Indian Harbor of the 235 On Market Claim on May 25, 2012 in an email to Indian Harbor from the City's broker. A true and correct copy of this email is attached to the Stern Declaration as Exhibit 22. Indian Harbor acknowledged receipt of this notice in a June 7, 2012 letter, which letter also reserved Indian Harbor's right to deny coverage on a number of bases, including late notice, and requested information from the City. A true and correct copy of the June 7, 2012 letter is attached to the Stern Declaration as Exhibit 23. The City provided additional information to Indian Harbor on June 7, 2012. The additional information provided by the City included: (1) a copy of the May 19, 2011 "Claim Against the City of San Diego," a true and correct copy of which is attached to the Stern Declaration as Exhibit 16; and (2) a copy of the City's June 23, 2011 denial of the claim, a true and correct copy of which is attached to the Stern Declaration as Exhibit 17.

9. After completing its investigation of the 235 On Market Claim, Indian Harbor denied coverage to the City in a letter dated July 27, 2012 based on the City's late notice of the 235 On Market Claim. A true and correct copy of this July 27, 2012 letter is attached to the Stern Declaration as Exhibit 24.

10. The City provided first notice to Indian Harbor of the Centex Claim on May 25, 2012 in an email to Indian Harbor from the City's broker. A true and correct copy of this email is attached to the Stern Declaration as Exhibit 31. Indian Harbor acknowledged receipt of this notice in an June 7, 2012 letter, which letter also reserved Indian Harbor's right to deny coverage on a number of bases, including late notice, and requested information from the City. A true and correct copy of the June 7, 2012 letter is attached to the Stern Declaration as Exhibit 32. The City provided additional information to Indian Harbor on June 7, 2012. The additional

3

information provided by the City included: (1) a copy of the March 28, 2012 letter that enclosed a "Claim Against the City of San Diego," a true and correct copy of which is attached to the Stern Declaration as Exhibit 27; (2) the City's April 9, 2012 response, a true and correct copy of which is attached to the Stern Declaration as Exhibit 28; and (3) the City's May 11, 2012 denial of the claim, a true and correct copy of which is attached to the Stern Declaration as Exhibit 29.

11. After completing its investigation of the Centex Claim, Indian Harbor denied coverage to the City in a letter dated July 27, 2012 based on the City's late notice of the Centex Claim. A true and correct copy of this July 27, 2012 letter is attached to the Stern Declaration as Exhibit 33.

12. At all relevant times, Indian Harbor has had significant contacts with New York.

13. XL Group plc, through its subsidiaries, is a global insurance and reinsurance company providing property, casualty and specialty products to industrial, commercial and professional firms, insurance companies, and other enterprises on a worldwide basis. XL Group plc is organized into three operating segments: Insurance, Reinsurance, and Life Operations. XL Group plc's Insurance segment is called XL Insurance, which includes Indian Harbor.

14. Indian Harbor is a subsidiary of XL Specialty Insurance Company (which is responsible for handling claims for Pollution and Remediation Legal Liability policies issued by Indian Harbor). XL Specialty Insurance Company is in turn a subsidiary of XL Reinsurance America Inc., which is incorporated in New York.

15. Although Indian Harbor is a North Dakota company with a principal place of business in Stamford, Connecticut, Indian Harbor conducts the business of insurance out of multiple locations in the U.S., including an office in New York: One World Financial Center, 200 Liberty Street, 22nd Floor, New York, NY 10281.

16. The CEO/President/Chairman of Indian Harbor is located in this New York office.

17. The General Counsel for Indian Harbor is located in this New York office.

18. Four of Indian Harbor's eight corporate directors are located in this New York office.

19. The Global Head of Claims for XL Insurance, the ultimate head of the reporting chain I operate under, is located in this New York office.

20. XL Environmental, the XL Insurance business unit that underwrote this policy, has underwriters located in this New York office.

21. At all relevant times, Indian Harbor has been authorized to issue liability insurance policies in New York. Indian Harbor regularly issues policies to insureds domiciled in New York and policies insuring locations in New York. Indian Harbor has diverse business units and I do not have access to all systems used by those units for tracking such information in order to identify all of Indian Harbor's New York insureds or all of the New York locations insured under Indian Harbor policies. However, after investigation of the electronic information available to me at this time, I have determined that, since January 1, 2007, Indian Harbor has issued policies insuring more than 150 New York locations under more than 75 policies.

22. Based on the contacts discussed in the foregoing paragraphs, and others over time, Indian Harbor has elected to include a New York jurisdiction, venue, and choice of law clause in its Pollution and Remediation Legal Liability policies. Indian Harbor has done so in an attempt to maintain uniformity, clarity, and consistency in the application of its policies, for the benefit of itself and its policyholders.

I declare under penalty of perjury that the foregoing is true and correct.

Executed at Exton, Pennsylvania on February 1, 2013.

                                                  J. Robert McMahon