**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X

|  |  |
|---|---|
| INDIAN HARBOR INSURANCE COMPANY, | Case No. 12 CIV 5787 (JGK)<br>ECF Case |
| Plaintiff, | **INDIAN HARBOR INSURANCE COMPANY'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT** |
| -against- | |
| THE CITY OF SAN DIEGO, | |
| Defendant. | Courtroom:    12B<br>Judge:          Hon. John G. Koeltl<br><br>Complaint Filed:  July 27, 2012<br>F.A.C. Filed:       August 14, 2012 |

-------------------------------------------------------------X

Plaintiff Indian Harbor Insurance Company ("Indian Harbor") hereby requests that this Court take judicial notice, pursuant to Federal Rule of Evidence 201, of the following documents in support of Indian Harbor's Motion for Summary Judgment Against The City of San Diego, filed concurrently herewith.

**Documents on the Grande North Claim**

1.      The August 13, 2009 "Claim Against the City of San Diego" by The Grande North at Santa Fe Place Homeowners Association, which is attached as **Exhibit 2** to the Declaration of Max H. Stern ("Stern Declaration" or "Stern Dec."), filed concurrently herewith. (See Stern Dec. ¶ 3, Exh. 2.)

2.      The City's August 24, 2009 denial of the claim, which is attached as **Exhibit 3** to the Stern Declaration.  (See Stern Dec. ¶ 4, Exh. 3.)

3.      The City's September 29, 2009 letter reiterating the denial of the claim, which is attached as **Exhibit 5** to the Stern Declaration.  (See Stern Dec. ¶ 6, Exh. 5.)

4.      The Complaint in the matter styled *The Grande North at Santa Fe Place v. Bosa Development, et al.*, Case No. 37-2009-00098057 in the Superior Court of California, County of

San Diego ("Grande North Lawsuit"), which is attached as **Exhibit 7** to the Stern Declaration. (See Stern Dec. ¶¶ 7-8, Exhs. 6 (Excerpts of Docket) and 7 (Complaint).)

5.      The Proof of Service of Summons on the City of San Diego ("City") in the Grande North Lawsuit, which is attached as **Exhibit 8** to the Stern Declaration.  (See Stern Dec. ¶¶ 7-9, Exhs. 6 (Excerpts of Docket) and 8 (Proof of Service).)

6.      The City's Answer in the Grande North Lawsuit, which is attached as **Exhibit 9** to the Stern Declaration.  (See Stern Dec. ¶¶ 7-8, 10, Exhs. 6 (Excerpts of Docket) and 9 (Answer).)

7.      The First Amended Complaint in the Grande North Lawsuit, which is attached as **Exhibit 10** to the Stern Declaration.  (See Stern Dec. ¶¶ 7-8, 11, Exhs. 6 (Excerpts of Docket) and 10 (First Amended Complaint).)

8.      The Second Amended Complaint in the Grande North Matter, which is attached as **Exhibit 12** to the Stern Declaration.  (See Stern Dec. ¶¶ 7-8, 13, Exhs. 6 (Excerpts of Docket) and 12 (Second Amended Complaint).)

**Documents on the 235 On Market Claim**

9.      The May 19, 2011 "Claim Against the City of San Diego" by the 235 On Market Homeowners Association, which is attached as **Exhibit 16** to the Stern Declaration.  (See Stern Dec. ¶ 18, Exh. 16; see also Declaration of J. Robert McMahon filed concurrently herewith ("McMahon Dec.") ¶ 8.)

10.     The City's June 23, 2011 denial of the claim, which is attached as **Exhibit 17** to the Stern Declaration.  (See Stern Dec. ¶ 19, Exh. 17; McMahon Dec. ¶ 8.)

11.     The Complaint in the matter styled *235 On Market Homeowners Association v. 235 Market LLC, et al.*, Case No. 37-2011-00097434 in the Superior Court of California, County of San Diego ("235 On Market Lawsuit"), which is attached as **Exhibit 19** to the Stern Declaration.  (See Stern Dec. ¶¶ 8, 20-21, Exhs. 18 (Excerpts of Docket) and 19 (Complaint).)

12.     The Proof of Service of Summons on the City in the 235 On Market Lawsuit, which is attached as **Exhibit 20** to the Stern Declaration.  (See Stern Dec. ¶¶ 8, 20, 22, Exhs. 18 (Excerpts of Docket) and 20 (Proof of Service).)

13.     The City's Answer in the 235 On Market Lawsuit, which is attached as **Exhibit 21** to the Stern Declaration.  (See Stern Dec. ¶¶ 8, 20, 23, Exhs. 18 (Excerpts of Docket) and 21 (Answer).)

### Documents on the Centex Claim

14.     The March 28, 2012 "Claim Against the City of San Diego" by Centex Homes, Centex Real Estate Corporation, Centex Construction Company, Inc., and Balfour Beatty Construction Company, Inc., which is attached as **Exhibit 27** to the Stern Declaration.  (See Stern Dec. ¶ 29, Exh. 27; McMahon Dec. ¶ 10.)

15.     The City's April 9, 2012 Notice of Insufficiency, which is attached as **Exhibit 28** to the Stern Declaration.  (See Stern Dec. ¶ 30, Exh. 28; McMahon Dec. ¶ 10.)

16.     The City's May 11, 2012 denial of the claim, which is attached as **Exhibit 29** to the Stern Declaration.  (See Stern Dec. ¶ 31, Exh. 29; McMahon Dec. ¶ 10.)

17.     The Complaint in the matter styled *Element Owners Association v. Centex Homes, et al.*, Case No. 37-2009-00087185 in the Superior Court of California, County of San Diego ("Element Lawsuit"), which is attached as **Exhibit 26** to the Stern Declaration.  (See Stern Dec. ¶¶ 8, 27-28, Exhs. 25 (Excerpts of Docket) and 26 (Complaint).)

18.     The Order of the Court in the Element Lawsuit, which is attached as **Exhibit 30** to the Stern Declaration.  (See Stern Dec. ¶¶ 8, 27, 32, Exh. 25 (Excerpt of Docket) and 30 (Order).)

*     *     *

Rule 201 authorizes and directs a court to take judicial notice of any fact if requested by a party and supplied with the necessary information, provided the fact is not subject to reasonable dispute because it is either (1) generally known within the territorial jurisdiction of the court, or

(2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.  Fed. R. of Evid. 201(b).

"[C]ourts routinely take judicial notice of documents filed in other courts . . . not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings."  *Kramer v. Time Warner, Inc.*, 937 F.2d 767, 774 (2d Cir. N.Y. 1991); *see also Sawabeh Info. Servs. Co. v. Brody*, 832 F. Supp. 2d 280, 293 (S.D.N.Y. 2011) ("A court may also take judicial notice of 'the status of other lawsuits in other courts and the substance of papers filed in those actions.'").  In addition, the California Government Code requires an administrative claim to be presented to a public entity in certain circumstances, prior to the filing of a lawsuit.  *See, e.g.*, Cal. Gov't Code § 900 et seq.  The Court can take judicial notice of the records of state administrative procedures.  *See, e.g., Thomas v. Westchester County Health Care Corp.*, 232 F. Supp. 2d 273, 276 (S.D.N.Y. 2002) (stating that the court "may take judicial notice of the records of state administrative procedures, as these are public records").

This authority, in addition to the facts supplied in the Stern Declaration and McMahon Declaration, allows the court to take judicial notice of the records listed above and attached to the Stern Dec. at Exhibits 2-3, 5, 7-10, 12, 16-17, 19-21, 26-30.

///

///

///

///

///

///

///

///

///

///

///

4

Accordingly, Indian Harbor respectfully requests that the Court take judicial notice of the documents referred to herein.

Dated: February 1, 2013

<div style="margin-left: 40%;">

**DUANE MORRIS LLP**

Attorneys for Plaintiff Indian Harbor Insurance Company

By:      /s/ Max H. Stern
Max H. Stern

Max H. Stern (*pro hac vice*)
Jessica E. La Londe (*pro hac vice*)
DUANE MORRIS LLP
One Market, Spear Tower, Suite 2000
San Francisco, CA 94105-1104
Telephone: 415.957.3000
Facsimile: 415.957.3001
mhstern@duanemorris.com
jelalonde@duanemorris.com

**DUANE MORRIS LLP**
Attorneys for Plaintiff Indian Harbor Insurance Company

Sheila Raftery Wiggins
Jessica A. Bohl
DUANE MORRIS LLP
1540 Broadway
New York, NY 10036
Tel. (212) 692-1000
Fax. (212) 692-1020
srwiggins@duanemorrs.com
jabohl@duanemorris.com

</div>

DM1/3684093