**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

INDIAN HARBOR INSURANCE COMPANY,

Plaintiff,

-against-

THE CITY OF SAN DIEGO,

Defendant.

Case No. 12 CIV 5787 (JGK)
ECF Case

Courtroom: 12B
Judge: Hon. John G. Koeltl

Complaint Filed: July 27, 2012
F.A.C. Filed: August 14, 2012

**REPLY MEMORANDUM OF LAW IN SUPPORT OF INDIAN HARBOR INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT**

Dated: March 13, 2013

Max H. Stern (*pro hac vice*)
Jessica E. La Londe (*pro hac vice*)
DUANE MORRIS LLP
One Market, Spear Tower, Suite 2000
San Francisco, CA 94105-1104
Telephone: 415.957.3000
Facsimile: 415.957.3001
mhstern@duanemorris.com
jelalonde@duanemorris.com

Sheila Raftery Wiggins
Jessica A. Bohl
DUANE MORRIS LLP
1540 Broadway
New York, NY 10036
Tel. (212) 692-1000
Fax. (212) 692-1020
srwiggins@duanemorrs.com
jabohl@duanemorris.com

Attorneys for Plaintiff Indian Harbor Insurance Company

# TABLE OF CONTENTS

Page

INTRODUCTION ..... 1

ARGUMENT ..... 2

I. The Policy Was Neither Issued nor Delivered in New York ..... 2

II. The Common Law Notice Rule Is Not Superseded By Any New York Public Policy ..... 4

III. There is No Excuse Available Under Common Law for the City's Non-Compliance ..... 6

IV. Notice Was Unreasonably Late as a Matter of Law ..... 7

A. Indian Harbor Was Entitled to Notice "As Soon As Practicable" Even if the Claims Were Reported During the Policy Period ..... 7

B. Indian Harbor Was Entitled to Notice of the Claims "As Soon As Practicable" Without Regard to the Self-Insured Retention ..... 8

C. The City's Notice of the Claims Was Unreasonably Late As a Matter of Law ..... 9

CONCLUSION ..... 10

# Table of Authorities

**Page(s)**

## Cases

*25 Ave. C New Realty, LLC v. Alea N. Am. Ins. Co.*
2012 N.Y. App. Div. LEXIS 4599 (N.Y. App. Div. 1st Dep't June 12, 2012) ................ 4

*American Home Assur. Co. v. International Ins. Co.*
90 N.Y.2d 433 (1997) ................ 8

*Argo Corp. v. Greater N.Y. Mut. Ins. Co.*
4 N.Y.3d 332 (N.Y. 2005) ................ 8

*Cade & Saunders, P.C. v. Chi. Ins. Co.*
307 F.Supp.2d 442 (N.D.N.Y. 2004) ................ 7

*Checkrite Ltd. v. Illinois Nat. Ins. Co.*
95 F.Supp.2d 180 (S.D.N.Y. 2000) ................ 7

*Marino v. New York Tel. Co.*
944 F.2d 109 (2d Cir. 1991) ................ 2-5

*Mt. Hawley Ins. Co. v. Abraham Little Neck Dev. Group, Inc.*
825 F.Supp.2d 384 (E.D.N.Y. 2011) ................ 4-5

*New York Univ. v. American Bldg. Maintenance*
78 A.D.3d 615 (N.Y. App. Div. 1st Dep't 2010) ................ 8

*Oppenheimer & Co. v. Oppenheim*
86 N.Y.2d 685 (1995) ................ 6

*Pramco III, LLC v. Partners Trust Bank*
842 N.Y.S.2d 174 (N.Y. Sup. Ct. 2007) ................ 6

*Rockland Exposition, Inc. v. Great Am. Assur. Co.*
445 Fed.Appx. 387 (2d Cir. 2011) ................ 4

*Tower Ins. Co. of N.Y. v. Classon Hgts., LLC*
82 A.D.3d 632 (N.Y. App. Div. 1st Dep't 2011) ................ 4

*Weeks Marine, Inc. v. Am. S.S. Owners Mut. Prot. & Indem. Ass'n*
2011 U.S. Dist. LEXIS 95358 (S.D.N.Y. 2011) ................ 5

## Statutes

New York Insurance Code § 3420 ................ 2-3, 5

New York Insurance Code § 3420(a) ................ 1

New York Insurance Code § 3420(a)(5) ................ 1, 4-5

New York Insurance Code § 3420(d) ................ 5

Plaintiff Indian Harbor Insurance Company ("Indian Harbor") respectfully submits this reply memorandum of law in support of its motion for summary judgment against Defendant The City of San Diego ("City"); no cross-motion was filed, so this is a reply only.

**INTRODUCTION**

Each one of the City's arguments asks this Court to reach conclusions in this case that have never before been reached by any New York court. None of these arguments has any basis in law or fact, most or all are contrary to precedent, and all should be rejected, entitling Indian Harbor to summary judgment as a matter of law.

New York Insurance Code section 3420(a) is explicitly applicable only to policies "issued or delivered" in New York. It is a matter of undisputed fact that the policy here was neither issued nor delivered in New York. The City argues that, despite this fact, the policy should be deemed issued in New York based on the insured's alleged reasonable expectations. No court has ever so held, and this argument should be rejected. In addition, the City cannot demonstrate that it in fact had such an expectation or that such an expectation would be reasonable here – the policy lists the addresses of Indian Harbor's administrative office in Connecticut, Indian Harbor's home office in North Dakota, and the broker's office in California, but lists no New York address at all.

Because Indian Harbor's policy was not issued or delivered in New York, the prejudice rule of subsection 3420(a)(5) does not apply. In arguing that it should apply, despite its facial inapplicability, the City asks this Court to contradict Second Circuit authority and be the first court in New York to so hold. There is no basis for this in the law. New York courts have routinely applied New York's "no prejudice" common law notice rule in situations where the statute is not applicable, providing ample support that there is no new and controlling public policy reflected in section 3420(a)(5) that extends beyond its statutorily defined scope.

The City cites inapposite authority regarding avoiding forfeitures, but none of the cases cited are in the context of insurance, let alone the application of the notice provision of insurance policies. Under New York common law, the failure to satisfy the notice provision of a policy

has been found for decades to result in a forfeiture of coverage. Thus, the argument advanced by the City is without merit and contrary to all applicable authority.

The no prejudice notice rule applies to Indian Harbor's claims-made-and-reported policy – no New York court has held otherwise, and to do so would be contrary to the policy itself. Lastly, New York courts recognize that an excess insurer has the same right to prompt notice as a primary insurer; thus, the existence of a self-insured retention in the policy did not relieve the City of its burden of prompt notice.

The City delayed in notifying Indian Harbor of the three underlying claims for 2 years 7 months, over one year, and almost two months, respectively. This entitles Indian Harbor to summary judgment as a matter of well-established New York law, and the City has not cited to any law or fact that changes this outcome.

Indian Harbor is thus entitled to summary judgment granting all relief requested in its complaint.

## ARGUMENT

### I. The Policy Was Neither Issued nor Delivered in New York

Section 3420 of the New York Insurance Code limits the new notice prejudice rule set forth therein to policies issued or delivered in New York. The legislature could have written the statute to apply to all insurance policies (or to all policies when New York law applies), but it did not do so. As the Second Circuit has made clear, if sections of 3420 provide that the policy must be issued or delivered in New York to apply, New York courts will strictly apply this limitation when New York law applies to the dispute. *See Marino v. New York Tel. Co.*, 944 F.2d 109 (2d Cir. 1991).

The Indian Harbor policy was *not* issued in New York, and the City has not (and cannot) come forward with any contrary evidence.[1] The City instead argues that based on alleged "reasonable expectations" this Court should overlook the actual fact of where a policy was issued

[1] The City does not make any arguments regarding the delivery location.

and "deem" the policy issued in New York. The City has cited no authority for the proposition that an insured's alleged reasonable expectations regarding where the policy was issued could trump the actual fact of where it was issued, and Indian Harbor's research has failed to find any such case. To the contrary, New York courts' discussion of this issue focuses on the actual fact of where a policy was issued. *See*, *e.g.*, *Marino*, 944 F.2d at 113 ("[T]here is no evidence that the policy was delivered or issued for delivery in New York."). For this reason alone, the Court should reject the City's argument that the Court can deem the policy issued in New York.

A wholly independent basis on which to reject the City's argument is that the City has not adduced any evidence that it expected that the policy was issued in New York and cannot show that any such expectation would have been "reasonable" in any event. The City states that the "Court should give effect to the City's reasonable expectation." (Opp. at p. 10.) However, the City has provided no evidence that it believed the policy was issued in New York; for all we know, the City knew exactly where the policy was issued. Even if there had been such an expectation, it would not have been reasonable. For one, it is undisputed that the policy was underwritten from Indian Harbor's Exton, Pennsylvania office. In addition, the choice of forum and choice of law clauses do not indicate in which state a policy was issued, and it is simply not reasonable to read them to say that. Even if one ignores the actual fact of the policy being issued in Exton, Pennsylvania, the only *reasonable* expectation that could be formed is that the policy was issued in Stamford, Connecticut (where the company's administrative office is located), Bismarck, North Dakota (where the company's home office is located), or Newport Beach, California (where the broker is located) – all of which is information that appears on the first pages of the policy. No New York address appears on the policy.

As *Marino* held, where the statute so provides, a policy must be actually issued or delivered in New York for the statute to apply. *Marino*, 944 F.2d 109. The City attempts to distinguish *Marino* with immaterial differences. Regardless of whether an agreement to New York law is pre- or post-dispute, *Marino* explains that submission to New York law includes accepting the limitations on section 3420. The City argues that a reasonable expectation is more

relevant to the notice prejudice rule than the requirement of prompt disclaimer, but its argument is not logical and is not based on any authority whatsoever. *Marino* is on-point and should be followed by this Court.

The policy was not issued or delivered in New York; therefore, section 3420(a)(5) does not apply.

## II. <u>The Common Law Notice Rule Is Not Superseded By Any New York Public Policy</u>

There is no authority – and the City has cited to none – to support the City's argument that, even where the statute does not apply, a new "public policy" was created by the legislature that reverses well-established common law. This is evident from the multitude of cases that have continued to apply the common law strict notice requirement in instances where the statute is inapplicable. *See*, *e.g.*, *Rockland Exposition, Inc. v. Great Am. Assur. Co.*, 445 Fed.Appx. 387 (2d Cir. 2011) (unpublished but citable) (not requiring a showing of prejudice, but noting that 3420(a)(5) passed and is not applicable because policy issued before effective date); *Mt. Hawley Ins. Co. v. Abraham Little Neck Dev. Group, Inc.*, 825 F.Supp.2d 384 (E.D.N.Y. 2011) (not requiring a showing of prejudice, but noting that 3420(a)(5) passed and is not applicable because policy issued before effective date); *Tower Ins. Co. of N.Y. v. Classon Hgts., LLC*, 82 A.D.3d 632 (N.Y. App. Div. 1st Dep't 2011) (not requiring prejudice and noting that 3420(a)(5) not applicable because policy issued before effective date); *25 Ave. C New Realty, LLC v. Alea N. Am. Ins. Co.*, 2012 N.Y. App. Div. LEXIS 4599 (N.Y. App. Div. 1st Dep't June 12, 2012) (continuing to apply no-prejudice rule because policy issued before effective date of 3420(a)(5)).

The City's argument contradicts these cases; if the City were right, every one of these cases would have declined to apply the New York "no prejudice" rule. They did not do so. The City correctly notes that in each of these cases the courts declined to apply the statute because the policies predated the effective date of the statute. But this only demonstrates that the prejudice rule and the policy it reflects is a creature of statute only, and that the statute's parameters for application are to be followed. Here, one of those parameters is that the new rule only applies if the policy was issued or delivered in New York. The public policy cannot be read

as going beyond the scope of the statute, so there is no reason to disregard the New York issuance/delivery requirement of the statute, just as the foregoing cases did not disregard the effective date limitation.

While there do not appear to be any New York cases that have addressed section 3420(a)(5) in the context of a policy not issued or delivered in New York (and the City has not cited to any), in at least one recent case, the court rejected a public policy argument similar to the City's. In *Mt. Hawley Ins. Co. v. Abraham Little Neck Dev. Group, Inc.*, 825 F.Supp.2d 384, 394 (E.D.N.Y. 2011), the insured argued that public policy should require the insurer to show prejudice based on the passage of section 3420(a)(5), even though the statute did not apply (the insurance policy was issued prior to 2009). The court rejected this argument, strictly applied the statute, and did not require a showing of prejudice in finding that the insured had provided late notice of a claim. *Id.*; *see also Weeks Marine, Inc. v. Am. S.S. Owners Mut. Prot. & Indem. Ass'n*, 2011 U.S. Dist. LEXIS 95358 (S.D.N.Y. 2011) (based both on the fact that the policy was a maritime insurance policy (not subject to section 3420) and on the date of the policy, the court declined to apply section 3420(a)(5) and instead applied the common law "no prejudice" rule).

The City further argues that the prejudice rule should apply despite the statute because "Indian Harbor has agreed to be bound by the entirety of New York law." As *Marino* stated: "It is a matter of common sense that when the parties stipulated to the application of New York law they agreed to the application of the appropriate New York laws. The appropriate law in the instant action clearly does not include section 3420(d)." *Marino*, 944 F.2d at 114. Likewise, the appropriate New York law here is the common law, and applying the common law does not undermine Indian Harbor's goal of achieving "uniformity, clarity, and consistency" in the application of its policies, as the scope of the statute is clear. Application of the City's arguments would result in a lack of uniformity and clarity, as there would be confusion regarding each situation's alleged "reasonable expectations" and resultant confusion regarding which notice rules apply.

No courts have held that there is a new public policy in New York regarding the late notice issue applicable beyond the scope of 3420(a)(5); where the statute is inapplicable, New York courts have consistently continued to apply the common law that has existed for decades. Therefore, the "no prejudice" rule applies here.

**III. There is No Excuse Available Under Common Law for the City's Non-Compliance**

New York courts have for decades enforced New York's common law "no prejudice" rule, finding that the failure to provide timely notice constitutes a forfeiture of coverage as a matter of law. *See*, *e.g.*, cases cited in Indian Harbor's moving papers. New York courts do not and have not applied the law cited by the City to avoid such forfeitures. Therefore, the City's argument should be rejected without further analysis.

In addition, the cases that the City cites are not insurance cases and, for that reason, are inapposite. In *Oppenheimer & Co. v. Oppenheim*, 86 N.Y.2d 685, 695 (1995), the sublease required plaintiff sublessor to provide written notice by a certain date to defendant subleasee of landlord's agreement that subleasee could undertake certain actions. Only oral notice was provided on the specified date, with written notice provided 23 days later. *Id.* The court applied the strict terms of the sublease and dismissed plaintiff's complaint, finding that there had not been a forfeiture or that the substantial performance doctrine applied. *Id.*; *see also Pramco III, LLC v. Partners Trust Bank*, 842 N.Y.S.2d 174 (N.Y. Sup. Ct. 2007) (case involving purchase of commercial loans from a bank).

Regardless, there is no disproportionate forfeiture here when the parties bargained for application of New York law, and the no-prejudice notice rule was well-established in the common law and has continued to be applied in situations where the new statute is inapplicable.

The City has taken a legal principle from a totally separate context that is inapplicable here and has never been applied to late notice insurance cases, and has attempted to shoehorn this argument in here in a way that contradicts decades of precedent. The Court should reject the City's attempts to do so.

## IV. Notice Was Unreasonably Late as a Matter of Law

The City argues that its late notice was reasonable for two reasons: (1) it reported the claims within the policy period; and (2) the self-insured retention had not yet been met at the time of the City's notice to Indian Harbor. Neither one of these relieved the City of its obligation to provide notice to Indian Harbor "as soon as practicable" under the policy.

### A. Indian Harbor Was Entitled to Notice "As Soon As Practicable" Even if the Claims Were Reported During the Policy Period

The City's argument that notice was reasonable because it reported the claims within the policy period is meritless. Whether the City has satisfied the Insuring Agreement (requiring, in part, that a claim be made and reported within the policy period) is a separate consideration from whether a condition precedent to coverage (notice provided "as soon as practicable") has been satisfied. *See*, *e.g.*, *Cade & Saunders, P.C. v. Chi. Ins. Co.*, 307 F.Supp.2d 442, 449 (N.D.N.Y. 2004) (in case involving claims-made policy, the court separately analyzed whether notice had been timely under policy language requiring notice of potential claims "as soon as practicable," even though it was undisputed that an actual claim had been made and reported during the policy period of a claims-made policy). The City has cited no authority for its argument, which would create a never-before recognized exception for claims-made policies as to the common law strict notice requirement.

The City's argument that the policy language requiring reporting during the policy period is rendered "a nullity" by also requiring notice "as soon as practicable" is not logical. These are two separate requirements of the policy, both of which must be satisfied. Indeed, these clauses exist for different reasons. New York courts have recognized that one of the purposes of claims made and reported policies is that "[t]he insurer is afforded greater certainty in computing premiums, since it does not need to be concerned with the risk of claims filed long after the policy period has ended, and as a result the insured may benefit from lower premiums." *Checkrite Ltd. v. Illinois Nat. Ins. Co.*, 95 F.Supp.2d 180, 192 (S.D.N.Y. 2000). Requiring notice "as soon as practicable" serves different purposes: "Strict compliance with the contract

protects the carrier against fraud or collusion; gives the carrier an opportunity to investigate claims while evidence is fresh; allows the carrier to make an early estimate of potential exposure and establish adequate reserves and gives the carrier an opportunity to exercise early control of claims, which aids settlement." *Argo Corp. v. Greater N.Y. Mut. Ins. Co.*, 4 N.Y.3d 332, 339 (N.Y. 2005) (internal citations omitted).

There is no authority for the City's argument that its compliance with one part of the policy (reporting during the policy period) has also satisfied a separate requirement of the policy (notice "as soon as practicable"). The City must provide notice "as soon as practicable" under the policy, regardless of having met the reporting requirement of the Insuring Agreement.

**B. Indian Harbor Was Entitled to Notice of the Claims "As Soon As Practicable" Without Regard to the Self-Insured Retention**

The City also argues that its reporting of the underlying claims was reasonable because the self-insured retention ("SIR") had not yet been met at the time of notice. This argument has been rejected by New York courts: the no-prejudice rule has been held by the highest court in New York to be specifically applicable to excess carriers and require notice prior to the exhaustion of underlying insurance. *American Home Assur. Co. v. International Ins. Co.*, 90 N.Y.2d 433, 443 (1997) ("[A]ll of the salient factors point to the conclusion that excess carriers have the same vital interest in prompt notice as do primary insurers."); *see also New York Univ. v. American Bldg. Maintenance*, 78 A.D.3d 615 (N.Y. App. Div. 1st Dep't 2010) (finding that notice was not provided "as soon as practicable" without regard to the $1 million SIR).

In addition to New York law requiring such notice, the Indian Harbor policy itself does not tie notice to satisfaction of the SIR – notice is to be provided "as soon as practicable" of any claim, without limitation. The Indian Harbor policy, moreover, specifically gives Indian Harbor "the right and the duty to assume the investigation, adjustment or defense of any CLAIM." (Policy, Section VII.D.) Further, "The Company shall have the right to designate legal counsel for the investigation, adjustment and defense of a CLAIM." (Policy, Section VII.F.) That this right is triggered from the inception of a claim (and not only after satisfaction of the SIR) is

clear: "In case of the exercise of this right, the INSURED, on demand of the Company, shall promptly reimburse the Company for any element of LOSS, REMEDIATION EXPENSE, LEGAL EXPENSE or any other coverages afforded by endorsement falling within the Self-Insured Retention Amount stated in Item 4. of the Declarations." (Policy, Section VII.D.)

The City alleges that it spent $350,000 in defending the claims, while never notifying Indian Harbor. Pursuant to the policy and New York law, notice should have been provided "as soon as practicable" and before incurring any such costs, giving Indian Harbor the opportunity to investigate, adjust, and defend the claims, and appoint counsel to undertake these tasks.[2] This is true regardless of the amount – whether it is thousands of dollars (as in the case of 235 On Market and Centex) or in the hundreds of thousands of dollars (as in the case of Grande North), because Indian Harbor had an absolute right to be notified "as soon as practicable" of the claims without regard to prejudice.

Moreover, the City knew by at least October 2011 – months prior to providing notice to Indian Harbor – that the Grande North claim would be a substantial one. (See Exh. 11 to Stern Dec. (stating that plaintiff's claim was for $29 million).) It was not reasonable to wait until satisfaction of the SIR before notifying Indian Harbor.

Therefore, Indian Harbor was entitled to notice "as soon as practicable" regardless of the SIR.

**C. The City's Notice of the Claims Was Unreasonably Late As a Matter of Law**

The City has not cited to any law or facts justifying its delay in notifying Indian Harbor for years and months. Therefore, based on the authorities cited in Indian Harbor's moving brief,

---

[2] Indeed, any reasonable insured would have notified Indian Harbor long before incurring these costs, not least because such costs cannot satisfy the SIR until Indian Harbor has been notified of them: "No costs, charges or expenses shall be incurred, nor payments made, obligations assumed or remediation commenced without the Company's written consent which shall not be unreasonably withheld." (Policy, Section VII.B.)

it is entitled to a ruling that the City's notice was late as a matter of law.

**CONCLUSION**

For the foregoing reasons and those set forth in its moving papers, Indian Harbor respectfully requests that the Court enter summary judgment that Indian Harbor has no duty to defend or indemnify the City with respect to the three underlying claims on the grounds that the City's notices of those claims were late as a matter of New York law.

Dated: March 13, 2013

Respectfully submitted,

**DUANE MORRIS LLP**

Attorneys for Plaintiff Indian Harbor Insurance Company

By: /s/ Max H. Stern
Max H. Stern

Max H. Stern (*pro hac vice*)
Jessica E. La Londe (*pro hac vice*)
DUANE MORRIS LLP
One Market, Spear Tower, Suite 2000
San Francisco, CA 94105-1104
Telephone: 415.957.3000
Facsimile: 415.957.3001
mhstern@duanemorris.com
jelalonde@duanemorris.com

**DUANE MORRIS LLP**
Attorneys for Plaintiff Indian Harbor Insurance Company

Sheila Raftery Wiggins
Jessica A. Bohl
DUANE MORRIS LLP
1540 Broadway
New York, NY 10036
Tel. (212) 692-1000
Fax. (212) 692-1020
srwiggins@duanemorrs.com
jabohl@duanemorris.com

DM1\3719352