**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------X

INDIAN HARBOR INSURANCE COMPANY,

                  Plaintiff,

          -against-

THE CITY OF SAN DIEGO,

                  Defendant.

------------------------------------------------------------X

Case No. 12 CIV 5787 (JGK)
    ECF Case

**INDIAN HARBOR'S INSURANCE**
**COMPANY'S RESPONSE TO THE**
**CITY OF SAN DIEGO'S NOTICE OF**
**SUPPLEMENTAL AUTHORITY**

Courtroom:   12B
Judge:       Hon. John G. Koeltl

Complaint Filed:  July 27, 2012
F.A.C. Filed:     August 14, 2012

Plaintiff Indian Harbor Insurance Company ("Indian Harbor") hereby submits this response to the City of San Diego ("City")'s Notice of Supplemental Authority. For the reasons discussed here, the City's argument set forth in that Notice should be rejected.

The time at which the claimant ("Centex")'s cause of action against the City accrued pursuant to California law has nothing whatsoever to do with when Centex actually first made a claim against the City under the terms of the Indian Harbor policy, and, therefore, has no bearing on the late notice defense that entitles Indian Harbor to summary judgment.

Under the Indian Harbor policy, the City had to provide Indian Harbor notice of a "claim" "as soon as practicable." (See Ex. 1 to Indian Harbor's MSJ, at p. 9.) It cannot be disputed that a "claim" was made by Centex against the City on or about March 28, 2012, when Centex's counsel submitted to the City a document entitled "Claim Against the City of San Diego." (See Ex. 27.) The City does not dispute that this document constitutes a "claim." Indeed, the Court of Appeal decision on which the City relies identifies that submission as a "claim": "In March 2012, Centex presented the City with a *claim* pursuant to section 900 et seq." (p. 4 (emphasis added)) and "Centex supported its motion with . . . documents related to

Centex's March 2012 *claim* presented to the City" (p. 6 (emphasis added)).  New York courts will enforce the plain meaning of insurance policy requirements.  *Village of Sylvan Beach v. Travelers Indem. Co.*, 55 F.3d 114, 115 (2d Cir. N.Y. 1995) (holding that clear language of a contract should be enforced as written).  Because the City did not notify Indian Harbor of this claim for fifty-nine days, notice was late as a matter of New York law.  *See, e.g., American Home Assurance Co. v. Republic Ins. Co.*, 984 F.2d 76, 78 (2d Cir. 1993) (coverage is precluded because of a 36-day delay in notifying the insurer; citing multiple cases, including those where delays of 10 and 53 days have been held to preclude coverage).

That the California Court of Appeal found that Centex's lawsuit against the City was not barred as untimely under California law does not change this analysis.  Under California law, a cause of action against a public entity for equitable indemnity accrues once the defendant is served with the complaint giving rise to the defendant's claim for equitable indemnity.  Cal. Gov't Code § 901.  Therefore, because the complaint giving rise to Centex's claim for equitable indemnity was not served until October 2012, Centex claim is not time-barred, and it can proceed against the City.  While this holding deals with the deadline for asserting liability against the City, it says nothing about when a claim was first made against the City, and therefore has no bearing on the late notice issue.

As set forth in Indian Harbor's moving papers, the City did not notify Indian Harbor of

the Centex claim against it as soon as practicable, which bars coverage under the Indian Harbor

policy as a matter of New York law.

Dated: May 28, 2013

**DUANE MORRIS LLP**

Attorneys for Plaintiff Indian Harbor Insurance
Company

By:        /s/ Jessica A. Bohl

Sheila Raftery Wiggins
Jessica A. Bohl
DUANE MORRIS LLP
1540 Broadway
New York, NY 10036
Tel. (212) 692-1000
Fax. (212) 692-1020
srwiggins@duanemorris.com

jabohl@duanemorris.com

**DUANE MORRIS LLP**
Attorneys for Plaintiff Indian Harbor Insurance
Company

Max H. Stern (*pro hac vice*)
Jessica E. La Londe (*pro hac vice*)
DUANE MORRIS LLP
One Market, Spear Tower, Suite 2000
San Francisco, CA 94105-1104
Telephone: 415.957.3000
Facsimile: 415.957.3001
mhstern@duanemorris.com
jelalonde@duanemorris.com

DM1/3890127