UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
:
INDIAN HARBOR INSURANCE COMPANY, :
:
          Plaintiff, :
: Case No.  12 CIV 5787 (JGK)
    -against- :
:
THE CITY OF SAN DIEGO, :
:
          Defendant. :
:
------------------------------------------------------------X
:
INDIAN HARBOR INSURANCE COMPANY, :
:
          Plaintiff, :
:
    -against- : Case No. 13 CIV 3246 (JGK)
:
CSAC EXCESS INSURANCE AUTHORITY and :
INSURANCE COMPANY OF THE STATE OF :
PENNSYLVANIA, :
:
          Defendant :
:
------------------------------------------------------------X

# MEMORANDUM OF LAW IN SUPPORT OF INDIAN HARBOR'S MOTION TO CONSOLIDATE RELATED CASES

    Plaintiff Indian Harbor Insurance Company ("Indian Harbor") respectfully submits this memorandum of law in support of its motion to consolidate two related cases pending in front of Judge Koeltl entitled *Indian Harbor Insurance Company v. The City of San Diego*, Case No. 12 Civ. 5787 and *Indian Harbor Insurance Company v. CSAC Excess Insurance Authority, et al.*, Case No. 13 Civ. 3246, as the matters involve nearly identical questions of law and fact.

## INTRODUCTION

Indian Harbor has filed two related declaratory relief actions: one against the City of San Diego, and another against CSAC Excess Insurance Authority ("CSAC-EIA") and Insurance Company of the State of Pennsylvania ("ICSOP"). While the two actions involve Indian Harbor's rights vis-à-vis the particular defendants, both actions involve Indian Harbor's obligations with respect to the defense and indemnity of the City of San Diego in the same three underlying matters. The two declaratory judgment actions involve the same insurance policy issued by Indian Harbor, the same three underlying claims, and the identical coverage defense -- namely that Indian Harbor has no obligations to the defendants in the two actions with respect to the defense and indemnity of the City of San Diego because of the City's late notice of the underlying matters. Because these matters involve nearly identical questions of fact and law, they should be consolidated pursuant to Rule 42(a) of the Federal Rules of Civil Procedure.

## STATEMENT OF FACTS

**I.    The Indian Harbor Policy**

The Indian Harbor insurance policy that is the subject of both the actions is pollution and remediation legal liability policy PEC002076401 issued to First Named Insured CSAC Excess Insurance Authority and its Members Agencies as Endorsed, effective July 1, 2009 to July 1, 2012 ("Indian Harbor Policy"). Endorsement #005 to the Policy lists the City as an Additional Insured. In the Section entitled, "REPORTING, DEFENSE, SETTLEMENT AND COOPERATION, The Indian Harbor Policy provides, in relevant part:

> A.    As a condition precedent to the coverage hereunder, in the event any CLAIM is made against the INSURED for LOSS or REMEDIATION EXPENSE, or any POLLUTION CONDITION is first discovered by the INSURED that results in a LOSS or REMEDIATION EXPENSE:
>
> > 1.    The INSURED shall forward to the Company or to any of its authorized agents every demand, notice, summons, order or other process received by the INSURED or the INSURED's representative as soon as practicable; and

2

      2.      The INSURED shall provide to the Company, whether orally or in writing, notice of the particulars with respect to the time, place and circumstances thereof, along with the names and addresses of the injured and of available witnesses.  In the event of oral notice, the INSURED agrees to furnish to the Company a written report as soon as practicable.

Section IX. of the Policy is entitled "CONDITIONS" and provides in relevant part as follows:

    **K.**    **Jurisdiction and Venue** -- It is agreed that in the event of the failure of the Company to pay any amount claimed to be due hereunder, the Company and the INSURED will submit to the jurisdiction of the State of New York and will comply with all the requirements necessary to give such court jurisdiction.  Nothing in this clause constitutes or should be understood to constitute a waiver of the Company's right to remove an action to the United States District Court.

    **L**.    **Choice of Law** -- All matters arising hereunder including questions related to the validity interpretation, performance and enforcement of this Policy shall be determined in accordance with the law and practice of the State of New York (notwithstanding New York's conflicts of law rules.)

## II.    The Underlying Claims

The main dispute in the two related lawsuits is whether Indian Harbor has a duty to defend and indemnify the City of San Diego (the "City") for claims made against the City related to three lawsuits: (1) *The Grande North at Santa Fe Place Homeowners Assn. v. Bosa Development California, Inc., et al.*, Case No. 37-2009-00098057, San Diego Superior Court, California ("*Grande North* lawsuit"); (2) *235 On Market Homeowners Assn. v. 235 Market LLC et al.*, Case No. 37-2011-00097434, San Diego Superior Court, California ("*235 On Market* lawsuit"); and (3) *Element Owners Assn. v. Centex Homes et al.,* Case No. 37-2009-00087185, San Diego Superior Court, California ("*Centex* lawsuit").

The *Grande North* lawsuit involves claims by The Grande North at Santa Fe Place Homeowners Association that piping throughout its 38-story condominium building has been eroded by hydrogen sulfide gas emanating from the City's 36" sewer main (the "Grande North Claim").  While the City received notice of the Grande North Claim on August 13, 2009, the

3

City did not provide notice of the claim to Indian Harbor until two years and seven months later. Accordingly, on July 27, 2012, Indian Harbor disclaimed coverage for the Grande North Claim, citing late notice of the claim.

The *235 On Market* lawsuit involves claims by the 235 On Market Homeowners Association that significant odor and corrosion problems in its building's waste and vent system are attributable to sewer gases containing hydrogen sulfide originating in the City sewer main (the "235 On Market Claim"). While the City received notice of the 235 On Market Claim on May 19, 2011, the City did not provide notice of the claim to Indian Harbor until over one year later. Accordingly, on July 27, 2012, Indian Harbor disclaimed coverage for the Grande North Claim, citing late notice of the claim.

The *Centex* lawsuit involves claims by Centex Homes, Centex Real Estate Corporation, Centex Construction Company, Inc. and Balfour Beatty Construction Company that crystallization on a condominium building's piping was caused by hydrochloric gas emanating from the City's sewer line (the "Centex Claim"). While the City received notice of the Centex Claim on March 28, 2012, the City did not provide notice of the claim to Indian Harbor until almost two months later. Accordingly, on July 27, 2012, Indian Harbor disclaimed coverage for the Grande North Claim, citing late notice of the claim.

### III. The *San Diego* Action

On July 27, 2012, Indian Harbor filed the declaratory relief action entitled *Indian Harbor Insurance Company v. The City of San Diego*, Case No. 12 CIV 5787, pending in front of Judge Koeltl (the "*San Diego* Action"). (See Declaration of Jessica A. Bohl ("Bohl Dec."), Exh. 1.) In the *San Diego* Action, Indian Harbor seeks a declaration that it has no duty to defend or indemnify the City against the Underlying Claims as a matter of New York law based on the City's failure to provide notice as soon as practicable.

In response to Indian Harbor's Complaint, the City filed a motion to dismiss for lack of jurisdiction and improper venue, which was denied by the Court on November 29, 2012. On January 4, 2013, the City counterclaimed against Indian Harbor, asserting claims for declaratory relief, breach of contract, and breach of the implied covenant of good faith and fair dealing. (See Bohl Dec., Exh. 2). The City's counterclaims are based solely on Indian Harbor's disclaimers of coverage for the Underlying Claims.

On January 10, 2013, the Court issued a Case Scheduling Order, which ordered that the parties would engage in an early summary judgment phase limited to the issue of whether Indian Harbor is entitled to a judgment of no duty to defend or indemnify, as a matter of law, solely on the grounds of late notice, without a showing of any resulting prejudice, with respect to the claims tendered by the City. This early summary judgment phase would be filed without engaging in any discovery, including initial disclosures. All other issues and activities in the case were deferred pending the outcome of the motions for summary judgment.

The briefing with respect to this early summary judgment phase has been completed. No hearing date has been scheduled, and the Court has not issued a decision.

**IV.     CSAC-EIA Memorandum of Coverage and Demand**

CSAC EIA, who is the First Named Insured on the Indian Harbor Policy, issued a "General Liability II Program Memorandum of Coverage" to the City of San Diego pursuant to memorandum no. EIA-PE 07 GL2-15, effective July 1, 2007 to July 1, 2008 ("CSAC-EIA MOC"). The CSAC-EIA MOC provides that the Member's (here, the City of San Diego's) Retained Limit is $2,000,000, with coverage afforded to the City of San Diego under a "Mega Fund Layer" of $6,000,000 and an "Excess Reinsurance Layer" of $13,000,000. Pursuant to Endorsement No. 4, the Retained Limit was amended to $5,000,000 as of October 1, 2007. The

CSAC-EIA MOC states that ICSOP provides the City of San Diego "reinsurance and excess insurance" as described in the memorandum.

At the time the *San Diego* Action was brought, CSAC-EIA had not made any demand upon Indian Harbor for coverage with respect to the Underling Claims. However, by letter dated May 3, 2013, counsel for CSAC-EIA wrote to Indian Harbor, advising that CSAC-EIA was handling the Grande North Claim pursuant to the Memorandum of Coverage. CSAC-EIA also advised that mediation in the *Grande North* lawsuit was scheduled for May 8, 2013 and demanded that Indian Harbor attend the mediation and settle the matter on the City's behalf. CSAC-EIA argued that Indian Harbor's disclaimer based on late notice was improper and that the City complied with all of the Indian Harbor Policy's terms, which Indian Harbor disputes. CSAC-EIA advised that it may seek to recoup from Indian Harbor any amounts it has paid or may pay on behalf of the City in settlement and defense costs.

**V.    The *CSAC* Action**

On May 14, 2013, Indian Harbor filed the case entitled *Indian Harbor Insurance Company v. CSAC Excess Insurance Authority, et al.*, Case No. 13 Civ 3246 in the United States District Court for the Southern District of New York ("*CSAC* Action"). (See Bohl Dec., Exh. 3.) Indian Harbor identified the *CSAC* Action as an action related to the *San Diego* Action. In compliance with Local Rule 1.6, by letter dated May 15, 2013, Indian Harbor advised Judge Koeltl of the related *CSAC* Action.

In the *CSAC* Action, Indian Harbor seeks a declaration that it has no obligations to CSAC-EIA or ICSOP with respect to the defense and indemnity of the City in the Underlying Claims because the City failed to provide Indian Harbor with notice of the Underlying Claims as soon as practicable. The *CSAC* Action was served on CSAC-EIA on May 14, 2013 and on ICSOP (via the New York Department of Financial Services) on May 15, 2013. There has been

6

no action in the *CSAC* Action, except that the case has been accepted as related to the *San Diego* Action.[1]

## LEGAL ARGUMENT

Rule 42(a) of the Federal Rules of Civil Procedure empowers a trial judge to consolidate actions when there are common questions of law or fact to avoid unnecessary costs or delay. *Johnson v. Celotex Corp.*, 889 F.2d 1281, 1284 (2d Cir. 1990). Rule 42(a) provides:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing of trial of any or all the matters in issue in the actions; it may order all actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay. Fed.R.Civ.Proc. 42(a).

Pursuant to Rule 42(a), the Court has broad discretion to determine whether consolidation is appropriate. *Johnson, supra,* 899 F.2d at 1284. Consolidation is "a valuable and important tool of judicial administration…invoked to expedite trial and eliminate unnecessary repetition and confusion." *Devlin v. Transportation Communications Intern. Union*, 175 F.3d 121, 130 (2d Cir. 1999) (internal quotations and citations omitted); *Jacobs v. Castillo*, 612 F. Supp. 2d 369, 373 (S.D.N.Y. 2009) (citations omitted).

Considerations of judicial economy generally favor consolidation, unless there is a paramount concern for a fair and impartial trial. *Johnson, supra*, 899 F.2d at 1285. In determining whether consolidation is appropriate, the court must consider whether the specific risks of prejudice and possible confusion are overborne by the risk of inconsistent adjudications

---

[1] Based on the City of San Diego's argument in the *San Diego* Action that the jurisdiction and venue clause gave only the New York state courts and not the New York federal courts jurisdiction over the City (an argument this Court rejected), Indian Harbor previously filed a lawsuit against the City in New York state court that is currently stayed. Based on the existence of the state court lawsuit against the City, Indian Harbor has also filed a lawsuit in New York state court against CSAC-EIA and ICSOP. Indian Harbor is also filing a motion to consolidate the two New York state court actions and to stay the recently filed state court case.

of common factual and legal issues, the burden on parties, witnesses, and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives. *Johnson*, *supra*, 899 F.2d at 1285 (internal quotations and citations omitted).

The *San Diego* and *CSAC* Actions share not only *common* questions of law and fact, but also nearly identical ones. With respect to the facts, both actions involve the same insurance policy (the Indian Harbor Policy), the obligations to defend and indemnify the same insured (the City), coverage for the same underlying claims (the Grande North Claim and potentially the 235 On Market and Centex Claims), and the same coverage defense (late notice). Both actions also hinge on the legal issue of whether the City's notice of the Underlying Claims was late as a matter of law. Because the factual and legal issues are so similar, consolidation will not create any possible confusion. Rather, consolidation will further judicial economy and prevent inconsistent adjudications. Accordingly, the Court should consolidate the *San Diego* and *CSAC* Actions.

## CONCLUSION

For the foregoing reasons, Indian Harbor requests the Court consolidate the *San Diego* and *CSAC* Actions pending in front of Judge Koeltl as related cases.

Dated: May 30, 2013

                **DUANE MORRIS LLP**

                Attorneys for Plaintiff Indian Harbor Insurance Company

    By:            /s/ Jessica A. Bohl

                Sheila Raftery Wiggins
                Jessica A. Bohl
                DUANE MORRIS LLP
                1540 Broadway

New York, NY 10036
Tel. (212) 692-1000
Fax. (212) 692-1020
srwiggins@duanemorris.com
jabohl@duanemorris.com

**DUANE MORRIS LLP**
Attorneys for Plaintiff Indian Harbor Insurance Company

Max H. Stern (*pro hac vice* as to Case No.12-cv-5787)
Jessica E. La Londe (*pro hac vice* as to Case No.12-cv-5787)
DUANE MORRIS LLP
One Market, Spear Tower, Suite 2000
San Francisco, CA 94105-1104
Telephone: 415.957.3000
Facsimile: 415.957.3001
mhstern@duanemorris.com
jelalonde@duanemorris.com

9