UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

| | |
|---|---|
| INDIAN HARBOR INSURANCE COMPANY, | Case No. 12 CIV 5787 (JGK) |
| | ECF Case |
| Plaintiff, | |
| | **INDIAN HARBOR INSURANCE COMPANY'S RESPONSE TO CALIFORNIA STATE ASSOCIATION OF COUNTIES EXCESS INSURANCE AUTHORITY'S STATEMENT OF UNDISPUTED MATERIAL FACTS IN OPPOSITION TO INDIAN HARBOR'S STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF INDIAN HARBOR'S MOTION FOR SUMMARY JUDGMENT** |
| -against- | |
| THE CITY OF SAN DIEGO, | |
| Defendant. | |
| | Courtroom:  12B |
| | Judge:  Hon. John G. Koeltl |
| | Complaint Filed: July 27, 2012 |
| | F.A.C. Filed:   August 14, 2012 |

-------------------------------------------------------------X

Pursuant to Rule 56.1 of the Local Civil Rules for the United States District Court for the Southern District of New York, plaintiff Indian Harbor Insurance Company ("Indian Harbor") respectfully submits the following response to California State Association of Counties Excess Insurance Authority ("CSAC")'s statement of material facts in opposition to Indian Harbor's motion for summary judgment ("Statement").

| **CSAC's Undisputed Material Facts** | **Indian Harbor's Response to CSAC's Undisputed Material Facts** |
|---|---|
| 53. The insurance policy that is the subject of this action (Pollution & Remediation Legal Liability Policy No. PEC002076401) (the "Indian Harbor | 53. Undisputed. |

| | | | |
|---|---|---|---|
| | Policy") was issued by Indian Harbor Insurance Company ("Indian Harbor"). | | |
| 54. | The Indian Harbor Policy, at page 1, identifies Indian Harbor as the "Company Providing Coverage." | 54. | Undisputed. |
| 55. | The Indian Harbor Policy, at page 4, contains the signature of Dennis Kane, and identifies Mr. Kane's signature as that of Indian Harbor's "Authorized Representative." | 55. | Undisputed. |
| 56. | Attached to the Indian Harbor Policy is an "In Witness Endorsement," which states "IN WITNESS WHEREOF, the Company has caused this policy to be executed and attested, and, if required by state law, this policy shall not be valid unless countersigned by a duly authorized representative of the Company." | 56. | Undisputed that this is a correct quotation of part of the "In Witness Endorsement" that is attached to the Indian Harbor Policy.<br>CSAC's Supporting Evidence: Stern Decl. Ex. 1 (Dkt. 52-1) at Page 19 of 83.<br>Indian Harbor's Supporting Evidence: Same. |
| 57. | The In Witness Endorsement contains the signatures of Dennis Kane and Toni Ann Perkins. It identifies Mr. Kane as the President of Indian Harbor, and Ms. Perkins as Secretary. | 57. | Undisputed. |
| 58. | At the time the Indian Harbor Policy was | 58. | Undisputed that Mr. Kane was the |

issued, Mr. Kane was the President of Indian Harbor.  Mr. Kane signed the Indian Harbor Policy as Indian Harbor's authorized representative.

President of Indian Harbor at the time the Indian Harbor Policy was issued. Disputed that Mr. Kane "signed" the Indian Harbor Policy.  As explained by Mr. McMahon, all signatures that appear on the policy were pre-existing electronic signatures stored in a computer that were automatically placed on the policy at the time of printing.

CSAC's Supporting Evidence: Hnatt Decl.. Ex. A (McMahon Tr. at 17:22-18:10; 108:6-12).  *Id.* at 110:9-20.

Indian Harbor's Supporting Evidence: Stern Dec., Ex. 1 (McMahon Dep.), at 15:16-18; 15:21-22; 20:11-12; 20:24-25; 21:20-22:3; 103:13; 107:3-107:6; 111:20-22.

OBJECTION: Indian Harbor objects to the use of the McMahon testimony at p. 110:16-20 as asked and answered.  Mr. McMahon was repeatedly asked about the signatures on the policy and no fewer than eight separate times testified that the signatures on the policy were electronic

|   |   |   |   |
|---|---|---|---|
|   |   |   | signatures; Mr. Kane did not physically sign the Indian Harbor policy, and Mr. McMahon corrects any confusion on that point in the answer and following answer. |
| 59. | At the time the Indian Harbor Policy was issued, Mr. Kane was located in New York. | 59. | Undisputed that, at the time the Indian Harbor policy was issued, Mr. Kane's office was in in New York. |
| 60. | Mr. Kane and Ms. Perkins were the only Indian Harbor individuals associated with the Indian Harbor Policy. | 60. | Disputed that Mr. Kane and Ms. Perkins were "associated" with the Indian Harbor policy.  As explained by Mr. McMahon, all signatures that appear on the policy were pre-existing electronic signatures stored in a computer that were automatically placed on the policy at the time of printing.  Undisputed that they provided the authorizing signatures for Indian Harbor. Undisputed that the individuals that were involved in the underwriting, printing, and sending of the Indian Harbor policy are not employed by Indian Harbor, but by XL Specialty Insurance Company. Indian Harbor operates on behalf of XL |

|   |   |   |   |
|---|---|---|---|
|   |   |   | Specialty Insurance Company. |
|   |   |   | CSAC's Supporting Evidence: *Id.* at 12:14-13:16. |
|   |   |   | Indian Harbor's Supporting Evidence: Stern Dec., Ex. 1 (McMahon Dep.), at 15:16-18; 15:21-22; 20:11-12; 20:24-25; 21:20-22:3; 103:13; 107:3-107:6; 111:20-22; *see also* Defendants' Statement of Facts ¶¶ 61-62. |
| 61. | Indian Harbor's representative, Mr. McMahon, testified that the underwriting and physical preparation of the Policy was performed by employees of XL Specialty Insurance Company, a company separate from Indian Harbor. | 61. | Undisputed. |
| 62. | Mr. McMahon testified that, "All of the underwriting for [the Policy] was done in Exton [Pennsylvania]. The underwriter was in Exton, the underwriting assistant, the underwriting support group that prints the policies was all based in Exton, so it was all done in Exton." | 62. | Undisputed. |
| 63. | The Indian Harbor Policy nowhere refers to "Exton," or "Pennsylvania." | 63. | Undisputed. |

5

| | | | |
|---|---|---|---|
| 64. | Nothing on the face of the Indian Harbor Policy indicates from where the Policy was issued. | 64. | Immaterial and undisputed. As set forth in Indian Harbor's Response, the state in which a policy is issued is evident from other facts, such as the cover letter that was sent with the policy. |
| | | | Undisputed that the Policy does not indicate the policy was issued from New York. |
| | | | CSAC's Supporting Evidence: *Id.* at 44:4-47:5. |
| | | | Indian Harbor's Supporting Evidence: Stern Dec., Ex. 1 (McMahon Dep.), at 73:6-8. |
| 65. | The Indian Harbor Policy was issued in New York. | 65. | Disputed. The undisputed facts demonstrate that the policy was issued in Pennsylvania. |
| | | | CSAC's Supporting Evidence: *See supra* ¶¶ 53-61, 63-64 and the record sources cited therein. |
| | | | Indian Harbor's Supporting Evidence: *See* Indian Harbor's Response and evidence in support of ¶¶ 61-62, 66-69, herein. |

| **Indian Harbor's Additional Material Facts** | **Indian Harbor's Supporting Evidence** |
|---|---|
| 66. All activities specifically related to the Indian Harbor policy (the underwriting, the assembly of the insured's information with policy forms bearing the required signatures, the printing of the assembled policy, and the sending out of the policy) occurred in Exton, Pennsylvania. | 66. Stern Dec., Ex. 1 (McMahon Dep.), at 14:21-15:2; 47:24-48:3; 48:16-49:9; 73:3-8; 92:16-93:19. |
| 67. The signatures that appear on the Indian Harbor policy were pre-existing electronic signatures stored in a computer system that were automatically placed on two forms ("Declarations" and "In Witness Endorsement") when the policy was assembled and printed in Exton, Pennsylvania. | 67. Stern Dec., Ex. 1 (McMahon Dep.), at 15:16-18; 15:21-22; 20:11-12; 20:24-25; 21:20-22:3; 103:13; 107:3-107:6; 111:20-22. |
| 68. All the individuals involved in creating this specific Indian Harbor policy were acting on behalf of Indian Harbor. | 68. Stern Dec., Ex. 1 (McMahon Dep.), at 11:19-24; 12:8-13; 97:13-98:2. |
| 69. The cover letter to the insured providing a copy of the Indian Harbor policy was on Exton, Pennsylvania letterhead. | 69. Stern Dec., Ex. 1 (McMahon Dep.), at 73:6-8. |
| 70. Toni Ann Perkins's office was located in Connecticut. | 70. Stern Dec., Ex. 1 (McMahon Dep.), at 17:2-17:6. |

Dated: August 23, 2013

**DUANE MORRIS LLP**

Attorneys for Plaintiff Indian Harbor Insurance Company

By:     /s/ Max H. Stern
    Max H. Stern

Max H. Stern (*pro hac vice*)
Jessica E. La Londe (*pro hac vice*)
DUANE MORRIS LLP
One Market, Spear Tower, Suite 2000
San Francisco, CA 94105-1104
Telephone: 415.957.3000
Facsimile: 415.957.3001
mhstern@duanemorris.com
jelalonde@duanemorris.com

**DUANE MORRIS LLP**

Attorneys for Plaintiff Indian Harbor Insurance Company

Sheila Raftery Wiggins
Jessica A. Bohl
DUANE MORRIS LLP
1540 Broadway
New York, NY 10036
Tel. (212) 692-1000
Fax. (212) 692-1020
srwiggins@duanemorrs.com
jabohl@duanemorris.com

DM1/4092880