1:12-cv-05787-JGK

13-4244-cv
*Indian Harbor Ins. v. San Diego*

**MANDATE**

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of October, two thousand fourteen.

PRESENT:   PIERRE N. LEVAL,
           DENNY CHIN,
           SUSAN L. CARNEY,
                   *Circuit Judges.*
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Oct. 24, 2014

INDIAN HARBOR INSURANCE COMPANY,
           *Plaintiff-Counter-Defendant-Appellee*,

                   v.                                             13-4244-cv

THE CITY OF SAN DIEGO,
           *Defendant-Counter-Claimant-Appellant*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLEE:          MAX H. STERN (Jessica E. La Londe, Sheila
                                 Raftery Wiggins, *on the brief*), Duane Morris
                                 LLP, San Francisco, California, and New York,
                                 New York.

**MANDATE ISSUED ON 10/24/2014**

FOR DEFENDANT-APPELLANT:    JEFFREY E. GLEN (Caroline Hurtado Ford, Finley T. Harckham, Michael J. Stoner, David P. Bender, *on the brief*), Anderson Kill, P.C., New York, New York and Ventura, California; Christine M. Leone, City Attorney's Office, San Diego, California.

Appeal from the United States District Court for the Southern District of New York (Koeltl, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-appellant The City of San Diego (the "City") appeals from a final judgment filed on October 3, 2013 granting declaratory judgment in favor of plaintiff-appellee Indian Harbor Insurance Co. ("Indian Harbor") in this lawsuit as well as in two related cases.[1]  By Opinion and Order dated September 25, 2013, the district court granted Indian Harbor's motion for summary judgment.  We assume the parties' familiarity with the facts, the procedural history, and the issues on appeal, which we briefly summarize before addressing the merits.

Indian Harbor issued a pollution and remediation legal liability insurance policy to the City in 2009 (the "Policy").  The Policy contained a New York choice of law provision[2] and required the City to notify Indian Harbor "as soon as practicable" about any liability claims relating to "pollution conditions."  Just prior to the issuance of the

---

[1]    Three related lawsuits were filed below, and the parties agreed that all three cases would be governed by the district court's decision in this case.
[2]    The parties agree that New York law applies in this case.

Policy, the New York legislature amended the New York Insurance Law effectively to bar liability insurers, on policies "issued or delivered" in New York after January 17, 2009, from denying claims by reason of late notice unless the insurer suffered prejudice thereby.  *See* N.Y. Ins. Law § 3420(a)(5).  Until this amendment, New York common law did not require the insurer to demonstrate prejudice before denying coverage based on a policy's timely notice provision.  *See Briggs Ave. LLC v. Ins. Corp. of Hannover*, 11 N.Y.3d 377, 381-82 (2008) ("[A]n insurer that does not receive timely notice in accordance with a policy provision may disclaim coverage, whether it is prejudiced by the delay or not.").

   Indian Harbor filed for a declaratory judgment that it had no duty to indemnify the City on three late-notified claims, including one where the City waited fifty-eight days to notify Indian Harbor of an insurance claim filed by Centex Homes (the "Centex claim").  Indian Harbor did not assert that it was prejudiced by the City's late notification.  The City opposed declaratory judgment, arguing that (1) Section 3420(a)(5) applied, which would require Indian Harbor to show prejudice, and (2) the three notifications were not late as a matter of law.  The district court rejected the City's arguments and granted judgment for Indian Harbor.  This appeal followed.

   On appeal, the City argues that issues of fact should have precluded summary judgment and that the district court misconstrued New York law.  Specifically, the City contends that a reasonable factfinder could conclude that the

Policy was "issued" in New York, so that the policy is governed by § 3420(a)(5). Alternatively, it argues that the amendment to § 3420 implicitly abrogated the common-law "no prejudice" rule even as to policies issued outside New York.  The City has also moved for certification to the New York Court of Appeals on the question whether New York common law has changed.  Finally, the City argues that summary judgment was not warranted as to the Centex claim.  We address each argument in turn.

We review a district court's grant of summary judgment *de novo*, drawing all inferences in favor of the nonmoving party.  *See Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003).  Certification to the New York Court of Appeals is discretionary.  *See McCarthy v. Olin Corp.*, 119 F.3d 148, 153 (2d Cir. 1997).

First, we agree with the district court that no reasonable factfinder could conclude that the Policy was "issued" in New York, under either of two accepted definitions of the term "issued" -- "prepared and signed," *Taggert v. Sec. Ins. Co. of New Haven*, 100 N.Y.S.2d 563, 564 (2d Dep't 1950), or "sen[t] out or distribute[d] officially," *Rosner v. Metro. Prop. & Liab. Ins. Co.*, 96 N.Y.2d 475, 480 (2001).  The City argues for the former definition and avers that because the president of Indian Harbor, Dennis Kane, whose signature on behalf of Indian Harbor was on the Policy, had his office in New York, the Policy should be deemed "issued" in New York.  But Kane's signature was a pre-existing electronic signature, and it was affixed to the Policy in Exton, Pennsylvania, without his being present there.  The Policy was created and mailed from the

- 4 -

Pennsylvania office and all transmittal paperwork bore the Pennsylvania office's letterhead.  The City has proffered no evidence to show that the Policy was issued, or even signed, in New York.  Accordingly, because the Policy was not "issued or delivered" in New York, by its terms § 3420(a)(5) does not apply.

Next, we reject the City's argument that the amendment to § 3420 created a new public policy, and thus changed the common-law no-prejudice rule.  If the New York legislature had intended to change the common law for all policies, it could have done so.  We have previously declined to apply § 3420 outside the geographic scope dictated by the statutory language.  In *Marino v. N.Y. Tel. Co.*, we declined to apply § 3420(d) -- a provision dealing with notification requirements for liability policies for claims arising out of "death or bodily injury" -- to a policy issued outside New York.  944 F.2d 109, 113 (2d Cir. 1991).  In so holding, we stated:  "We see no reason to expand section 3420(d) beyond its terms in the instant case. . . . [A]bsent an applicable and appropriate statute, New York common law should be applied." *Id.* at 114.  Similarly, here, we are presented with no applicable statute, and thus the common-law no-prejudice rule should apply.  Moreover, numerous cases have continued to apply the common-law no-prejudice rule after § 3420(a)(5) came into effect on January 17, 2009, where the criteria under the statute had not been met.  *See, e.g.*, *Ponok Realty Corp. v. United Nat. Specialty Ins. Co.*, 893 N.Y.S.2d 125, 127 (2d Cir. 2010); *Sevenson Envtl. Servs., Inc. v. Sirius Am. Ins. Co.*, 883 N.Y.S.2d 423, 425 (4th Dep't 2009).  In all of these cases

- 5 -

where one of the requirements of § 3420(a)(5) was not met, the court found there was no coverage based on late notice without requiring a showing of prejudice.

We also deny the City's motion to certify the question to the New York Court of Appeals.  "Certification is warranted only when applicable state law is unclear or nonexistent," *Olin Corp. v. Ins. Co. of N. Am.*, 929 F.2d 62, 64 (2d Cir. 1991), and not "where precedent is clear and application of law to fact requires no grand or novel pronouncements of New York law."  *Doyle v. Am. Home Prods. Corp.*, 583 F.3d 167, 172 (2d Cir. 2009).  Here, there is no split of authority on the issue and no court has suggested that public policy or common law principles have changed.  Certification to the New York Court of Appeals is thus unnecessary.[3]

Finally, the district court correctly held that the City's 58-day delay on the Centex claim was unreasonable as a matter of law.  "The test for determining whether the notice provision has been triggered is whether the circumstances known to the insured at that time would have suggested to a reasonable person the possibility of a claim."  *Sparacino v. Pawtucket Mut. Ins. Co.*, 50 F.3d 141, 143 (2d Cir. 1995).  Under New York law, delays of one or two months are routinely held unreasonable.  *See Am. Home Assur. Co. v. Republic Ins. Co.*, 984 F.2d 76, 78 (2d Cir.) (collecting New York cases), *cert.*

---

[3]   *Briggs Ave.* involved a policy issued before the § 3420 amendment took effect. There, the Court of Appeals could have considered the effect of the amendment on public policy, but chose not to do so.  11 N.Y.3d at 381-82 ("We have long held, and recently reaffirmed, that an insurer that does not receive timely notice in accordance with a policy provision may disclaim coverage, whether it is prejudiced by the delay or not.").

*denied*, 508 U.S. 973 (1993).  The City has adduced no evidence to demonstrate that its 58-day delay was reasonable.  First, it argues that Centex did not initially seek reimbursement specifically for a "pollution condition" and thus the duty to notify was not triggered.  But this contention is belied by the wording of the Centex claim, which asserted damage from "hydrochloric gas emissions."  (App. at 150).  Next, the City suggests that its delay was inconsequential because a California court ruled that Centex's legal claim did not accrue until after Indian Harbor knew of the insurance claim.  The purpose of these notification requirements, however, is to permit the insurance company to investigate promptly.  *See New York v. Blank*, 27 F.3d 783, 795-96 (2d Cir. 1994) ("The opportunity to conduct . . . investigation and research is the very reason for the notification requirement.").  Summary judgment was therefore appropriate as to the Centex claim.

      We have considered the City's remaining arguments and conclude they are without merit.  Accordingly, we **AFFIRM** the judgment of the district court.

      FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

- 7 -